


UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT LITIGATION                                    MDL No. 2295

# TRANSFER ORDER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in the action pending in the Northern District of Illinois move to centralize this litigation in that district. This litigation currently consists of five actions pending in four districts, as listed on Schedule A.

Common defendant Portfolio Recovery Associates, LLC (Portfolio) suggests centralization in the Southern District of California. Plaintiffs in the Northern District of Georgia and Middle District of Florida actions oppose centralization or, if the Panel deems centralization to be appropriate, suggest the Northern District of Georgia as transferee district. Plaintiffs in the Southern District of California actions suggest centralization of all but the Northern District of Georgia and Middle District of Florida actions in the Southern District of California. At oral argument, moving plaintiffs stated that they now do not oppose the choice of the Southern District of California as transferee district, and they do not oppose exclusion of the Northern District of Georgia and Middle District of Florida from centralized proceedings.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Portfolio violated the federal Telephone Consumer Protection Act by placing debt collection calls to debtors' cell phones using an automated system, without the debtors' consent. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Centralization also is consistent with our decision in *In re Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, MDL No. 2286, 2011 WL 4889250 (J.P.M.L. Oct. 11, 2011).

Plaintiffs opposing centralization argue, *inter alia*, that (1) the Northern District of Georgia and Middle District of Florida actions allege putative statewide classes that are substantially different than the classes alleged in the remaining three actions; (2) only five actions are pending and they do not involve complex common facts or discovery; and (3) these actions are in different procedural postures such that centralization will little benefit the more advanced actions. Plaintiffs make a

-2-

persuasive case against centralization but, on balance, particularly given the likely overlap in discovery and pretrial proceedings, we are convinced that centralization will promote the just and efficient conduct of this litigation. The putative classes in the Northern District of Georgia and Middle District of Florida actions are subsumed by the alleged nationwide classes in other cases. Centralization therefore will eliminate the risk of inconsistent rulings on class certification. Furthermore, though there are only five actions currently pending, as we noted in *In re Midland Credit Management*, which involved only four actions, centralization will promote efficient conduct of the litigation by preventing duplicative discovery into Portfolio's policies and practices as to its calling procedures. None of the actions appears to be so advanced that it cannot benefit from coordinated pretrial proceedings. Indeed, all actions were filed within six months of each other.

We are persuaded that the Southern District of California is the most appropriate transferee district. The two actions pending in that district were the first actions filed, they have been advancing, and a ruling in the Southern District of California *Meyer* action is currently on appeal to the Ninth Circuit. Moreover, defendant and some plaintiffs support centralization there.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable John A. Houston for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        W. Royal Furgeson, Jr.
Barbara S. Jones         Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer

IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT LITIGATION                                                          MDL No. 2295

## SCHEDULE A

Southern District of California

Danny Allen, Jr. v. Portfolio Recovery Associates, Inc., C.A. No. 3:10-02658
Jesse Meyer v. Portfolio Recovery Associates, LLC, et al., C.A. No. 3:11-01008

Middle District of Florida

Karen Harvey v. Portfolio Recovery Associates, LLC, C.A. No. 6:11-00582

Northern District of Georgia

Kimberly Bartlett v. Portfolio Recovery Associates, Inc., C.A. No. 1:11-00624

Northern District of Illinois

Jeremy Frydman, et al. v. Portfolio Recovery Associates, LLC, C.A. No. 1:11-00524