James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
jlatturner@edcombs.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

*Attorneys for Nationwide Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>Member cases:<br>  3:10-cv-02658-JAH-BGS<br>  3:11-cv-01008-JAH-BGS<br>  3:11-cv-03006-JAH-BGS<br>  3:11-cv-03007-JAH-BGS<br>  3:11-cv-03057-JAH-BGS<br><br>Hon. John A. Houston<br>Hon. Bernard G. Skomal<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR THE APPOINTMENT OF INTERIM LEADERSHIP STRUCTURE FOR PLAINTIFFS** |

Plaintiffs Jeremy Frydman, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen ("Nationwide Plaintiffs") submit this Memorandum of Law in Support of their *Ex Parte* Application for the Appointment of Interim Co-Lead Class Counsel.

The *Frydman* case was filed jointly by the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Keogh Law, Ltd. The *Meyer* case was filed jointly by the law firms of Preston Law Offices and Parisi & Havens LLP. The *Allen* case was filed by the law firm of Hyde & Swigart along with the Law Offices of Doug J. Campion. All counsel for the foregoing Nationwide Plaintiffs support this Application.

## I.   Nationwide Plaintiffs' Proposed Interim Leadership Structure

The Nationwide Plaintiffs seek to represent

> all persons with cellular telephone numbers in United States who, on or after December 23, 2006, received a call from Defendants placed by an Avaya Proactive Contact Dialer or other automatic telephone dialing system where Defendants' records do not show that they obtained such cellular telephone number from a voluntary transaction between the person and some third party that assigned or sold any debt or claim resulting from such transaction to Defendants, excluding residents of Georgia and Florida to the extent the *Bartlett* or *Harvey* Plaintiffs certify a class or subclass for such persons.

(the "National Class"). The National Class has been defined in a manner to avoid overlapping the class definitions proposed by the remaining Plaintiffs (Bartlett and Harvey). The Nationwide Plaintiffs understand that Bartlett and Harvey respectively intend to pursue class certification for the classes defined below:

> All persons within the State of Georgia who, on or after October 28, 2010, until the final disposition of this case (the "Class Period"), received a non-emergency telephone call from PRA LLC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed and wherein the cellular telephone number was obtained by PRA LLC through its skip tracing process and wherein the purported debt became defaulted at least six (6) years prior to the filing of Plaintiff's Motion for Class Certification.

> – and –

> All persons within the State of Florida who, on or after February 18, 2011, until the final disposition of this case (the "Class Period"), received a non-emergency call from PRA LLC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed and wherein the cellular telephone number was obtained by PRA

> LLC through its skip tracing process and wherein the purported debt became defaulted at least six (6) years prior to the filing of Plaintiff's Motion for Class Certification.

(collectively the "Carve-Out Classes.") The Nationwide Plaintiffs understand Bartlett and Harvey intend to file a separate Request for Suggestion for Remand under 28 U.S.C. § 1407(a) shortly, in order to prosecute the claims of the Carve-Out Classes in their home courts.

The Nationwide Plaintiffs propose the following Interim Co-Lead Class Counsel to represent the National Class:

> Ethan Mark Preston
> Preston Law Offices
> 21001 North Tatum Boulevard
> Suite 1630-430
> Phoenix, AZ 85050
>
> *Counsel representing Plaintiffs Meyer and Jury*
>
> -and-
>
> James O. Latturner
> Edelman, Combs, Latturner & Goodwin, LLC
> 120 South Lasalle Street, Suite 1800
> Chicago, Illinois 60603
>
> *Counsel representing Plaintiffs Frydman and Marin*

The Nationwide Plaintiffs propose the following firm act as *Liaison* Counsel to the Court:

> Douglas J. Campion
> Law Offices of Douglas J. Campion
> 409 Camino Del Rio South, Suite 303
> San Diego, California 92108
>
> *Counsel representing Plaintiff Allen*

**II.     Authority Supports Appointment of an Interim Leadership Structure**

The Nationwide Plaintiffs' Application reflects the best practice for (1) protecting the putative class's interests; and (2) promoting the efficient organization of plaintiffs' counsel (and, ultimately, the resolution of litigation). Rule 23 expressly provides for the designation of "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

> Paragraph (2)(A) [now re-numbered as Rule 23(g)(3)] authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. Rule 23(c)(1)(B) directs that the order certifying the class include appointment of class counsel. Before class

> certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, **there may be . . . uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.**

Fed. R. Civ. P. 26(g)(2)(A) advisory committee notes on 2003 amendments (emphasis added).

The Manual for Complex Litigation (4th ed. 2004) ("MCL") also advises appointment of interim counsel prior to class certification where there are numerous overlapping class suits:

> *Whether to appoint interim class counsel during the period before class certification is decided.* If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, **such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.**

MCL § 21.12 (italicized emphasis in original, bolded emphasis added). Defendant has asserted that the Plaintiffs' individual discovery efforts impair the efficient conduct of litigation. (See Dkt. No. 3 at 2.) The Nationwide Plaintiffs respectfully submit that the designation of an interim leadership structure will promote the orderly progress of this litigation in an efficient and coordinated fashion and will address Defendant's concerns about disorganized and duplicate discovery. Nationwide Plaintiffs assert that the appointment of a leadership structure for class counsel at the February 10, 2012 case management conference will (a) promote the quickest resolution of this consolidated litigation and (b) result in the most efficient use of the time and resources of both the parties and the Court.

In addition, the proposed interim leadership for the National Class described above are (1) willing and able to commit to a time-consuming process; (2) able to work cooperatively among themselves and with others; (3) have extensive professional experience in this type of litigation; and (4) have access to sufficient resources to advance the litigation in a timely manner.

### A. Willingness and Ability to Commit to Time-Consuming Process

The proposed interim class counsel are committed to expending all resources necessary to

achieve the best possible results for Plaintiffs and absent class member, have adopted a high standard that guides its prosecutorial efforts, and are committed to producing only the highest quality work product. The declarations attached hereto reflect the proposed interim class counsel's extensive experience in prosecuting consumer class actions under Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and other laws. (See Latturner Decl.; Preston Decl.; Campion Decl.)

As the MCL suggests, Interim Co-Lead Class Counsel will shoulder the responsibility for the day-to-day conduct of the litigation and for executing the Court's orders concerning the consolidation and coordination of Plaintiffs' activities. The MCL describes the responsibilities of the lead counsel as:

> [F]ormulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

MCL § 21.221. Interim Co-Lead Class Counsel will also monitor the time and expenses of the plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication. *Liaison* counsel has an independent set of responsibilities, including:

> [Managing] communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. [*Liaison*] counsel may act for the group in managing document depositories and in resolving scheduling conflicts. *Liaison* counsel will usually have offices in the same locality as the court.

*Id*. Counsel for Frydman, Marin, Meyer, Jury and Allen have already discussed these commitments and are prepared, willing and able to handle these responsibilities.

**B.    Ability to Work Cooperatively With Others**

The instant Application and the underlying coordination and agreement between the Nationwide Plaintiffs and their counsel indicate that the proposed Interim Co-Lead Class Counsel and *Liaison* Counsel have the ability to cooperatively work with each other and others

in pursuing the present MDL litigation.

While the motion to transfer was pending before the Judicial Panel for Multidistrict Litigation, Interim Co-Lead Counsel: (1) circulated a common interest/joint prosecution agreement among all Plaintiffs; (2) initiated a series of conferences with the different counsel representing the various consolidated Plaintiffs to reach a consensus on the leadership organization for this litigation, as well as to coordinate positions and (to the greatest extent possible) to centralize and allocate responsibilities amongst the respective Plaintiffs.

The Edelman firm is currently acting as co-lead counsel, under a similar interim co-lead counsel structure as the one proposed here in *In re Wal-Mart ATM Fee*, MDL Docket No. 2:11-md-02234-JPM, and has petitioned for co-lead counsel with the Campion firm in *In re Midland Credit Management, Inc., TCPA Litigation*, No. 3:11-md-02286-MMA-MDD. Further, the Edelman firm has in the recent past cooperated with other counsel in litigating multi-state class actions against other debt collector defendants and was successful in bringing those cases to a global and amicable settlement. In *Miller v. Midland Credit Management*, No. 08 C 870 (N.D. Ill.), the Edelman firm was able to work with plaintiff's counsel in Connecticut and Michigan to resolve four independent class actions involving almost 500,000 class members in three different states, even though it did not have the benefit of MDL consolidated in that case. *Id*.

Likewise, Mr. Preston was previously appointed co-lead counsel in *Lofton v. Bank of Am. Corp.*, No. 07-05892 (N.D. Cal. Nov. 5, 2008), and is now acting as co-lead counsel with Parisi & Havens, LLP in *Wang v. Asset Acceptance, LLC*, No. 09-4797 (N.D. Cal. Nov. 17, 2011). (*See* Preston Decl.)

C. **Professional Experience in This Type of Litigation**

As set forth in the attached Firm Resumes and Declarations, the proposed firms comprising the Nationwide Class's leadership structure have a wealth of experience in prosecuting complex consumer class actions. Both proposed Interim Lead Counsel have engaged in extensive discovery with Defendant and have received and reviewed thousands of documents from the Defendant in response to discovery requests. **In particular, the Preston law firm *has already obtained class certification under Rule 23(b)(2) in support of a preliminary injunction***

1 *which prohibits Defendant from further violations of the TCPA*. (*See Meyer v. Portfolio Recovery Associates, LLC*, No. 11-1008 (S.D. Cal. Sept. 14, 2011) (Dkt. No. 62).) As previously explained, Mr. Preston previously acted as co-lead counsel in *Lofton v. Bank of Am. Corp.,* No. 07-05892 (N.D. Cal. Nov. 5, 2008), and is now co-lead counsel in *Wang v. Asset Acceptance, LLC*, No. 09-4797 (N.D. Cal. Nov. 17, 2011).

Conversely, the Edelman firm has acted as class counsel in many other large TCPA class actions. *See Soppet, et al. v. Enhanced Recovery Co.*, 2011 U.S. Dist. LEXIS 92888 (N.D. Ill. 2011); *Frydman v. Portfolio Recovery Associates, LLC*, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill. 2011); *Vance v. Bureau of Collection Recovery, LLC*, 2011 U.S. Dist. LEXIS 24908 (N.D. Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. 2011). Additionally, the Edelman firm is currently acting as co-lead counsel, under a similar interim co-lead counsel structure as the one proposed here, in *In re Wal-Mart ATM Fee*, MDL No. 2:11-md-02234-JPM and has recently petitioned for co-lead counsel with the Campion firm in *In re Midland Credit Management, Inc., TCPA Litigation*, No. 3:11-md-02286-MMA-MDD, which was recently consolidated through the JPML. Moreover, each firm in the proposed interim leadership structure is actively litigating numerous other class actions across the country.

**D.     Access to Sufficient Resources to Advance the Litigation in a Timely Manner**

The proposed interim leadership structure not only incorporates the experience detailed above, but also includes the resources of the other firms participating in the constituent actions consolidated by the JPML. The *Frydman* case was filed jointly by the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Keogh Law, Ltd. The *Meyer* case was filed jointly by the law firms of Preston Law Offices and Parisi & Havens LLP. The *Allen* case was filed by the law firms of Hyde & Swiggart along with the Law Offices of Doug J. Campion. Although these groups agreed to support the interim leadership structure above in order to promote efficient and organized litigation, all of the foregoing firms fully intend to cooperate and pool their resources to ensure the successful prosecution of the consolidated action.

**IV.     Conclusion**

Plaintiffs Jeremy Frydman, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen

Memorandum Supporting Application to Appoint        7                        No. 11-md-02295-JAH-BGS
Lead Counsel

respectfully move the Court for an order appointing Jeremy Frydman's counsel, James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC, and Meyer's counsel, Ethan Mark Preston of Preston Law Offices as interim co-lead counsel and Allen's Counsel, Doug Campion as *liaison* counsel.

Dated: January 27, 2012    By:    s/ Douglas J. Campion
                                  Douglas J. Campion (75381)
                                  LAW OFFICES OF DOUGLAS J. CAMPION
                                  409 Camino Del Rio South, Suite 303
                                  San Diego, California 92108
                                  (619) 299-2091 (telephone)
                                  (619) 858-0034 (facsimile)
                                  doug@djcampion.com

                                  Abbas Kazerounian (249203)
                                  KAZEROUNIAN LAW GROUP
                                  2700 North Main Street, Suite 1000
                                  Santa Ana, California 92866
                                  (800) 400-6808 (telephone)
                                  (800) 520-5523 (facsimile)
                                  ak@kazlg.com

                                  Joshua Swigart (225557)
                                  HYDE & SWIGART
                                  411 Camino Del Rio South, Suite 301
                                  San Diego, California 92108
                                  (619) 233-7770 (telephone)
                                  (619) 297-1022 (facsimile)
                                  josh@westcoastlitigation.com


                                  Email:_____


                                  *Attorneys for Plaintiff Danny Allen, Jr., on his own behalf, and behalf of all others similarly situated*

Dated: January 27, 2012    By:    s/ James O. Latturner
                                  Daniel A Edelman
                                  Cathleen M. Combs
                                  James O. Latturner
                                  Cassandra P. Miller
                                  EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
                                  120 South LaSalle Street, 18th Floor
                                  Chicago, Illinois 60603
                                  (312) 739-4200 (telephone)
                                  (312) 419-0379 (facsimile)
                                  dedelman@edcombs.com
                                  ccombs@edcombs.com

jlatturner@edcombs.com  
cmiller@edcombs.com  

Keith James Keogh  
Ainat Natalie Margalit  
Craig M. Shapiro  
Keogh Law, Ltd.  
101 North Wacker Drive, Suite 605  
Chicago, Illinois 60606  
(312) 726-1092 (telephone)  
(312) 726-1093 (facsimile)  
Keith@Keoghlaw.com  
ainat.margalit@gmail.com  
cshapiro@keoghlaw.com  

Timothy J. Sostrin  
Legal Helpers, P.C.  
233 South Wacker Drive, Suite 5150  
Chicago, Illinois 60606  
(312) 753-7576 (telephone)  
(312) 822-1064 (facsimile)  
tjs@legalhelpers.com  

*Attorneys for Plaintiffs Jeremy Frydman and Sam Marin, on their own behalf, and behalf of all others similarly situated*

Dated: January 27, 2012        By:   s/ David C. Parisi  
                                     David C. Parisi (162248)  
                                     Suzanne Havens Beckman (188814)  
                                     PARISI & HAVENS LLP  
                                     15233 Valleyheart Drive  
                                     Sherman Oaks, California 91403  
                                     (818) 990-1299 (telephone)  
                                     (818) 501-7852 (facsimile)  
                                     dcparisi@parisihavens.com  
                                     shavens@parisihavens.com  

                                     Ethan Preston (263295)  
                                     PRESTON LAW OFFICES  
                                     21001 North Tatum Blvd., Suite 1630-430  
                                     Phoenix, Arizona 85050  
                                     (480) 269-9540 (telephone)  
                                     (866) 509-1197 (facsimile)  
                                     ep@eplaw.us  

*Attorneys for Plaintiffs Jesse Meyer and Fred Jury, on their own behalf, and behalf of all others similarly situated*