UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11md2295 JAH(BGS)<br><br>Member cases:<br>   10cv2658 JAH(BGS)<br>   11cv1008 JAH(BGS)<br>   11cv3006 JAH(BGS)<br>   11cv3007 JAH(BGS)<br>   11cv3057 JAH(BGS)<br>   12cv0574 JAH(BGS)<br><br>THIS DOCUMENT RELATES TO:<br>   12cv0574 JAH(BGS)<br><br>**ORDER DENYING THE SUAREZ PLAINTIFFS' MOTION FOR SUGGESTION OF REMAND** |

## INTRODUCTION

Currently pending before this Court is the motion for a suggestion of remand filed by plaintiffs Christine Suarez and Carlos Suarez ("the Suarez plaintiffs"). The motion has been fully briefed. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES the Suarez plaintiffs' motion for a suggestion of remand.

//

//

//

**BACKGROUND**

The instant case was transferred to this Court on December 21, 2011 from the Judicial Panel on Multidistrict Litigation ("the MDL Panel"). The case consists of five consolidated putative class actions and one "tag-along" action, each seeking relief from defendant Portfolio Recovery Associates, LLC ("defendant" or "PRA") based on allegations that defendant violated the Telephone Consumer Protection Act ("TCPA") by calling cellular telephone numbers with an automatic telephone dialing system ("ATDS") without prior express consent.

On April 12, 2012, the Suarez plaintiffs filed their motion for a suggestion of remand of their individual putative class action complaint originally filed in the Middle District of Florida. Defendant filed an opposition to the motion on May 11, 2012. The Suarez plaintiffs filed their reply brief on May 18, 2012.

**DISCUSSION**

**1.    Legal Standard**

The power to remand a case to the transferor court lies solely with the MDL Panel. 28 U.S.C. § 1407(a); In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001); *see also* In re Roberts, 178 F.3d 181, 183 (3d Cir.1999). In determining whether to issue a suggestion for remand to the MDL Panel, this Court is guided by the standards for remand employed by the MDL Panel. Bridgestone/Firestone, 128 F.Supp.2d at 1997. Where, as here, pretrial proceedings have not been concluded, the question of whether remand is appropriate is left to the court's discretion and generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. In re Patenaude, 210 F.3d 135, 145 (3d Cir.2000); In re Air Crash Disaster, 461 F.Supp. 671, 672–73 (Jud.Pan.Mult.Lit.1978). The MDL Panel has discretion to remand, for example, when everything that remains to be done is case-specific. Patenaude, 210 F.3d at 145.

//

//

2. **Analysis**

The Suarez plaintiffs contend their case does not benefit from being included in these coordinated proceedings and claim the only things remaining to be done in their case is case-specific. Doc. # 22 at 3. The Suarez plaintiffs point out that "[d]efendant's own call logs indicate calls made with an [ATDS] ... [and] that [defendant] obtained [p]laintiff's cellular telephone number through contacts [d]efendant initiated with [p]laintiff's mother." Id. at 4. Thus, according to the Suarez plaintiff, no issues of material fact regarding defendant's liability remain to be resolved in this case such that it is now ripe for a "case-specific" summary judgment motion. Id.

Defendant, in opposition, contend there are "overarching questions [that] must be answered in all actions, including Suarez, such as: whether [defendant] used an 'automatic dialing system' to call the plaintiffs; whether any such calls were made to cellular telephone number without prior consent; whether any purported violations of the TCPA were willful and knowing; and whether recovery for the plaintiffs under the TCPA would violate [defendant's] constitutional rights." Doc. # 24 at 5. Defendant disputes plaintiffs' suggestion that further discovery and trial in their case would be limited to case specific issues, noting plaintiffs admit the corporate deposition has not yet taken place. Id. Defendant claims plaintiffs' argument that defendant's call logs are sufficient evidence to prove the use of an ATDS is "nonsensical," pointing out the Suarez plaintiffs' "referenced, but unattached, purported discovery does not establish or even address the technology used by PRA to make telephone calls, let alone establish or address the question of whether PRA ever used a dialer with the requisite capacity as defined in the TCPA." Id. at 5-6 (citing 47 USC § 227(a)(1); In re Aqua Dots Prods. Liab. Litig., 2011 U.S. Dist. LEXIS 84834 *7-8 (N.D. Ill. Aug. 2, 2011)(rejecting plaintiffs' argument in support of a suggestion of remand that"common core-liability discovery is .... complete," noting that plaintiffs "largely ignore" their own claims involving issues relevant to all member cases)). Defendant contends that, here, the Suarez plaintiffs ignore their own asserted TCPA claim which requires satisfying the burden of proving, among other things, PRA's utilization of

an ATDS as defined by the TCPA.  Id.

In addition, defendant points out the MDL Panel, as well as this Court, "found that consolidation was warranted and necessary even though summary judgment had been briefed" when the issue was presented by plaintiff Bartlett in her objections to transfer and subsequent motion seeking a suggestion of remand.  Id. at 6.  Defendant claims the Suarez plaintiffs will benefit from further coordinated proceedings as part of the MDL, including the avoidance of duplicative discovery, conservation of judicial and party resources, and prevention of inconsistent rulings.  Id.

Defendant also points out that the Suarez plaintiffs had the opportunity to oppose the MDL Panel's conditional transfer order and did not do so, essentially acquiescing to the MDL Panel's determination that the Suarez case shares common facts with the transfer cases and that transfer of the Suarez case "would serve 'the convenience of the parties and witnesses' and promote 'the just and efficient conduct of the actions.'" Id. at 7 (quoting MDL Doc. # 40).  Defendant maintains there is no reason to abandon that determination, noting such requests are generally denied.  Id. (citing In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig., 2010 U.S. Dist. LEXIS *4 (N.D. Ill. Apr. 6, 2010)(finding the plaintiff acquiesced to the MDL Panel's determination regarding common facts because the plaintiff did not challenge the Panel's initial determination despite having the opportunity to do so and found no reason to abandon that judgment)).

The Suarez plaintiffs, in reply, contend they have demonstrated good cause to remand because there is no evidence in the record to contradict the fact that the telephone number at issue in their case was a number assigned to a cellular telephone service owned by the Suarez plaintiffs and defendant placed calls to that number using an ATDS or prerecorded voice.  Doc. # 26 at 3.  The Suarez plaintiffs claim the issue of whether defendant placed such calls with prior express consent is still unproven and is wholly dependent on facts common only to the Suarez case.  Id.  The Suarez plaintiffs contend defendant is incorrect in stating the Suarez plaintiffs' claim is dependent upon proving an ATDS was implemented.  Id.  Even if the case were dependent upon the use of an ATDS,

1  the Suarez plaintiffs contend the evidence in the record answers the question affirmatively,
2  pointing to defendant's registration of its ATDS with the State of Texas Public Utility
3  Commission (Exhibit B).  Id. at 4.

4        This Court is not persuaded by the Suarez plaintiffs' arguments.  This Court is
5  unconvinced that the evidence presented by the Suarez plaintiffs conclusively demonstrate
6  defendant used an ATDS, as defined by the TCPA, when it called the Suarez plaintiffs.
7  This Court agrees with defendant that all of the cases transferred to this Court by the
8  MDL Panel have common questions of fact that have yet to be answered and finds there
9  is more to be resolved in the Suarez case than only case-specific issues.   Thus, this Court
10 finds the Suarez plaintiffs' case will benefit from further coordinated proceedings,
11 including the corporate deposition the Suarez plaintiffs admit they have yet to take, and
12 further finds the inclusion of the Suarez case in these coordinated proceedings will
13 preserve judicial and party resources and avoid the chance of inconsistent rulings.
14 Therefore, this Court sees no reason to disturb the MDL Panel's initial determination that
15 this case is appropriate for transfer to these coordinated proceedings and, accordingly,
16 DENIES the Suarez plaintiffs' motion for a suggestion of remand.

## CONCLUSION AND ORDER

18    Based on the foregoing, IT IS HEREBY ORDERED that the Suarez plaintiffs'
19 request for a suggestion of remand or, in the alternative, for designation as a subclass
20 [doc. # 22] is **DENIED in its entirety.**

22 DATED:     May 24, 2012

23
24                         JOHN A. HOUSTON
                        United States District Judge