I hereby attest and certify on Jun 08, 2012 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ K. Johnson
Deputy

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
JUN -8 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT LITIGATION
    Kenneth McCormick, et al. v. Portfolio Recovery )
        Associates, LLC, M.D. Tennessee, )   MDL No. 2295
        C.A. No. 3:11-01097 )

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order conditionally transferring this action (*McCormick*) to MDL No. 2295. Defendant Portfolio Recovery Associates, LLC (Portfolio), opposes the motion.

The actions encompassing MDL No. 2295 involve allegations that Portfolio violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to debtors' cellular telephones using an automated system, without the debtors' consent. *See In re Portfolio Recovery Assoc., LLC, Tel. Consumer Prot. Act. Litig.*, MDL No. 2295, 2011 U.S. Dist. LEXIS 147847 (J.P.M.L. Dec. 21, 2011). Plaintiffs argue that their action is not appropriate for inclusion in MDL No. 2295 because it differs from the actions involved in the MDL in that it (1) involves individual claims for damages, rather than class claims; (2) brings claims for violation of the Fair Debt Collection Practices Act; and (3) specifically alleges revocation of consent, rather than an absence of consent given to Portfolio.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2295, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the actions involved in MDL No. 2295, the *McCormick* action involves allegations that defendant Portfolio called plaintiffs' cellular telephone without their permission using an automatic dialing system in violation of the TCPA. The Panel has long held that the presence of unique claims is not a bar to transfer. *See In re Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010). Moreover, there are actions pending in MDL No. 2295 that involve revocation of consent, as well as the absence of consent. It is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core. *Id.* Moreover, there is already at least one action in MDL No. 2295 that does not allege class claims. If the transferee judge determines after close scrutiny that remand of any claims is

---

    [*] Judge Kathryn H. Vratil took no part in the decision of this matter.

-2-

appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rule 10.1.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable John A. Houston for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.         Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer