James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
jlatturner@edcombs.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>This document relates to:<br>  3:11-cv-03006-JAH-BGS<br>  3:11-cv-03007-JAH-BGS<br><br>Hon. John A. Houston<br>Hon. Bernard G. Skomal |
| | **CONSOLIDATED COMPLAINT** |

Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen ("Nationwide Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

### Introduction

1.     Defendants' business is the collection of accounts receivables from consumers. Defendants use a predictive dialer to make telephone calls to cellular telephone numbers, often

without the prior express consent of the persons using those cellular telephone numbers. This practice violates the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA"). Plaintiffs assert a class claim under the TCPA, as well as a claim for attorneys' fees under California Code of Civil Procedure section 1021.5.

**Parties**

2.     Plaintiff Jeremy Frydman ("Frydman") is a natural person who resided in the Northern District of Illinois at the time his action was filed.

3.     Plaintiff John Howard ("Howard") is a natural person who resided in the Northern District of Illinois at the time his action was filed.

4.     Plaintiff Sam Marin ("Marin") is a natural person who resided in the Northern District of Illinois at the time his action was filed.

5.     Plaintiff Jesse Meyer ("Meyer") is a natural person who resided in the Southern District of California at the time his action was filed.

6.     Plaintiff Frederick L. Jury ("Jury") is a natural person who resided in the Northern District of California at the time this action was filed.

7.     Plaintiff Danny Allen ("Allen") is a natural person who resided in the Southern District of California at the time this action was filed.

8.     Defendant Portfolio Recovery Associates, LLC ("PRA" or "PRA LLC") is a Delaware limited liability company which maintains its offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. PRA is a debt collector.

9.     Defendant Portfolio Recovery Associates, Inc. ("PRAA" or "PRA Inc.") is a Delaware corporation which maintains its offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA Inc. is a publicly-traded company, and PRA LLC is PRA Inc.'s subsidiary.

10.     Plaintiffs allege fictitiously named Defendants John Does 2 to 100 under California Code of Civil Procedure section 474. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 2 through 100, inclusive, and therefore, sues such

Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs allege that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff. Doe Defendants may include the officers, directors, members, managers, partners, owners, and/or shareholders of PRA and its affiliates.

11.    Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

12.    All Defendants, including Does 2 through 100, are collectively referred to as "Defendants."

13.    Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

### Jurisdiction and Venue

14.    For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

15.    This Court has personal jurisdiction over the Defendant under California Code of Civil Procedure section 410.10 because many of the acts alleged herein were committed and injury was incurred in San Diego County.

16.    Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) and because the action was assigned here by the Judicial Panel on Multidistrict Litigation.

17.    All allegations in this complaint are based on information and belief and/or the

documents and information currently available and in the hands of Plaintiffs' attorneys, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

**Allegations Common to All Defendants' Calls**

18.     Below, Plaintiffs allege Defendants or their agents made certain telephone calls to Plaintiffs' cellular telephone numbers. Each of these telephone calls violated 47 U.S.C. § 227(b)(1).

19.     **Cellular Telephone Numbers:** Defendants made each of the calls alleged below to one of Plaintiffs' cellular telephones. Plaintiffs' cellular telephone numbers were assigned to a cellular telephone service. Plaintiffs have sustained actual injury and lost property from Defendants' actions, because Defendants have wasted and unlawfully appropriated Plaintiffs' cellular phone airtime through unauthorized telephone calls. Plaintiffs' actual injuries also include emotional distress from Defendants' invasion of their privacy.

20.     **Defendants' Calls Were Made With a Predictive Dialer:** On information and belief, Defendants placed each and every call alleged below using Avaya Proactive Contact Dialers and/or another predictive dialer ("Predictive Dialers"). The Predictive Dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiffs' cellular telephone numbers at issue when Defendants made the calls alleged below. Rather, the Predictive Dialer electronically dialed Plaintiffs' cellular telephones in an automated fashion. The Predictive Dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

21.     None of the telephone calls alleged below constituted calls that for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22.     Defendants frequently use skip-tracing services to locate telephone numbers used by consumers whom PRA wishes to call. These skip-tracing services include Accurint, LexisNexis Risk Solutions FL Inc., or PRA Location Services, LLC. Defendants do not obtain

1  such numbers from the original creditor. When Defendants obtain such numbers from a skip-

2  tracing service, they do not obtain prior express consent to call those numbers.

3  **Allegations Related to Jeremy Frydman**

4           23.     During December 2010 and January 2011, Frydman received a series of

5  automated telephone calls from Defendants to his cell phone. Defendants made at least the

6  following calls to Plaintiff Frydman:

7                           a.       December 8, 2010 at 1:56pm

8                           b.       December 14, 2010 at 8:46am

9                           c.       December 23, 2010 at 4:15pm

10                          d.       December 29, 2010 at 8:39am

11                          e.       December 29, 2010 at 12:10pm

12                          f.       January 3, 2011 at 7:22pm

13                          g.       January 5, 2011 at 4:20pm

14                          h.       January 7, 2011 at 10:08am

15                          i.       January 7, 2011 at 8:37am

16                          j.       January 9, 2011 at 6:27pm

17                          k.       January 10, 2011 at 1:22pm

18                          l.       January 12, 2011 at 11:16am

19                          m.       January 12, 2011 at 6:54pm

20                          n.       January 13, 2011 at 2:34pm

21                          o.       January 14, 2011 at 3:58pm

22                          p.       January 16, 2011 at 3:30pm

23                          q.       January 17, 2011 at 1:22pm

24                          r.       January 17, 2011 at 2:23pm

25                          s.       January 18, 2011 at 10:36am

26                          t.       January 19, 2011 at 2:03pm

27          24.     Defendants called Frydman's cellular telephone number without prior express

28  consent. Defendants have been attempting to collect an alleged consumer debt from Frydman,

who did not authorize the automated placement of calls to his cell phone. Frydman did not furnish his cell phone number to defendant or the putative creditor. Plaintiff Frydman did not obtain his current cell phone number until after the alleged debt was charged off. Defendants obtained plaintiff Frydman's cell phone number via skip-tracing.

**Allegations Related to John Howard**

25.     Beginning in 2010, Plaintiff Howard received a series of automated telephone calls from defendant on his cell phone. Defendants made over 20 calls to Plaintiff Howard's cell phone.

26.     Defendants called Howard's cellular telephone number without prior express consent. Defendants have been attempting to collect an alleged consumer debt from Howard's wife. Howard did not authorize the automated placement of calls to his cell phone. Howard did not furnish his cell phone number to Defendants or the alleged creditor.

**Allegations Related to Sam Marin**

27.     Marin was a co-debtor with his ex-wife on a car loan prior to their divorce. No joint debts were included in their divorce decree.

28.     Upon information and belief, the car loan was closed in good standing or charged off between 1995 and 1998, as Marin's ex-wife maintained the payments and eventually took possession of the vehicle.

29.     Marin obtained his current cell phone number in 1998, after the car loan was signed. Marin thus did not furnish or give consent to receive calls regarding this debt from the Defendants. PRA obtained plaintiff's cell phone number via skip-tracing.

30.     Between October 2010 and December 19, 2010, Defendants made more than 20 calls were placed to the Marin's cellular telephone at a rate of approximately twice per day. Defendants also called Marin's cellular telephone on or around December 19, 2010, on or around December 28, 2010, and on or around January 25, 2010.

31.     At the start of the January 25, 2010 call, there was a pause with no sound from Defendants' end of the line, which indicates Defendants used a predictive dialer to make the call.

32.     Defendants called Marin's cellular telephone number without prior express

consent. Marin advised Defendants during one or more of these calls that Defendants had called his cellular telephone, and that no consent was given to contact him via that number or via any other telephonic method in the future. Marin never provided Defendants with authorization to call his cellular telephone number.

**Allegations Related to Jesse Meyer**

33.   Meyer's individual allegations arise from Defendants' attempts to collect an alleged account balance which PRA purchased from the Computer Learning Center. PRA has repeatedly called Meyer to dun him for this debt until Meyer filed his lawsuit.

*34.*   Defendants called Meyer's cell phone on or about September 1, 2010, November 4, 2010, December 14, 2010, and January 4, 2011. During the November 4 call, Meyer asked the representative how PRA obtained his number, and the representative said only that PRA "had ways of getting numbers." Meyer indicated that PRA was calling a cellular telephone number, instructed PRA not to call him again, and terminated the call.

35.   During the December 14 call, Meyer stated that he had an attorney, that PRA should not call him again, and then terminated the call.

36.   During the January 4, 2011 call, Meyer again stated that he had an attorney and that PRA was calling Meyer's cellular telephone.

37.   Defendants called Meyer's cellular telephone number without prior express consent. Meyer last took classes from the Computer Learning Center in or about 1998 or 1999. Meyer did not obtain a cellular telephone until in or about 2003. Meyer never provided his cellular telephone number to the Computer Learning Center or to PRA, and did not consent (either expressly or impliedly) to their using or calling his cellular telephone number. On information and belief, Defendants obtained Meyer's cellular telephone number via skip-tracing.

**Allegations Related to Frederick L. Jury**

38.   Defendants have called Jury to dun him for a consumer debt. Defendants called Jury's cellular telephone several times between approximately March 2009 and March 2010. Defendants have sought to collect an alleged HSBC Bank account balance from Jury. Jury's cellular telephone number is assigned to Verizon Wireless, which is a cellular telephone service.

39.     At various times during these calls, Jury told Defendants not to call him. Jury never indicated to Defendants that he consented to calls to his cellular telephone. Jury never provided his cellular telephone number to HSBC Bank or to PRA, and did not consent (either expressly or impliedly) to their using or calling his cellular telephone number. Defendants called Jury's cellular telephone number without prior express consent.

**Allegations Related to Danny Allen**

40.     Beginning on October 11, 2010 Defendants began calling Allen's cellular telephone. Defendants' calls were placed using a predicative dialer.

41.     Defendants called Jury's cellular telephone number without prior express consent. Allen applied for consumer credit from Capital One Bank (USA); in early 2012, Allen fell on hard times and defaulted on one or more accounts. However, Allen never provided Capital One Bank (USA) or Defendants with his cellular telephone number or gave Capital One Bank (USA) or Defendants prior express consent to call Allen on his cellular telephone. On information and belief, Defendants obtained Allen's cellular telephone number via skip-tracing.

42.     In response to these illegal telephone calls, Allen sent a written demand to Defendants to cease and desist any and all communications with him (including, but not limited to, dialing Allen's cellular telephone by automated dialer). Defendants received this correspondence on or about November 15, 2010. Despite this correspondence, Defendants then called Allen's cellular telephone again on November 16, 2010.

**The Telephone Consumer Protection Act**

43.     Congress enacted the Telephone Consumer Protection Act in 1991. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service…

47 U.S.C. § 27(b)(1)(A).

44.     The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may…bring…an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both…If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

### Class Certification Allegations

45.     Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons residing in the United States; (b) who received one or more telephone calls from an Avaya Proactive Contact Dialer (or other predictive dialer) operated by Defendants; (c) on or after December 23, 2006; (d) to such person's cellular telephone number; where (e) Defendants fail to produce records (or other evidence) that such person provided such cellular telephone number to Defendants or the original creditor (including, for example, where the number was obtained through skip tracing or captured by the Defendants' equipment from an inbound call) (the "Class"). Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiffs reserve the right to revise the definition of the Class based on facts learned during discovery. Plaintiffs are members of the Class.

46.     **Class Numerosity:** The Class is so numerous that joinder of all members is impractical. Plaintiffs allege that there are more than 40 members of the Class.

47.     **Class Commonality:** Common questions of fact and law exist as to all members of the Classes and predominate over the questions affecting only individual members of the Classes. The predominant common questions include:

> a.     Whether Defendants' telephone system constituted an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1);

b.   The manner in which Defendants obtained the Class members' cellular telephone phone numbers.

c.   Whether there is evidence Defendants had prior express consent to call class members.

d.   Whether Defendants' calls violated the TCPA.

48.   **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs are not different in any relevant way from any other Class members, and the relief sought is common to the Class.

49.   **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the other Class members: their interests do not conflict with their interests. Plaintiffs have retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

50.   **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

51.   **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as wholes. The policies of the Defendants challenged herein apply and

affect Class members uniformly, and Plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiffs.

52.    **Injunctive Relief is Appropriate:** Based on information and belief, Defendants continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiffs and the Class members for which they have no adequate remedy at law.

**FIRST CAUSE OF ACTION:**
**Violation of TCPA by Plaintiffs Individually**
**and on Behalf of the Class against PRA LLC**

53.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiffs assert this claim on behalf of themselves and the Class Members.

54.    PRA LLC makes outgoing calls to consumers and others in the regular course of its business. PRA LLC called the Plaintiffs and Class members' cellular telephone numbers.

55.    PRA LLC placed calls to the Plaintiffs and Class members using Predictive Dialers. The Predictive Dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendants called at the time the call was made. Rather, the Predictive Dialers electronically dialed the Class members' cellular telephones in an automated fashion. The Predictive Dialers are capable of storing, producing, and dialing any telephone number, and is capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The Predictive Dialers otherwise constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

56.    PRA LLC does not and did not obtain legally effective prior express consent to call the Class members' cellular telephone numbers. PRA LLC frequently uses skip-tracing services to identify Class members' cellular telephone numbers. PRA LLC also obtained Class members' cellular telephone numbers through incoming calls. When PRA LLC obtains Class members' cellular telephone numbers in this manner, it does not have legally effective prior express consent to call those numbers.

57.    PRA LLC violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to

Plaintiffs and the other members of the Class (1) that were automatically dialed by PRA LLC's telephone system; (2) made to a cellular telephone number; (3) which number PRA LLC obtained from a skip-tracing service, and not as the result of the Class member's transaction with a creditor or alleged creditor.

58.     Plaintiffs, on their own behalf, and behalf of the other Class members, seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against PRA LLC. Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**SECOND CAUSE OF ACTION:**
**Violation of TCPA by Plaintiffs Individually**
**and on Behalf of the Class against PRA Inc.**

59.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiffs assert this claim on behalf of themselves and the Class Members.

60.     PRA Inc. is directly involved in the TCPA violations above. In its Form 10-K securities filings, PRA Inc. states that it develops Defendants' collection strategies, closely monitors collection efforts, and assembles the relevant technology involved in the calls alleged above:

> We have devoted significant effort to developing our systems, including statistical models, databases and reporting packages, to optimize our portfolio purchases and collection efforts. . . . We employ a staff of Quality Control and Compliance employees whose role it is to monitor calls and observe collection system entries. We monitor and research daily exception reports that track significant account status movements and account changes. To enhance this process, we employ sophisticated call and work action recording systems which allow us to better monitor compliance and quality of our customer contacts. . . . We have developed financial models and systems for pricing portfolio acquisitions, managing the collections process and monitoring operating results. We perform a static pool analysis monthly on each of our portfolios, inputting actual results back into our acquisition models, to enhance their accuracy. We monitor collection results continuously, seeking to identify and resolve negative trends immediately. . . . This combination of hardware, software and proprietary modeling and systems has been developed by our management team through years of experience in this industry and we believe provides us with an important competitive advantage from the acquisition process all the way through collection operations.

Portfolio Recovery Associates, Inc. Form 10-K, *available at*
http://edgar.sec.gov/Archives/edgar/data/1185348/000119312512085257/d259924d10k.htm
(February 28, 2012). PRA Inc.'s direct involvement in the TCPA violations alleged above is
sufficient to render it liable.

61.     In addition, ordinary principles of vicarious liability apply to TCPA claims. Under
these principles, PRA Inc. is also liable for the TCPA violations alleged above.

62.     PRA Inc.'s employees and agents had direct, personal participation in the TCPA
violations alleged above. In addition or in the alternative, PRA Inc.'s employees and agents
personally authorized the TCPA violations alleged above. These employees and agents are
personally liable under the TCPA for such conduct.

63.     As a legal person, PRA Inc. can only act through its employees and agents.
Hence, PRA Inc. is liable for those acts of its agents or employees in the scope of their authority
or employment. PRA Inc.'s employees and agents personally participated and/or authorized the
TCPA violations alleged above in the scope of their authority or employment.

64.     Further, PRA Inc. is liable for the TCPA violations alleged above because it and
its officers and directors ratified those TCPA violations. In its Form 10-K securities filings for at
least years 2009, 2010, and 2011, PRA Inc. stated that PRA LLC "use[d] automated predictive
dialers to place calls to consumers" in the course of "collecting accounts," and acknowledged
that the TCPA "place[d] certain restrictions on telemarketers and users of automated dialing
equipment who place telephone calls to consumers." Despite publicly acknowledging the fact
that PRA LLC's collection methods implicated the TCPA in its securities filings, PRA Inc. made
no effort to change those efforts.

65.     Ratification happens when the principal knowingly accepts an agent's actions
after the fact. By disclosing to PRA Inc.'s shareholders that PRA LLC's use of predictive dialers
was at risk of violating the TCPA over many years through its Form 10-K securities filings, and
by failing to take any action to change the conduct that gave rise to such violations, PRA Inc. and
its officers and directors ratified PRA LLC's conduct. PRA Inc. is liable for the TCPA violations
which it ratified.

66.     Plaintiffs, on their own behalf, and behalf of the other Class members, seek statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against PRA Inc. Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiffs pray that the Court enter judgment and orders in their favor and against Portfolio Recovery Associates, LLC and Portfolio Recovery Associates, Inc. as follows:

a.     An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent the Class;

b.     Judgment against Defendants, and in favor of Plaintiffs and the other Class members in the amount of $1,500 per violation of the TCPA as proven at trial;

c.     Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d.     An order granting costs and attorneys' fees; and

e.     Such other and further relief as this Court may deem appropriate.

Dated: June 22, 2012          By:  /s/ James O. Latturner
                                     James O. Latturner
                                     EDELMAN, COMBS, LATTURNER &
                                     GOODWIN, LLC
                                     120 South LaSalle Street, 18th Floor
                                     Chicago, Illinois 60603
                                     (312) 739-4200 (telephone)
                                     (312) 419-0379 (facsimile)
                                     dedelman@edcombs.com
                                     ccombs@edcombs.com
                                     jlatturner@edcombs.com
                                     cmiller@edcombs.com
                                     *Interim Co-Lead Counsel*

                                     Ethan Preston (263295)
                                     PRESTON LAW OFFICES
                                     21001 North Tatum Blvd., Suite 1630-430
                                     Phoenix, Arizona 85050
                                     (480) 269-9540 (telephone)
                                     (866) 509-1197 (facsimile)
                                     ep@eplaw.us
                                     *Interim Co-Lead Counsel*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com
*Interim Liaison Counsel*

1

**JURY TRIAL DEMAND**

2
Plaintiff hereby demands a trial by jury of all issues so triable.

3

4

Dated: June 22, 2012            By:   /s/ James O. Latturner

5
James O. Latturner
EDELMAN, COMBS, LATTURNER &
6
GOODWIN, LLC
120 South LaSalle Street, 18th Floor
7
Chicago, Illinois 60603
(312) 739-4200 (telephone)
8
(312) 419-0379 (facsimile)
dedelman@edcombs.com
9
ccombs@edcombs.com
jlatturner@edcombs.com
10
cmiller@edcombs.com
*Interim Co-Lead Counsel*
11

Ethan Preston (263295)
12
PRESTON LAW OFFICES
21001 North Tatum Blvd., Suite 1630-430
13
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
14
(866) 509-1197 (facsimile)
ep@eplaw.us
15
*Interim Co-Lead Counsel*

16
Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
17
409 Camino Del Rio South, Suite 303
San Diego, California 92108
18
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
19
doug@djcampion.com
*Interim Liaison Counsel*
20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to 28 U.S.C. § 1746, I hereby certify that I served the foregoing document and this Certificate of Service upon the parties listed below by causing the foregoing document to be transmitted to the Electronic Filing System in the manner prescribed by the Court's Administrative Policies and Procedures Manual on the date below:

| | |
|---|---|
| Christopher William Madel<br>Barry M. Landy<br>Denise S. Rahne<br>Jennifer M. Robbins<br>Nicole S Frank<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, Minnesota 55402-2015<br>(612) 349-8500 (telephone)<br>(612) 339-4181 (facsimile)<br>cwmadel@rkmc.com<br>bmlandy@rkmc.com<br>dsrahne@rkmc.com<br>jmrobbins@rkmc.com<br>nsfrank@rkmc.com | Henry A. Turner<br>Turner Law Offices, LLC<br>403 W Ponce de Leon Avenue, Suite 207<br>Decatur, Georgia 30030<br>(404) 261-7787 (telephone)<br>(404) 377-1053 (facsimile)<br>hturner@tloffices.com<br><br>Samuel M. Hill<br>The Law Offices of Sam Hill, LLC<br>265 Riverchase Parkway East, Suite 202<br>Hoover, Alabama 35244<br>205-250-7776 (telephone)<br>sam@samhilllawofcs.com<br><br>*Attorneys for Plaintiff Kimberly Bartlett, on her own behalf, and behalf of all others similarly situated* |
| Julia Veronica Lee<br>Robins Miller Kaplan & Ciresi LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, California 90067<br>(310) 552-0130 (telephone)<br>(310) 229-5800 (facsimile)<br>jvlee@rkmc.com | Henry A. Turner<br>Turner Law Offices, LLC<br>403 W Ponce de Leon Avenue, Suite 207<br>Decatur, Georgia 30030<br>(404) 261-7787 (telephone)<br>(404) 377-1053 (facsimile)<br>hturner@tloffices.com |
| Lawrence A. Farese<br>Robins Kaplan, Miller & Ciresi, LLP<br>711 5th Ave S, Suite 201<br>Naples, Florida 34102<br>(239) 213-1973 (telephone)<br>(239) 213-1970 (facsimile)<br>lafarese@rkmc.com | Mauricio Arcadier<br>Arcadier & Associates, PA,<br>2815 West New Haven Avenue, Suite 304<br>West Melbourne, Florida 32904<br>(321) 953-5998 (telephone)<br>(321) 953-6075 (facsimile)<br>office@wamalaw.com |
| Lisa Lorraine Heller<br>Robins Kaplan Miller & Ciresi LLP<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 2200<br>Atlanta, GA 30309-3453<br>(404) 760-4300 (telephone)<br>(404) 233-1267 (facsimile)<br>llheller@rkmc.com | *Attorneys for Plaintiff Karen Harvey, on her own behalf, and behalf of all others similarly situated*<br><br>Ethan Preston (263295)<br>PRESTON LAW OFFICES<br>21001 North Tatum Blvd., Suite 1630-430<br>Phoenix, Arizona 85050<br>(480) 269-9540 (telephone) |

Barbara Fernandez
David Palmer Hartnett
Hinshaw & Culbertson LLP
9155 S Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
305-358-7747
Fax: 305-577-1063
bfernandez@hinshawlaw.com

Nathan L. Horton
Portfolio Recovery Associates, LLC
P O Box 41113
Nashville, TN 37204
(888) 772-7326 x. 18396
Fax: (757) 518-0860
nhorton@portfoliorecovery.com

*Attorneys for Defendant Portfolio
Recovery
Associates, LLC*

Alexander S. Vesselinovitch
Emily J Prentice
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200 (telephone)
avesselinovitch@kattenlaw.com
emily.prentice@kattenlaw.com

Robert E. Sickles
Hinshaw & Culbertson, LLP
100 South Ashley Drive, Suite 500
Tampa, Florida 33602
(813) 868-8838 (telephone)
(813) 276-1956 (facsimile)
rsickles@hinshawlaw.com

*Attorneys for Defendant Portfolio
Recovery
Associates, LLC*

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J.
CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

Abbas Kazerounian
Kazerounian Law Group
2700 North Main Street, Suite 1000

(866) 509-1197 (facsimile)
ep@eplaw.us

David C. Parisi
Suzanne Havens Beckman
Azita Moradmand
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dparisi@parisihavens.com
amoradmand@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff Jesse Meyer, on his
own behalf, and behalf of all others
similarly situated*

Daniel A Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
cmiller@edcombs.com

Keith James Keogh
Craig M. Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
(312) 726-1092 (telephone)
(312) 726-1093 (facsimile)
Keith@Keoghlaw.com
cshapiro@keoghlaw.com
tsostrin@keoghlaw.com

*Attorneys for Plaintiffs Jeremy Frydman and Sam
Marin, on their own behalf, and behalf of all others
similarly situated*

Paul K. Guibao
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
(602) 445-9819
pguibao@attorneysforconsumers.com

| | |
|---|---|
| 1 | Santa Ana, California 92866 |
| | (800) 400-6808 (telephone) |
| 2 | (800) 520-5523 (facsimile) |
| | ak@kazlg.com |

*Attorney for Plaintiffs Kenneth McCormick and Janet McCormick*

3  Joshua Swigart
   Hyde & Swigart
4  411 Camino Del Rio South, Suite 301
   San Diego, California 92108
5  (619) 233-7770 (telephone)
   (619) 297-1022 (facsimile)
6  josh@westcoastlitigation.com

7  *Attorneys for Plaintiff Danny Allen,*
   *Jr., on his*
8  *own behalf, and behalf of all others*
   *similarly situated*

9

10  Scott David Owens
    664 E. Hallandale Beach Blvd.
11  Hallandale, FL 33009
    954-589-0588
12  Fax: 954-337-0666
    scott@scottdowens.com

13

14  *Attorney for Plaintiffs Christine*
    *Suarez and Carlos Suarez*

15

16  Dated: June 22, 2012          By:  /s/ Douglas J. Campion
                                       Douglas J. Campion (75381)
17                                     LAW OFFICES OF DOUGLAS J. CAMPION
                                       409 Camino Del Rio South, Suite 303
18                                     San Diego, California 92108
                                       (619) 299-2091 (telephone)
19                                     (619) 858-0034 (facsimile)
                                       doug@djcampion.com
20                                     *Interim Liaison Counsel*

21

22

23

24

25

26

27

28

---