James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
jlatturner@edcombs.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>Member cases:<br>    All member cases<br><br>Hon. John A. Houston<br>Hon. Bernard G. Skomal<br><br>**NATIONWIDE PLAINTIFFS' NOTICE OF MOTION FOR LEAVE TO AMEND**<br><br>Date:        November 26, 2012<br>Time:        2:30 p.m.<br>Location:   Courtroom 12, Second Floor<br>                Edward J. Schwartz Courthouse<br>                940 Front Street<br>                San Diego, California 92101-8900 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN that Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen ("Nationwide Plaintiffs" or "Plaintiffs") will move the Court for leave to file the attached first amended complaint against Defendants Portfolio Recovery Associates, LLC ("PRA LLC") and Portfolio Recovery Associates, Inc. ("PRA Inc.") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 15 on November 26, 2012 at 2:30 p.m., or as soon thereafter as counsel may be heard by the above-designated Court, located at Courtroom 12, Edward J. Schwartz Courthouse, 940 Front Street, San Diego, California 92101-8900, before the Honorable John A. Houston.

## MOTION FOR LEAVE TO AMEND

This Motion is based on this Notice of Motion and Motion, the Memorandum Supporting Leave to Amend, the authorities cited therein, oral argument of counsel, the proposed first amended complaint, and any other matter that may be submitted at the hearing.

Dated: October 9, 2012              By:    s/ James O. Latturner

James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
cmiller@edcombs.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

*Co-Lead Counsel and Liaison Counsel for Plaintiffs*

1   James O. Latturner
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
2   120 South LaSalle Street, 18th Floor
    Chicago, Illinois 60603
3   (312) 739-4200 (telephone)
    (312) 419-0379 (facsimile)
4   jlatturner@edcombs.com

5   Ethan Preston (263295)
    PRESTON LAW OFFICES
6   8245 North 85th Way
    Scottsdale, Arizona 85258
7   (480) 269-9540 (telephone)
    (866) 509-1197 (facsimile)
8   ep@eplaw.us

9   Douglas J. Campion (75381)
    LAW OFFICES OF DOUGLAS J. CAMPION
10  409 Camino Del Rio South, Suite 303
    San Diego, California 92108
11  (619) 299-2091 (telephone)
    (619) 858-0034 (facsimile)
12  doug@djcampion.com

13  *Attorneys for Plaintiffs*

14              **IN THE UNITED STATES DISTRICT COURT FOR**

15              **THE SOUTHERN DISTRICT OF CALIFORNIA**

16  IN RE PORTFOLIO RECOVERY              No. 11-md-02295-JAH-BGS
    ASSOCIATES, LLC, TELEPHONE
17  CONSUMER PROTECTION ACT              Member cases:
    LITIGATION                               All member cases
18
                                          Hon. John A. Houston
19                                        Hon. Bernard G. Skomal

20                                        **NATIONWIDE PLAINTIFFS'**
                                          **MEMORANDUM SUPPORTING LEAVE**
21                                        **TO AMEND**

22                                        Date:      November 5, 2012
                                          Time:      2:30 p.m.
23                                        Location:  Courtroom 12, Second Floor
                                                     Edward J. Schwartz Courthouse
24                                                   940 Front Street
                                                     San Diego, California 92101-8900
25

26

27

28

**MEMORANDUM SUPPORTING LEAVE TO AMEND**

Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen ("Nationwide Plaintiffs" or "Plaintiffs") hereby submits their memorandum in support of their Motion for Leave to Amend their complaint against Defendants Portfolio Recovery Associates, LLC ("PRA LLC") and Portfolio Recovery Associates, Inc. ("PRA Inc.") (collectively, "Defendants").

**I.    Under Rule 15, Plaintiffs Should Be Granted Leave to File Second Amended Consolidated Complaint**

Rule 15 provides for amending complaints and other pleading by leave of court after a party's time to amend by right has passed. Leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation, punctuation omitted). Rule 15(a)'s policy of "extreme liberality" should be applied here. Leave to amend should be granted, subject to the following factors: "'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217, 1232 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

> Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. . . . A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is "not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

*Eminence Capital*, 316 F.3d at 1052 (quoting *Foman*, 371 U.S. at 182) (emphasis in original). Denial of leave requires "a contemporaneous specific finding of" one or more of these *Foman* factors. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The Court cannot dismiss Plaintiffs' existing claims with prejudice prior to ruling on this motion to amend. "To deny any amending of the complaint places too high a premium on artful pleading and would be contrary to the provisions and purpose of [Rule 15.]" *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402

(9th Cir. 1990) (abuse of discretion to dismiss complaint while motion to amend was pending, where "neither party has addressed the merits or futility of the amended complaint"). *See also Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991) ("when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred"; citation, punctuation omitted).

### A.    There Is No Prejudice to Defendants

The party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). There is no reason to believe Defendants will be unduly prejudiced by an amended complaint, particularly where PRA Inc. has explicitly deferred its jurisdictional arguments for summary judgment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (no evidence of prejudice where amendment occurred when case was "still at the discovery stage with no trial date pending" or pretrial conference scheduled).

### B.    There Is No Undue Delay

Nationwide Plaintiffs have exercised diligence in proposing the amended complaint and there has not been any undue delay. The consolidated cases were transferred to the Court in December 2011, the Court ordered that Nationwide Plaintiffs' counsel draft the consolidated complaint on May 25, Nationwide Plaintiffs filed their consolidated complaint on June 22, and Defendants filed their motion to dismiss on July 20. Since then, the parties have been engaged in motion practice over jurisdictional discovery as to PRA Inc. Defendants withdrew their jurisdictional arguments on September 22. In *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industries of Souther California*, 648 F.2d 1252 (9th Cir. 1981), the Ninth Circuit indicated that intervals of two years and even five years between the amendment and initiation of the case did not constitute "undue delay" for amendment under Rule 15(a). *See id.* at 1254-55. Further, "undue delay by itself is insufficient to justify denying a motion to amend." *Owens*, 244 F.3d at 712-13 (quoting *Bowles*, 198 F.3d at 758, punctuation omitted).

### C. There Is No Repeated Failure to Cure Deficiencies by Amendment Previously Granted

The proposed first amended complaint does not reflect any "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Nationwide Plaintiffs are explicitly amending their complaint to expand factual allegations that PRA Inc. has liability for the alleged TCPA violations on a variety of grounds, in order to respond to and rebut some of the arguments made in Defendants' motion to dismiss.

### D. The Proposed Amendments Are Not Futile

The only *Foman* factor that requires further argument is futility. The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)), rev'd on other grounds 681 F.3d 1041 (9th Cir. 2012). *See also Pershing Pac. W., LLC v. Ferretti Group, USA, Inc.*, No. 10-1345, 2012 WL 1185940, *2 (S.D. Cal. Apr. 9, 2012) ("test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted," citing Baker v. Pacific Far East Lines, Inc., 451 F. Supp. 84, 89 (N.D. Cal. 1978)); *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006) ("Futility of proposed amendments is evaluated under the Federal Rule of Civil Procedure 12(b)(6) standard"). By withdrawing PRA Inc.'s arguments that the Court had no personal jurisdiction, Defendants have tacitly (if not explicitly) acknowledged that PRA Inc. is a proper defendant.

Plaintiffs proposed amended complaint adequately alleges PRA Inc.'s involvement under a variety of applicable standards. In particular, Plaintiffs allege that Stern (PRA Inc.'s Chief Operating Officer, Owned Portfolios) actively exercises day-to-day control over PRA LLC's call centers and computerized dialers which Defendants use to violate the TCPA. (Proposed FACC ¶¶62, 64, 65.) The proposed complaint specifically alleges:

> Stern attends weekly status meetings regarding the operation of PRA LLC's call centers and specifically PRA LLC's dialers with PRA LLC employees. Stern has direct personal participation in and personally authorizes decisions regarding over the day-to-day management and operation of the dialers, staffing at PRA LLC's call centers, and reassigning employment responsibilities between different PRA LLC employees, which

decisions are implemented by PRA LLC.

(Id.) Likewise, Plaintiffs allege that Stern "regularly review[s]account notes and records of communications PRA [LLC] has with debtors" as part of his "responsibilities at PRA [Inc.]" and that therefore "PRA Inc. is directly involved in managing PRA LLC's debt collection activities." (*Id*. ¶63.)

As a corporation, the only liability PRA Inc. faces is vicarious liability. "[C]orporate entities can only act through their human agents." *Oklahoma City v. Tuttle*, 471 U.S. 808, 835 (1985). Hence, corporate entities can only liable vicariously. *See id*. (corporations can only be liable is if they are made "responsible for at least some of the conduct of their agents").

> [A] corporation can act only through its agents and employees. [N]o reasonable distinction can be made between the guilt of the employee in a managerial capacity acting within the scope of his employment and the guilt of the corporation.

*Protectus Alpha Nav. Co., Ltd. v. N. Pac. Grain Growers, Inc.*, 767 F.2d 1379, 1386 (9th Cir. 1985). *See also United States ex rel. Rosales v. San Francisco Housing Authority*, 173 F. Supp. 2d 987, 1003 (N.D. Cal. 2001) (as corporate entities can only act through their agents, when "an agent acts in the name of the entity . . . the fraudulent intent of the agent is indistinguishable from the intent of the entity"; citations omitted).

Stern is liable for PRA LLC's TCPA violations if he was directly and personally involved in PRA LLC's TCPA violations. *J2 Global Commc'ns, Inc. v. Blue Jay Inc.*, No. 08-4254, 2009 WL 4572726, *6 (N.D. Cal. Dec. 1, 2009) (TCPA liability if corporate officer had "direct, personal participation in or personally authorized the conduct found to have violated the statute," quoting *Texas v. Am. BlastFax, Inc.*, 164 F. Supp. 2d 892, 896-99 (W.D. Tex. 2000)). *See also Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011) (corporate officer which directly participates in or authorizes corporation's TCPA violation can be held personally liable); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 417 (D. Md. 2011) (if corporate owner, officer, and employees directly participated in or authorized TCPA violations, they may be personally liable). Conversely, if Stern is liable under the TCPA by directly participating in PRA LLC's conduct, then PRA Inc. can be held liable too:

> If acts taken by a corporate officer subjects the officer to personal liability (i.e.,

the corporate officer authorized, directed or participated in tortious conduct) . . . such acts are [also] acts of the corporation . . .

*J2 Global Commc'ns, Inc. v. Blue Jay Inc.*, No. 08-4254, 2009 WL 29905, *6 (N.D. Cal. Jan. 5, 2009). Certainly, PRA Inc. "can be held liable even if it did not physically send the messages at issue." *Hickey v. Voxernet LLC*, No. 12-373, 2012 WL 3682978, *2 (W.D. Wash. Aug. 13, 2012) (quoting *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1257 (S.D. Cal. 2012)). The TCPA incorporates "the traditional standards of vicarious liability . . . including the alter ego and agency doctrines." *Thomas v. Taco Bell Corp.*, No. 09-01097, 2012 WL 3047351, *4 (C.D. Cal. June 25, 2012) (quoting *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (when Congress creates a tort action, "it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules")). *See also In re Jiffy Lube*, 847 F. Supp. 2d at 1257-58 (recognizing vicarious liability under TCPA, quoting *Meyer*); *Kazemi v. Payless Shoesource Inc.*, No. 09-5142, 2010 WL 963225, *3 (N.D. Cal. Mar. 16, 2010) (refusing to dismiss defendants where it was "not clear" whether TCPA violations were committed on their behalf); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1170 (N.D.Cal. 2010) ("courts have held both advertisers and advertisement broadcasters subject to liability under the TCPA," citing cases).

Plaintiffs also allege circumstances sufficient to pierce PRA LLC's corporate veil. "PRA LLC is woefully undercapitalized in relation to the significant liability associated with Plaintiffs' claims for statutory damages." (Proposed FACC ¶66.) Notably, PRA LLC's exposure to the class claims exceeds $300 million. (*Id.*) Plaintiffs allege that "PRA LLC's net worth is far below $300 million." (*Id.*) Finally, Plaintiffs allege that "PRA Inc. purposefully keeps PRA LLC undercapitalized." (*Id.*)  "[U]ndercapitalization alone will justify piercing the corporate veil." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1544 (9th Cir. 1988) (citing *Minton v. Cavaney*, 56 Cal. 2d 576 (1961)).

Plaintiffs also allege that PRA Inc. has ratified PRA LLC's TCPA violations by knowingly accepting the conduct giving rise to those violations. (Proposed FACC ¶¶67-68.) "Ratification is demonstrated through knowing acceptance after the fact by the principal of an agent's actions." *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1247 (N.D. Cal.

1 | 2004). PRA Inc.'s security filings showed that PRA Inc. knew for many years that "PRA LLC's

2 | use of predictive dialers was at risk of violating the TCPA," but that PRA Inc. "fail[ed] to take

3 | any action to change the conduct that gave rise to such violations." (Proposed FACC ¶68.)

**III.    Conclusion**

The Court should grant Plaintiffs leave to file the attached first amended consolidated complaint.

Dated: October 9, 2012                    By:    s/ James O. Latturner

James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
cmiller@edcombs.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

*Co-Lead Counsel and Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that I served the foregoing document and this Certificate of Service upon the parties listed below by causing the foregoing document to be transmitted to the Electronic Filing System in the manner prescribed by the Court's Administrative Policies and Procedures Manual on the date below:

| | |
|---|---|
| Christopher William Madel<br>Barry M. Landy<br>Denise S. Rahne<br>Jennifer M. Robbins<br>Nicole S Frank<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, Minnesota 55402-2015<br>(612) 349-8500 (telephone)<br>(612) 339-4181 (facsimile)<br>cwmadel@rkmc.com<br>bmlandy@rkmc.com<br>dsrahne@rkmc.com<br>jmrobbins@rkmc.com<br>nsfrank@rkmc.com | Henry A. Turner<br>Turner Law Offices, LLC<br>403 W Ponce de Leon Avenue, Suite 207<br>Decatur, Georgia 30030<br>(404) 261-7787 (telephone)<br>(404) 377-1053 (facsimile)<br>hturner@tloffices.com<br><br>Samuel M. Hill<br>The Law Offices of Sam Hill, LLC<br>265 Riverchase Parkway East, Suite 202<br>Hoover, Alabama 35244<br>205-250-7776 (telephone)<br>sam@samhilllawofcs.com<br><br>*Attorneys for Plaintiff Kimberly Bartlett, on her own behalf, and behalf of all others similarly situated* |
| Julia Veronica Lee<br>Robins Miller Kaplan & Ciresi LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, California 90067<br>(310) 552-0130 (telephone)<br>(310) 229-5800 (facsimile)<br>jvlee@rkmc.com | Henry A. Turner<br>Turner Law Offices, LLC<br>403 W Ponce de Leon Avenue, Suite 207<br>Decatur, Georgia 30030<br>(404) 261-7787 (telephone)<br>(404) 377-1053 (facsimile)<br>hturner@tloffices.com |
| Lawrence A. Farese<br>Robins, Kaplan, Miller & Ciresi, LLP<br>711 5th Ave S, Suite 201<br>Naples, Florida 34102<br>(239) 213-1973 (telephone)<br>(239) 213-1970 (facsimile)<br>lafarese@rkmc.com | Mauricio Arcadier<br>Arcadier & Associates, PA,<br>2815 West New Haven Avenue, Suite 304<br>West Melbourne, Florida 32904<br>(321) 953-5998 (telephone)<br>(321) 953-6075 (facsimile)<br>office@wamalaw.com |
| Lisa Lorraine Heller<br>Robins Kaplan Miller & Ciresi LLP<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 2200<br>Atlanta, GA 30309-3453<br>(404) 760-4300 (telephone)<br>(404) 233-1267 (facsimile)<br>llheller@rkmc.com | *Attorneys for Plaintiff Karen Harvey, on her own behalf, and behalf of all others similarly situated*<br><br>Ethan Preston (263295)<br>PRESTON LAW OFFICES<br>8245 North 85th Way<br>Scottsdale, Arizona 85258<br>(480) 269-9540 (telephone) |

---

Barbara Fernandez
David Palmer Hartnett
Hinshaw & Culbertson LLP
9155 S Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
305-358-7747
Fax: 305-577-1063
bfernandez@hinshawlaw.com

Nathan L. Horton
Portfolio Recovery Associates, LLC
P O Box 41113
Nashville, TN 37204
(888) 772-7326 x. 18396
Fax: (757) 518-0860
nhorton@portfoliorecovery.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

Alexander S. Vesselinovitch
Emily J Prentice
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200 (telephone)
avesselinovitch@kattenlaw.com
emily.prentice@kattenlaw.com

Robert E. Sickles
Hinshaw & Culbertson, LLP
100 South Ashley Drive, Suite 500
Tampa, Florida 33602
(813) 868-8838 (telephone)
(813) 276-1956 (facsimile)
rsickles@hinshawlaw.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

Douglas J. Campion (75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
(619) 299-2091 (telephone)
(619) 858-0034 (facsimile)
doug@djcampion.com

Abbas Kazerounian
Kazerounian Law Group
2700 North Main Street, Suite 1000

(866) 509-1197 (facsimile)
ep@eplaw.us

David C. Parisi
Suzanne Havens Beckman
Azita Moradmand
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dparisi@parisihavens.com
amoradmand@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff Jesse Meyer, on his own behalf, and behalf of all others similarly situated*

Daniel A Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
cmiller@edcombs.com

Keith James Keogh
Craig M. Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
(312) 726-1092 (telephone)
(312) 726-1093 (facsimile)
Keith@Keoghlaw.com
cshapiro@keoghlaw.com
tsostrin@keoghlaw.com

*Attorneys for Plaintiffs Jeremy Frydman and Sam Marin, on their own behalf, and behalf of all others similarly situated*

Paul K. Guibao
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
(602) 445-9819
pguibao@attorneysforconsumers.com

Santa Ana, California 92866
(800) 400-6808 (telephone)
(800) 520-5523 (facsimile)
ak@kazlg.com

Joshua Swigart
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, California 92108
(619) 233-7770 (telephone)
(619) 297-1022 (facsimile)
josh@westcoastlitigation.com

*Attorneys for Plaintiff Danny Allen,*
*Jr., on his own behalf, and behalf of*
*all others similarly situated*

*Attorney for Plaintiffs Kenneth McCormick and Janet*
*McCormick*

Scott David Owens
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

*Attorney for Plaintiffs Christine Suarez and Carlos*
*Suarez*

Dated: October 9, 2012          By: ___s/ James O. Latturner_____

James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200 (telephone)
(312) 419-0379 (facsimile)
dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
cmiller@edcombs.com