UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Civil No. | 11-md-2295-JAH (BGS)<br>**ORDER DENYING EX-PARTE MOTION FOR STANDING TO PARTICIPATE IN SETTLEMENT CONFERENCE** |
|---|---|---|

Currently before the Court is Plaintiffs Kimberly Bartlett and Karen Harvey's (collectively "Bartlett and Harvey Plaintiffs") ex-parte motion ("Ex-Parte Motion") requesting permission for their counsel, Henry Turner, to appear and actively participate (Ex-Parte Motion, at p. 6) in the May 8, 2013 Settlement Conference ("Settlement Conference") between Interim Co-Lead Class Counsel, liaison counsel, and Defendants. The Bartlett and Harvey Plaintiffs make this request because they believe the Interim Co-Lead Class Counsel are in breach of their fiduciary duties to the entire prospective class. (Ex-Parte Motion, at p. 5.) After careful consideration of the Ex-Parte Motion, all responses filed thereto, and for the reasons set forth below, the Court DENIES Plaintiffs Bartlett and Harvey's motion.

///
///

### Introduction

On March 26, 2013, the Court scheduled a Settlement Conference to take place May 8, 2013, between Interim Co-Lead Class Counsel, Plaintiffs' liaison counsel, Defendants' counsel, and Defendants' party representative(s). (Doc. No. 84.) Other counsel were not expected to appear. (*Id.*) On April 5, 2013, Henry Turner, counsel for Plaintiffs Kimberly Bartlett, Case No. 11-cv-3007-JAH (BGS), and Karen Harvey, Case No. 11-cv-03006-JAH (BGS), filed an ex-parte motion requesting permission to appear at the Settlement Conference. (Doc. No. 87.) On April 9, 2013, Defendants filed a statement of non-opposition to the Ex-Parte Motion with the caveat, however, that Defendants would not agree to any settlement that does not constitute a global resolution. (Doc. No. 89.) On April 11, 2013, Plaintiffs Jeremy Frydman, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen ("Nationwide Plaintiffs"), represented by Interim Co-Lead Class Counsel, submitted an amended response to the Ex-Parte Motion in which the Nationwide Plaintiffs did not object to Mr. Turner's presence at the Settlement Conference, but objected to Mr. Turner's active participation at the conference. (Doc. No. 91.)

### The Bartlett and Harvey Plaintiffs Are Adequately Represented

The Ex-Parte Motion does not establish that Interim Co-Lead Class Counsel will inadequately represent the Bartlett and Harvey Plaintiffs at the Settlement Conference, and therefore Bartlett and Harvey Plaintiffs' counsel's presence at the Settlement Conference is not necessary. Class counsel have a duty to fairly and adequately represent the interests of the entire class. Fed. R. Civ. P. 23(g)(4). If Interim Co-Lead Class Counsel could not negotiate on behalf of the Bartlett and Harvey Plaintiffs, then they would violate their duty. The majority of the Ex-Parte Motion, however, does not address Interim Co-Lead Class Counsel's ability to fairly and adequately negotiate a nationwide settlement. Instead, the Ex-Parte Motion presents objections to the definition of the nationwide class and Interim Co-Lead Class Counsel's decision to not designate certain subclasses at this time, which are arguments Judge Houston has already deemed premature. (Doc. No. 18.) Mr. Turner's objections to the class definition in the First Amended Complaint are relevant to class

1  certification and do not demonstrate that Interim Co-Lead Class Counsel will be unable to
2  negotiate a settlement that includes the Bartlett and Harvey Plaintiffs.  The Ex-Parte Motion
3  has not identified a separate interest held by the Bartlett and Harvey Plaintiffs that is not
4  shared by the Nationwide Plaintiffs, and therefore there is no need for additional counsel to
5  attend the Settlement Conference.

6  Further, the Bartlett and Harvey Plaintiffs' counsel's request to participate and attend
7  the Settlement Conference is directly adverse to the purpose behind the appointment of
8  interim class counsel under Fed. R. Civ. P. 23(g)(3).  The Interim Co-Lead Class Counsel
9  were appointed after an application to the court (Doc. No. 6), discussion at the case
10 management conference attended by counsel for the Bartlett and Harvey Plaintiffs (Doc. No.
11 8), and approval by Judge Houston (Doc. No. 17).  The Bartlett and Harvey Plaintiffs did not
12 file an opposition to Interim Co-Lead Class Counsel's application.[1]  One purpose behind the
13 appointment of interim class counsel is to conduct settlement negotiations prior to class
14 certification in an attempt to protect the interests of the entire putative class and to prevent
15 rivalry or uncertainty.  Fed. R. Civ. P. 23 advisory committee notes 2003 amendments.
16 Interim Co-Lead Class Counsel have the fiduciary duty to represent the Bartlett and Harvey
17 Plaintiffs, and the request for additional counsel at the Settlement Conference based on a
18 disagreement regarding the designation of subclasses is the type of ancillary dispute the
19 appointment of class counsel is intended to prevent.

20 Mr. Turner's presence at the Settlement Conference is also potentially harmful to
21 settlement negotiations. While neither the Defendants nor the Nationwide Plaintiffs objected
22 to Mr. Turner's presence at the Settlement Conference, his presence could undermine the
23 purpose behind the MDL panel's order and the Federal Rules of Civil Procedure regarding
24 class certification.  Both the Defendants and the Nationwide Plaintiffs have expressed
25 concern that Mr. Turner's participation at the Settlement Conference could jeopardize the

---

[1] To the extent the Bartlett and Harvey Plaintiffs now wish to challenge the designation of the Interim Co-Lead Class Counsel, they must ask Judge Houston to make further orders in connection with the appointment of class counsel as provided by Fed. R. Civ. P. 23(g)(1)(E).

possibility of reaching a global settlement in this case. Such a disruption would be counter to judicial efficiency, the very purpose behind the MDL panel's transfer order and Judge Houston appointing Interim Co-Lead Class Counsel. A fair, reasonable, and adequate global settlement would be in the best interests of all potential class members, including the Bartlett and Harvey Plaintiffs. A Settlement Conference between only Interim Co-Lead Class Counsel, Plaintiffs' liaison counsel, and Defendants is the best chance of achieving that result. Therefore, this Court finds Mr. Turner's presence at the Settlement Conference inapposite to the purposes behind the MDL panel's transfer and the Federal Rules of Civil Procedure.

**The Bartlett and Harvey Plaintiffs' Rights Are Protected**

The Court is satisfied that the rights of the Bartlett and Harvey Plaintiffs are ultimately protected. To the extent that the Bartlett and Harvey Plaintiffs are concerned that a potential global settlement would be unfair to them, the Federal Rules of Civil Procedure were designed to prevent such an unfair settlement. For example, before any class member can be bound by a proposed settlement, the Court must hold a hearing to determine that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). If the Bartlett and Harvey Plaintiffs have any objections to a proposed global settlement, their counsel may bring their objections to the court's attention at the fairness hearing.

**Conclusion**

For the reasons stated above, the Court **DENIES** the Bartlett and Harvey Plaintiffs' Ex-Parte Motion and Henry Turner will not be allowed to attend the Settlement Conference on May 8, 2013.

**IT IS SO ORDERED**.

DATED: April 19, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

4  11-md-2295-JAH