1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11md2295 JAH(BGS)<br><br>This document relates to:<br><br>Case No. 13cv0029 JAH(BGS)<br><br>**ORDER DENYING KAREN HUBBARD'S MOTION FOR SUGGESTION OF REMAND [DOC. # 85]** |

                                        **INTRODUCTION**

        Currently pending before this Court is the motion for a suggestion of remand filed by plaintiff Karen Hubbard ("plaintiff Hubbard").  The motion has been fully briefed. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES plaintiff Hubbard's motion for suggestion of remand.

                                        **BACKGROUND**

        The instant case was transferred to this Court on December 21, 2011 from the Judicial Panel on Multidistrict Litigation ("the MDL Panel").  The case consists of  five consolidated putative class action cases and twenty "tag-along" actions, each seeking relief from defendant Portfolio Recovery Associates, LLC ("defendant" or "PRA") based on allegations that defendant violated the Telephone Consumer Protection Act ("TCPA") by

calling cellular telephone numbers with an automatic telephone dialing system ("ATDS") without prior express consent.

On March 28, 2013, plaintiff Hubbard filed her motion for a suggestion of remand of her individual complaint originally filed in the Western District of North Carolina. Defendant filed an opposition to the motion on April 29, 2013.   Plaintiff Hubbard did not file a reply brief.  This Court subsequently took the motion under submission without oral argument.  *See* CivLR 7.1(d.1).

## DISCUSSION

### 1.    Legal Standard

The power to remand a case to the transferor court lies solely with the MDL Panel. 28 U.S.C. § 1407(a); In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001); *see also* In re Roberts, 178 F.3d 181, 183 (3d Cir.1999). In determining whether to issue a suggestion for remand to the MDL Panel, this Court is guided by the standards for remand employed by the MDL Panel.  Bridgestone/Firestone, 128 F.Supp.2d at 1997.  Where, as here, pretrial proceedings have not been concluded, the question of whether remand is appropriate is left to the court's discretion and generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.  In re Patenaude, 210 F.3d 135, 145 (3d Cir.2000); In re Air Crash Disaster, 461 F.Supp. 671, 672–73 (Jud.Pan.Mult.Lit.1978). The MDL Panel has discretion to remand, for example, when everything that remains to be done is case-specific. Patenaude, 210 F.3d at 145.

### 2.    Analysis

Plaintiff Hubbard contends her case does not benefit from being included in these coordinated proceedings and claim the only things remaining to be done in her case is case-specific.  Doc. # 85-2  at 1-2.  Plaintiff Hubbard first notes her complaint relief from defendant and William J. Allen, P.A. ("Allen"), pointing out that discovery in her case has been completed, her FDCPA and North Carolina claims have been fully briefed and summary judgment motions by all three parties had already been filed prior to transfer.

Id. at 1-2, 6-7.  Plaintiff Hubbard thus contends remand of her case is appropriate.  Id. at 7.  In the alternative, plaintiff Hubbard suggests that her FDCPA and North Carolina claims against defendant Allen be bifurcated and remanded separately for adjudication in North Carolina.  Id.

In opposition, defendant contends there are "overarching questions [that] must be answered in all actions, including Hubbard, such as:  whether [defendant] used an 'automatic dialing system' to call the plaintiffs; whether any such calls were made to cellular telephone number without prior consent; whether any purported violations of the TCPA were willful and knowing; and whether recovery for the plaintiffs under the TCPA would violate [defendant's] constitutional rights."  Doc. # 95 at 5.  Defendant contends "[t]he Hubbard tag-along action will benefit from further consolidated proceedings since its inclusion will eliminate significant duplication of effort and expense to all involved and avoid the very real risk of inconsistent rulings," noting plaintiff Hubbard has not yet demonstrated that defendant used an ATDS, as defined by the TCPA and, as such, her arguments that no further discovery is needed and only case specific issues remain fail.  Id. at 5-6.

In addition, defendant points out the MDL Panel, as well as this Court, "found that consolidation was warranted and necessary even though summary judgment had been briefed" when the issue was presented by plaintiff Bartlett in her objections to transfer and subsequent motion seeking a suggestion of remand.  Id. at 7.  Defendant also points out that plaintiff Hubbard had the opportunity to oppose the MDL Panel's conditional transfer order and did not do so, essentially acquiescing to the MDL Panel's determination that plaintiff Hubbard's case shares common facts with the transfer cases and that transfer of the Hubbard case "would serve 'the convenience of the parties and witnesses' and promote 'the just and efficient conduct of the actions.'"  Id. at 8 (quoting MDL Doc. # 82).  Defendant maintains there is no reason to abandon that determination, noting such requests are generally denied.  Id. (citing In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig., 2010 U.S. Dist. LEXIS *4 (N.D. Ill. Apr. 6, 2010)(finding the

11md2295

1    plaintiff acquiesced to the MDL Panel's determination regarding common facts because

2    the plaintiff did not challenge the Panel's initial determination despite having the

3    opportunity to do so and found no reason to abandon that judgment)).

4         In regards to plaintiff Hubbard's alternative request, defendant argues that plaintiff

5    Hubbard provides no case authority supporting such a request.  Id. at 9.  In addition,

6    defendant points out plaintiff Hubbard fails to identify any benefit that might result from

7    bifurcation and fails to "explain how any unstated benefits could outweigh the recognized

8    efficiencies gained by continued consolidation." Id. Defendant notes plaintiff Hubbard's

9    FDCPA and North Carolina claims relate to the same facts and parties at issue in the

10   TCPA claim at bar here.  Id.  Thus, defendant contends plaintiff Hubbard's bifurcation

11   request should also be denied.  Id.

12        This Court is mindful that plaintiff Hubbard has not demonstrated defendant used

13   an ATDS, as defined by the TCPA and, thus, the issue is still ripe for adjudication in these

14   coordinated proceedings. This Court agrees with defendant that all of the cases transferred

15   to this Court by the MDL Panel have common questions of fact that have yet to be

16   answered and finds there is more to be resolved in the Hubbard case than only case-

17   specific issues.   This Court further finds plaintiff Hubbard's alternative request for

18   bifurcation of her claims against defendant Allen is unsupported by case authority and

19   significantly understates the recognized benefits of coordinated proceedings such as this

20   one.  Thus, this Court finds plaintiff Hubbard's case will benefit from further coordinated

21   proceedings and further finds the inclusion of the Hubbard case in these coordinated

22   proceedings will preserve judicial and party resources and avoid the chance of inconsistent

23   rulings.   Therefore, this Court sees no reason to disturb the MDL Panel's initial

24   determination that this case is appropriate for transfer to these coordinated proceedings

25   and, accordingly, DENIES plaintiff Hubbard's motion for suggestion of remand.

26   //

27   //

28   //

11md2295

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff Hubbard's motion for suggestion of remand [doc. # ] is **DENIED. in its entirety.**

DATED:      September 23, 2013

_____

JOHN A. HOUSTON
United States District Judge

5

11md2295