

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  IN RE: PORTFOLIO RECOVERY          )    Case No. 11md2295 JAH(BGS)
    ASSOCIATES, LLC, TELEPHONE          )
12  CONSUMER PROTECTION ACT            )    This document relates to:
    LITIGATION                          )        All member cases
13                                      )
                                        )    **ORDER DENYING DEFENDANT'S**
14                                      )    **MOTION TO DISMISS SECOND**
                                        )    **CAUSE OF ACTION AND**
15                                      )    **PLAINTIFFS' CLAIM FOR**
                                        )    **ATTORNEYS' FEES**
16  _____    )    [DOC. # 71]

17                         **INTRODUCTION**

18          Currently pending before this Court is the motion to dismiss the second cause of

19  action contained in plaintiffs' first amended consolidated complaint and to dismiss

20  plaintiffs' claim and request for attorneys' fees filed by defendants Portfolio Recovery

21  Associates, LLC ("PRA LLC"),  Portfolio Recovery Associates, Inc. ("PRA Inc.") and Neal

22  Stern ("Stern") (collectively "defendants").  The motion has been fully briefed by the

23  parties.  After a careful consideration of the pleadings and relevant exhibits submitted, and

24  for the reasons set forth below, this Court DENIES defendants' motion in its entirety.

25                          **BACKGROUND**

26          The instant case was transferred to this Court on December 21, 2011 from the

27  Judicial Panel on Multidistrict Litigation ("the MDL Panel").  The case consists of  five

28  consolidated putative class action cases and twenty-plus "tag-along" actions, each seeking

relief from defendants based on allegations that defendants violated the Telephone Consumer Protection Act ("TCPA") by calling cellular telephone numbers with an automatic telephone dialing system ("ATDS") without prior express consent.

On November 14, 2012, plaintiffs filed a first amended consolidated complaint ("FACC") containing causes of action for (1) violation of the TCPA against defendant PRA LLC; and (2) violation of the TCPA against defendants PRA Inc. and Stern. Defendants, on October 28, 2012, filed the instant motion. Plaintiffs filed an opposition to the motion on January 8, 2013 and defendants filed a reply on January 15, 2013. The motion was subsequently taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendants move to dismiss plaintiffs' second cause of action and plaintiffs' claim and request for attorneys' fees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 1.    Legal Standard

Rule 12(b)(6) tests the sufficiency of the complaint. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See* Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially

11md2295

1  plausible when the factual allegations permit "the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged."  Id.  In other words, "the non-

3  conclusory 'factual content,' and reasonable inferences from that content, must be

4  plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service,

5  572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible

6  claim for relief will ... be a context-specific task that requires the reviewing court to draw

7  on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

8         In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

9  truth of all factual allegations and must construe all inferences from them in the light most

10 favorable to the nonmoving party.  See Thompson v. Davis, 295 F.3d 890, 895 (9th  Cir.

11 2002);  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However,

12 legal conclusions need not be taken as true merely because they are cast in the form of

13 factual allegations. See Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western

14 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion

15 to dismiss, the Court may consider the facts alleged in the complaint, documents attached

16 to the complaint, documents relied upon but not attached to the complaint when

17 authenticity is not contested, and matters of which the Court takes judicial notice.  See Lee

18 v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that

19 a complaint fails to state a claim, the court should grant leave to amend unless it

20 determines that the pleading could not possibly be cured by the allegation of other facts.

21 See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

22 **2.    Analysis**

23        Plaintiffs' FACC alleges, in the second cause of action, that defendants PRA Inc.

24 and Neal Stern are directly and vicariously liable for alleged violations of the TCPA.  See

25 FACC ¶¶ 60-66.  Plaintiffs' FACC also seeks attorneys' fees under California Code of Civil

26 Procedure Section 1021.5.  See id. ¶¶ 1. Defendants contend plaintiffs' second cause of

27 action and request for attorneys' fees fail to state a claim for relief and must be dismissed

28 pursuant to Rule 12(b)(6).

11md2295

### a. Second Cause of Action

Defendants contend plaintiffs fail to state a claim for relief against defendants PRA Inc. and Neal Stern because plaintiffs do not allege either defendant "made or placed any calls to [p]laintiffs or the putative class members or otherwise used an 'automatic telephone dialing system'" as required under the plain language of the TCPA.  Doc. # 71-1 at 7 (citing Thomas v. Taco Bell Corp., 2012 U.S. Dist. LEXIS 107097 at *10 (C.D.Cal. June 25, 2012)("The plain language of the TCPA assigns civil liability to the party who 'makes' a call.")).  Defendants further contend plaintiffs' FACC "lacks factual allegations to overcome the general rule that a parent company is not liable for its subsidiary's actions" and fails to "allege elements required for their claims under the doctrines of vicarious liability, veil piercing, agency and ratification." Id. at 9.  Thus, defendants contend plaintiffs fail to state a claim under any theory of vicarious liability. Id.

In opposition, plaintiffs contend their second cause of action sufficiently alleges defendants PRA Inc. and Stern are directly liable for the TCPA violations and sufficiently pleads theories of piercing the corporate veil, agency and ratification. *See* Doc. # 74. Plaintiffs point to their allegations that "PRA LLC 'accounts for the overwhelming majority (approximate 80%) of PRA Inc.'s revenue' and that '[a]ccordingly, PRA, Inc. directly manages PRA LLC's daily operations - and does not treat PRA LLC as a passive investment.'" Id. at 1-2 (citing FACC ¶ 62).  Plaintiffs further point out their FACC alleges "'PRA Inc. is directly involved in' PRA LLC's TCPA violations and that 'PRA Inc.'s employees and agents had direct, personal participation in [PRA LLC's] TCPA violations ...'" Id. at 2.  Plaintiffs also note the FACC recites portions of defendants' securities filing which, along with the FACC's own recitations, explains the involvement of PRA Inc. personnel, including Stern, in the operation of PRA LLC's call centers. Id. at 2-3. According to plaintiffs, "[t]he FACC's most important allegation [regarding Stern's involvement] is that 'PRA Inc.'s compensation to Mr. Stern has been based, in part, on his development and implementation of strategies that increased the number of dollars

11md2295

1  recovered from consumers ...'" <u>Id.</u> at 3 (quoting FACC ¶ 63). Second, plaintiffs point out
2  the FACC clearly alleges "the circumstances of this case 'support piercing the corporate
3  veil,'" "amply alleges that PRA LLC acted as Stern and PRA Inc.'s agent when it violated
4  the TCPA" and that "Stern and PRA Inc. are liable because they ratified PRA LLC's TCPA
5  violations." <u>Id.</u> at 3-4, 7 (citing FACC ¶¶ 66, 67, 68).

6      In reply, defendants explain that "[t]he plain language of the TCPA assigns civil
7  liability to the party who 'makes' a call" and thus, "a party can be held liable under [the
8  TCPA] only ... 'directly if it personally 'makes' a call in the method described by the
9  statute,' or ... 'vicariously, such as, if it was an agency relationship with the [calling]
10 party.'"  Doc. # 76 at 2 (quoting <u>Thomas v. Taco Bell Corp.</u>, 2012 U.S. Dist. LEXIS
11 107097 at *10, *12 (C.D. Cal. June 25, 2012)).  Defendants note plaintiffs do not dispute
12 the FACC fails to allege PRA Inc. and Stern made or placed any calls to plaintiffs or the
13 putative class and, thus, contend plaintiffs' direct liability claim must necessarily fail.  <u>Id.</u>
14 Defendants further contend plaintiffs' attempt to plead vicarious liability fails arguing
15 that plaintiffs fail to allege the necessary elements for a veil-piercing claim and fail to plead
16 facts sufficient to support an agency or ratification theory.  <u>Id.</u> at 3-8.

17     This Court agrees with defendants that there are no allegations PRA Inc. or Stern
18 made or placed any calls to plaintiffs and, thus, plaintiffs' direct liability theory fails.
19 However, this Court's review of the record reflects that plaintiffs sufficiently plead facts
20 in support of vicarious liability in the form of veil-piercing, agency and/or ratification
21 theories.  Construing the facts presented here as true and in the light most favorable to
22 plaintiffs, this Court finds there are sufficient allegations contained in the FACC to state
23 a plausible theory for vicarious liability against defendants PRA Inc. and Stern.  *See*
24 <u>Ashcroft</u>, 129 S.Ct. at 1949. Therefore, this Court finds defendants' motion to dismiss
25 plaintiffs' second cause of action for failure to state a claim for relief must be DENIED.
26 //
27 //
28 //

11md2295

1

**b.   Attorneys' Fees**

2      Defendants also seek dismissal of plaintiffs' request for attorneys' fees under

3 California Civil Code Section 1021.5 on the grounds that the TCPA does not expressly

4 authorize the award of attorneys' fees.[1] *See* Doc. # 71 at 17-18.  Specifically, defendants

5 explain that, in the Ninth Circuit, "'courts generally are without discretion to award

6 attorneys' fees to a prevailing plaintiff unless . . . fee-shifting is expressly authorized by the

7 governing statute.'"  Id. at 18 (quoting In re Bluetooth Headset Prods. Liab. Litig., 654

8 F.3d 935, 941 (9th Cir. 2011); In re Bybee, 945 F.2d 309, 316 (9th Cir. 1991)).

9 Defendants point out the governing statute in this case, the TCPA, does not authorize fee-

10 shifting or an award of attorneys' fees.  Id. (citing 47 U.S.C. § 227; Klein v. Vision lab

11 Telecomms. Inc., 399 F.Supp.2d 258, 542-43 (S.D.N.Y. 2005)(dismissing claim for

12 attorneys' fees under the TCPA because the statute makes no provision for such fees or

13 costs).  Defendants note "[p]laintiffs cannot point to any decision – not a single case – in

14 which a court has found fees under California [Civil Code] § 1021.5 to be available in a

15 TCPA action, like this one."  Id.  Defendants argue that the Court should not accept

16 plaintiffs' invitation to be the first court to so find.  Id.

17      In opposition, plaintiffs concede Section 1021.5 does not explicitly provide for an

18 award of attorneys' fees but contend there is no case authority prohibiting this Court from

19 awarding attorneys' fees under Section 1021.5 based on a violation of the TCPA.  Doc.

20 # 74 at 19-20.  Plaintiffs, however, point out that "[d]efendants have failed to produce

21 _____

22      [1] Defendants also contend plaintiffs' attorneys' fees claim should be dismissed because Section 1021.5 does not create an independent basis for relief and because plaintiffs have failed to adequately plead

23 a "public interest" as is required by the statute.  Doc. # 71 at 18-19 (citing Chubb Custom Ins. Co. v. Space Systems/Loral, Inc., 2010 U.S. Dist. LEXIS 15624 at *24-28 (N.D. Cal. Feb. 23, 2010)(claims for attorneys'

24 fees under the TCPA are not independent claims); Churchill Vill., LLC v. Gen. Elec., 361 F.3d 566, 578-79 (9th Cir. 2004)("... § 1021.5 allows courts to 'award attorney's fees .... in any action which has resulted in

25 the enforcement of a significant right affecting the public interest.'")).  However, as plaintiffs correctly point out, defendants' independent basis argument fails because the Chubb court did not rule that the plaintiff

26 could not seek a fee award under section 1021.5 but, instead, found the attorneys' fee claim in that case was not properly plead and defendants' public interest argument is not properly addressed on a motion to

27 dismiss.  Doc. # 74 at 21-22 (citing Madrigal v. Tommy Bahama Group, Inc., 2010 WL 4384235 at *10 (C.D. Cal. Oct. 18, 2010)("determining whether awarding attorneys' fees under § 1021.5 is appropriate will

28 necessarily require analyzing several factors" and thus should not be addressed on the motion to dismiss stage)).  This Court agrees with plaintiffs as to both arguments.  Accordingly, defendants' arguments fail.

11md2295

1    a single case where a court held that section 102.5 *does not* apply to a TCPA claim." Id.

2    at 19 (emphasis in original).  Thus, plaintiffs contend this Court should decline to be first

3    court to do so, especially since courts have "routinely awarded attorneys' fees under

4    section 1021.5 for the vindication of rights arising under *federal law*." Id. (citing Maria P.

5    v. Riles, 43 Cal.3d 1281, 1293 (1987)(attorneys' fees awarded under Section 1021.5

6    based on violation of the Family Educational Rights and Privacy Act of 1974); Citizens

7    Against Rent Control v. City of Berkeley, 181 Cal.App.3d 213 (1986)(attorneys' fees

8    under Section 1021.5 awarded based on vindication of First Amendment rights); Slayton

9    v. Pomona Unified School Dist., 161Cal.App.3d 538 (1984)(First Amendment rights as

10   well as California law); Schmid v. Lovette, 154 Cal.App.3d 466 (1984)(confirming

11   attorneys' fee award under Section 1021.5 based on a state law that was "repugnant to the

12   state and federal constitutions")).   Plaintiffs also contend the TCPA does not expressly

13   or impliedly preempt an award of attorneys' fees. Id. at 20-21.

14        This Court finds plaintiffs' arguments persuasive.  Although plaintiffs do not

15   dispute the TCPA does not expressly authorize fee-shifting or an award of attorneys' fees,

16   this Court finds no reason to deny plaintiffs the opportunity, at this early stage of

17   litigation, to seek such an award should plaintiffs prevail.  This Court is also persuaded by

18   the cases cited by plaintiffs in which the courts determined that attorneys' fees could be

19   awarded pursuant to Section 1021.5 based on vindication of a federal right.  *See*  Maria

20   P., 43 Cal.3d at 1293; Citizens Against Rent Control, 181 Cal.App.3d 213; Slayton,

21   161Cal.App.3d 538; Schmid v. Lovette, 154 Cal.App.3d 466. Thus, this Court finds

22   plaintiffs should not be foreclosed from seeking attorneys' fees under Section 1021.5

23   should they prevail under the TCPA.  Therefore, defendants' motion to dismiss plaintiffs'

24   claim and request for attorneys' fees is DENIED.

25   //

26   //

27   //

28   //

11md2295

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. # 71] is **DENIED in its entirety.**

DATED:       January 8, 2014

JOHN A. HOUSTON
United States District Judge

11md2295