I hereby attest and certify on 2-14-14
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

FILED
FEB 14 2014
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION

| | |
|---|---|
| Dominic LaBoy v. Portfolio Recovery Associates LLC, ) | |
| N.D. Illinois, C.A. No. 1:13-06583 ) | MDL No. 2295 |

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring this action (*LaBoy*) to MDL No. 2295. Defendant Portfolio Recovery Associates, LLC (Portfolio), opposes the motion.

The actions encompassing MDL No. 2295 involve allegations that Portfolio violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to debtors' cellular telephones using an automated system, without the debtors' consent. *See In re: Portfolio Recovery Assoc., LLC, Tel. Consumer Prot. Act. Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). Plaintiff in *LaBoy* alleges that Portfolio violated the TCPA and the Fair Debt Collection Practices Act (FDCPA) by placing debt collection calls to his cellular telephone using an automated system, without his consent. Plaintiff argues that his action is not appropriate for inclusion in MDL No. 2295 because (1) transfer would cause plaintiff to suffer prejudice and inconvenience, and (2) transfer would be inconsistent with the intent of the TCPA and the FDCPA.

After considering all argument of counsel and plaintiff, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2295, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We do not find Section 1407 transfer contrary to the language of the TCPA or the FDCPA. Indeed, the Panel has transferred more than 30 actions to MDL No. 2295 involving allegations that Portfolio violated the TCPA, and many alleging violations of the FDCPA.

We are sympathetic to plaintiffs' concerns about inconvenience, but are unpersuaded that they justify exclusion of this action from centralized proceedings. The Panel repeatedly has held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious

---

[*] Judge Paul J. Barbadoro and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

-2-

resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable John A. Houston for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell  Charles R. Breyer
Sarah S. Vance  Ellen Segal Huvelle