UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11md2295 JAH(BGS)<br><br>This document relates to:<br>    All member cases<br><br>**ORDER RE: STAY** |

This Court, on May 20, 2014, granted defendants' motion to stay this action on primary jurisdiction grounds and directed the parties to file a joint status report in re regards to the propriety of allowing the stay to remain in place no later than November 19, 2014. *See* Doc. # 144. On November 19, 2014, the parties filed their joint status report. Doc. # 177. Plaintiffs contend that the stay should be lifted because the petitions that were pending before the Federal Communications Commission ("FCC") upon which the stay was based have been taken off the FCC's circulation list and, thus, are no longer pending.[1] Id. at 1, 5. Plaintiff claim "that the FCC's petition process has been hijacked and abuse[d] by defendants or potential defendants who seek to create a justification for

---

[1] Defendants based their original stay request on the following petitions: (1) Communications Innovators Petition for Declaratory Ruling; (2) GroupMe, Inc./Skye Communications S.A.R.L. Petition for Expedited Declaratory Ruling; (3) YouMail, Inc. Petition for Expedited Declaratory Ruling; (4) the Professional Association for Customer Engagement (PACE) Petition for Expedited Declaratory Ruling; and (5) Glide Talk, Ltd. Petition for Expedited Declaratory Ruling. Doc. # 123-1 at 3-5. Plaintiffs explain that Communications Innovators and Group Me withdrew their petitions, YouMail's petition was filed while YouMail was a defendant in Gold v. YouMail, Inc., which has since been dismissed, and GlideTalk's petition similarly was based on a case that is no longer pending. Doc. # 177 at 2-4.

indefinite delays of TCPA cases under the primary jurisdiction doctrine."[2] Id. at 6. Plaintiffs point out that at least one court has lifted a stay that was in place because of pending FCC petitions "when it appeared the FCC had not ruled and could not say when a ruling would occur." Id. at 5 (citing Jordan v. NationStar Mortgage, 2014 WL 5359000 *10 (N.D.Cal. Oct. 20, 2014)). Plaintiffs urge the Court to follow the reasoning presented in that case. Id. at 5-6. Plaintiffs claim the fact that the FCC has already twice held predictive dialers constitute ATDSs for purposes of the Telephone Consumers Protection Act ("TCPA") and a determination of the meaning of "capacity" is not a proper reason to apply the primary jurisdiction doctrine. Id. at 7-8. Plaintiffs further claim that the "prevailing trend amongst courts is to reject FCC petitions on 'capacity' as a basis to stay TCPA cases under the primary jurisdiction doctrine." Id. at 7-8 & n. 5 (citing Knapp-Ellis v. Stellar Recovery, Inc., 2014 WL 5023632 *3 (W.D. Wash. Oct. 8, 2014); Prater v. Medicredit, Inc., 2014 WL 4652942 *4 (E.D. Mo. Sept. 18, 2014); Holcombe v. Credit Protection Ass'n, LP, 2014 WL 4252277 *3 (M.D. Ga. Aug. 28, 2014); Bates v. Dollar Loan, LLC, 2014 WL 4231302 *3 (D.Nev. Aug. 26, 2014); Morse v. Allied Interstate, LLC, 2014 WL 2916480 *2 (M.D. Pa. June 26, 2014); Murray v. Diversified Consultants, Inc., 2014 WL 2574042 *2 (M.D. Fla. June 9, 2014); Trainor v. Citibank Nat'l Ass'n, 2014 WL 2574527 *2 (D. Minn. June 9, 2014); Fenescey v. Diversified Consultants, Inc., 2014 WL 2526571 *3 (M.D. Pa. June 4, 2014); Swope v. Credit Mgmt., LP, 2013 WL 607830 *4 (E.D. Mo. Feb. 19, 2013); Pimental v. Google, Inc., 2012 WL 1458179 *3 (N.D.Cal. Apr. 26, 2012)).

Defendants do not dispute that some of the petitions it previously relied upon are no longer pending before the FCC but points out that the FCC has yet to issue a ruling on the term "capacity" which is the central focus of this Court's prior stay order. Doc. # 177 at 9. Defendants point out that there are two petitions still pending before the FCC of

---

[2] Plaintiffs request the opportunity to conduct discovery on this claim should the stay be continued. See Doc. # 177 at 6 n. 2.

which the FCC has sought public comment.[3] Id. at 9-10. Defendants contend "the FCC's resolution of the [p]etition submitted by ACA International ..., in particular, is promising given ACA's November 3, 2014 correspondence to the FCC," noting that ACA has requested the FCC rule on the specific issue.[4] Id. at 10 (citing Marks v. Crunch San Diego, LLC, 2014 WL 5422976 *3 (S.D. Cal. Oct. 23, 2014)). Defendants point out that the ACA petition is directly on point to address a central matter in this action. Id. at 11. In addition, defendants claim plaintiffs' abuse argument is a "red herring," pointing to several courts that have recently entered stays under the primary jurisdiction doctrine pending a decision on the issue of the term "capacity." Id. at 12 (citing Pickens v. Am. Credit Acceptance, LLC, 2014 WL 466512 *2-3 (S.D. Ala. Sept. 19, 2014); Wahl v. Stellar Recovery, Inc., 2014 WL 4678043 *2 (W.D.N.Y. Sept. 18, 2014); Lee v. LoanDepot. com, LLC,, 2014 WL 4145504 *2 (D. Kan. Aug. 20, 2014)). Thus, defendants contend it is appropriate to continue the stay to allow the FCC to issue a decision on the term "capacity." Id. at 13.

This Court, in an abundance of caution, finds that continuing the stay of proceedings in this case is appropriate because the FCC is still in the process of utilizing its recognized expertise in determining an issue that is currently pending before this Court, thereby satisfying the prerequisites for application of the primary jurisdiction doctrine. *See* Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011). This Court further finds that the benefit of FCC guidance on the issue of the definition of the term "capacity" necessitates a further stay of this action pending the FCC's resolution of that issue which is presently before it. In order to alleviate plaintiffs' concerns regarding delay, this Court will revisit the propriety of the stay in three months.

---

[3] These petitions include (1) ACA International Petition for Rulemaking; and (2) the PACE Petition for Expedited Declaratory Ruling. Doc. # 177 at 9-10 n. 6.

[4] Defendants explain that the ACA requests "the FCC clarify that: '(1) just because a predictive dialer can be an [ATDS] does not mean that a predictive dialer must be an ATDS under the [TCPA]' and '(2) 'capacity' for TCPA purposes means present ability of a dialing system at the time the call is made.'" Doc. # 177 at 10 (citing November 3, 2014 letter from ACA International to the FACC available at http://apps.fcc.gov/edfs/document/view?id=600000978459.

Accordingly, IT IS HEREBY ORDERED that:

1. This case shall continued to be **STAYED** until further order of the Court;
2. The parties shall file a joint status report **no later than February 20, 2015**, to advise the Court as to the status of the matters currently before the FCC; and
3. Should the FCC resolve the matters pending before it prior to the February 20, 2015 deadline, the parties shall jointly advise the Court **no later than five (5) days** after the FCC issues such resolution.

DATED: December 1, 2014

*/s/ John A. Houston*

JOHN A. HOUSTON
United States District Judge