UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11md2295 JAH(BGS)<br><br>This document relates to:<br>  All member cases<br><br>**ORDER RE: STAY** |

This Court, on May 20, 2014, granted defendants' motion to stay this Telephone Consumer Protection Act ("TCPA") action on primary jurisdiction grounds, pending a decision by the Federal Communications Commission ("FCC") on the meaning of the term "capacity" as used in the TCPA and directed the parties to file a joint status report in re regards to the propriety of allowing the stay to remain in place no later than November 19, 2014. *See* Doc. # 144. After receipt of the parties' first and second joint status reports, this Court extended the stay, requiring the parties to submit a joint status report by May 20, 2015. *See* Docs. # 179, 205. The third joint status report was filed on May 20, 2015. *See* Doc. # 228.

Plaintiffs, in the second joint report, again contend that the stay should be lifted because the FCC is no closer to resolving the statutory interpretation issues raised by defendant upon which the stay was based. Id. at 2. Plaintiffs note the FCC has not responded to the only relevant petition pending[1] before it nor has it done anything to

---

[1] The only petition pending before the FCC is the ACA International Petition for Rulemaking which plaintiffs point out is no longer on the FCC's Circulation List that lists the most active proceedings before it. Doc. # 204 at 1 & n.1.

suggest a response is imminent. Id. at 3. Plaintiffs point out that three courts have denied requests for stay pending the FCC ruling on the capacity issue. Id. at 4 (citing Molnar v. NCO Fin. Sys., 2015 WL 1906346 *3 (S.D.Cal. 2015); Meyer v. Bebe Stores, Inc., 2015 WL 1223658 *5 (N.D.Cal. Mar. 17, 2015); Harnish v. Frankly Co., 2015 WL 1064442 (N.D.Cal. 2015)). Plaintiff claims the current stay interrupted the parties' settlement discussions which cannot proceed until the stay is lifted. Id. at 5. Thus, plaintiffs contend the stay here is threatening to become "interminable" and should be lifted.[2] Id.

Defendant, on the other hand, claims "the FCC is progressing with its work on the TCPA" and note that most of the cases stayed under the primary jurisdiction doctrine have remained stayed. Id. at 9-10 (citing Wahl v. Stellar Recovery, Inc., No. 14-cv-6002-FPG (W.D.N.Y. Dec. 17, 2014); Lee v. LoanDepot.com, LLC, 14-1084-MLB (D.Kan. Jan. 29, 2015); Gensel v. Permant Techs., Inc., 2015 U.S.Dist. LEXIS 99735 *6 (E.D.Wis. Jan. 28, 2015); Beck Simmons LLC v. Francotyp-Pastalia, Inc., No. 4:14cv01161 (E.D.Mo. Feb. 17, 2015); Gusman v. Comcast Corp., No. 3:13cv1049 GPC (N.D.Cal. May 21, 2014); Barrera v. Comcast Holdings Corp., No. 3:14cv0343 TEH (N.D.Cal. May 12, 2014)). Defendant further notes that at least two new cases have been stayed for the same reason. Id. at 11 (citing Story v. Mammoth Mt. Ski Area, LLC, 2:14cv02422 (E.D.Cal. May 13, 2015); Kristensen v. Credit One Bank, No. C14-7963 (C.D.Cal. May 7, 2015)). Defendants contend the three cases cited by plaintiff are not persuasive because the issues presented there are not analogous to the instant case. Id. at 12.

. Despite the apparent lack of movement before the FCC, this Court is unconvinced that the delay in this case is threatening to become interminable, as suggested by plaintiff. *See* Doc. # 228 at 5. This Court finds that continuing the stay of proceedings in this case is again appropriate because the FCC is still in the process of utilizing its recognized expertise in determining an issue that is currently pending before this Court, thereby

---

[2] Plaintiffs also present arguments concerning an alleged further violation of the TCPA by defendant against plaintiff Danny Allen which defendant contends is irrelevant to the issue of whether to continue thea stay. *See* Doc. # 228 at 7-8, 13-15. This Court agrees with defendant. Therefore, plaintiffs' arguments concerning plaintiff Allen's new factual allegations will not be addressed.

satisfying the prerequisites for application of the primary jurisdiction doctrine.  *See* Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011). This Court further finds again that the benefit of FCC guidance on the issue of the definition of the term "capacity" necessitates a further brief stay of this action pending the FCC's resolution of that issue which is presently before it.  Accordingly, IT IS HEREBY ORDERED that:

1. This case shall continue to be **STAYED** until further order of the Court;

2. The parties shall file a joint status report **no later than July 24, 2015**, to advise the Court as to the status of the matters currently before the FCC; and

3. Should the FCC resolve the matters pending before it prior to the July 24, 2015 deadline, the parties shall jointly advise the Court **no later than five (5) days** after the FCC issues such resolution.

DATED:   June 2, 2015

/s/ John A. Houston

JOHN A. HOUSTON
United States District Judge