UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Civil No. | 11-md-2295-JAH (BGS) **ORDER** |
|---|---|---|

On April 10, 2012, the Honorable John A. Houston granted Plaintiff's *Ex Parte* Application for the Appointment of Interim Leadership Structure. [ECF No. 17.] In the Court's Order granting the *ex parte* application, Ethan Preston and James Latturner were appointed to act as Interim Co-Lead Class Counsel and Douglas Campion was appointed to act as Liaison Counsel to the Court. *Id.* at 1-2.

The Manual for Complex Litigation (4th ed. 2004)("MCL") describes the organizational structure of liaison counsel and lead counsel respectively, as follows:

(1) "Liaison counsel. Charged with essentially administrative matters, such as communications between the court and other counsel...including ... convening meetings of counsel ... and otherwise assisting in the coordination of activities and positions.";

(2)"Lead counsel. Charged with formulating (*in consultation with other counsel*) and presenting positions on substantive and procedural issues during the litiga-

tion."

MCL § 10.221. (emphasis added.)

Section 10.222 of the MCL provides further guidance as to the powers and responsibilities of counsel appointed to leadership positions. Specifically, the MCL states:

> "To avoid controversy over the terms of the court's appointment order, *designated counsel should seek consensus among the attorneys (and any unrepresented parties) when making decisions that may have a critical impact on the litigation.* Counsel in leadership positions should keep the other attorneys in the group advised of the progress of the litigation and *consult them about decisions significantly affecting their clients*."

MCL § 10.222. (emphasis added.)

In its July 28, 2015 Order, the Court asked counsel for the parties to meet and confer about discovery that has been done (informal or formal) and that remains to be done for all cases. [ECF No. 266.] On August 7, 2015, several individual plaintiffs and their respective counsel in this action filed a status report indicating their desire to participate in the meet-and-confer process with lead counsel and to contribute to the joint case management conference statement. [ECF No. 271 at p.2.] Counsel for these plaintiffs indicated in the status report that they did not participate in a meet-and-confer as ordered by the Court because interim lead counsel interpreted the Court's order as only requiring a meeting between counsel for Portfolio Recovery Associates and interim lead counsel. *Id.*

The District Court's April 10, 2012 Order granting the appointment of an interim leadership structure for plaintiffs does not detail the powers and responsibilities of the liaison and lead counsel in this case. [ECF No. 17.] Nevertheless, as described above, the Manual for Complex Litigation, does provide guidance and was cited to extensively in the Plaintiff's *ex parte* application for appointment. [ECF No. 6-1 at 5:7-23.] Therefore, the Court finds that in order to satisfy the tasks set forth in the Court's recent order and in

accordance with the role assigned in the Court's appointment order, Plaintiff's liaison counsel must coordinate a meeting with lead counsel and the other plaintiffs' attorneys in the case. Similarly, the lead counsel must consult the other plaintiffs' attorneys as to the proposed future of discovery and scheduling in this case. MCL §§ 10.221-10.222. To ensure a comprehensive meet-and-confer, the deadline to complete this conference is **CONTINUED to <u>August 14, 2015</u>**. The deadline by which to file the joint Case Management Conference Statement is also **CONTINUED** to **<u>August 19, 2015.</u>**

With respect to the Telephonic Case Management Conference scheduled for August 26, 2015 at 1:30 p.m., ***<u>ONLY liaison counsel, interim co-lead class counsel and counsel for Portfolio Recovery Associates shall appear telephonically</u>***. **To allow otherwise would defeat the purpose of the Court's appointment of liaison and interim lead counsel.** Plaintiff's liaison counsel is required to coordinate the joint call on August 26, 2015.

**There will be no in-person appearances on August 26th in order to reduce the burden and expense of this multidistrict litigation.** It is further ordered that *NO UNAUTHORIZED FILINGS, including, but not limited to status reports, will be accepted* in this matter. Counsel without leadership roles are ordered to communicate with the designated liaison counsel and interim lead counsel. Liaison counsel and/or interim lead counsel may then contact the Court in accordance with chambers and local rules.

**IT IS SO ORDERED.**

DATED: August 11, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court