**ROBINS KAPLAN LLP**
Michael A. Geibelson, Bar No. 179970
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile:  310-229-5800
mgeibelson@robinskaplan.com

Christopher W. Madel, MN Reg. No. 230297
Jennifer M. Robbins, MN Reg. No. 387745
Matthew J.M. Pelikan, MN Reg. No. 393065
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile:  612-339-4181
cmadel@robinskaplan.com
jrobbins@robinskaplan.com
mpelikan@robinskaplan.com

*Attorneys for Defendants*
*Portfolio Recovery Associates, LLC, PRA*
*Group, Inc., and Neal Stern*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | Case No. 3:11-md-02295-JAH-BGS<br><br>Hon. John A. Houston<br>Hon. Bernard G. Skomal<br><br>**ANSWER OF DEFENDANTS PORTFOLIO RECOVERY ASSOCIATES, LLC, PRA GROUP, INC., AND NEAL STERN**<br><br>**JURY TRIAL DEMANDED** |

Defendants Portfolio Recovery Associates, LLC, PRA Group, Inc., and Neal Stern (collectively "PRA") answer the Plaintiffs' First Amended Consolidated Complaint (Dkt. No. 67) as follows, denying all allegations except as otherwise

stated[1]:

1.     Paragraph 1 contains legal conclusions that do not require a response. To the extent that a response is required, PRA admits that a portion of its business involves the collection of accounts receivable from consumers and denies the remaining allegations in Paragraph 1.

2.     PRA admits that Plaintiff Jeremy Frydman is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies them.

3.     PRA admits that Plaintiff John Howard is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.     PRA admits that Plaintiff Sam Marin is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies them.

5.     PRA admits that Plaintiff Jesse Meyer is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6.     PRA admits that Plaintiff Fredrick L. Jury is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies them.

7.     PRA admits that Plaintiff Danny Allen is a natural person. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8.     PRA admits that Portfolio Recovery Associates, LLC is a Delaware

---

[1] Plaintiffs served their First Amended Consolidated Complaint on PRA on November 14, 2012. The Parties jointly moved the Court to set the time for PRA to answer as August 14, 2015. (Dkt. No. 267.) The Court thereafter ordered PRA to answer by August 14, 2015. (Dkt. No. 269.)

limited liability company with offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA admits that at times it uses the mails and telephone to contact consumers who owe debts. PRA admits that it acts as a "debt collector" in certain circumstances and instances as that term is sometimes defined. PRA denies the remaining allegations in Paragraph 8.

9. PRA admits that PRA Group, Inc., formerly "Portfolio Recovery Associates, Inc.," is a Delaware corporation with offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA admits that PRA Group, Inc. is a publicly-traded company, and that Portfolio Recovery Associates, LLC is a subsidiary of PRA Group, Inc. The remaining allegations in Paragraph 9 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 9, PRA denies them.

10. PRA admits that Neal Stern is a natural person, that Mr. Stern resides in Virginia, and that Mr. Stern is the Executive Vice President, Operations, of PRA Group, Inc. The remaining allegations in Paragraph 10 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 10, PRA denies them.

11. PRA admits that Plaintiffs purport to make allegations against Defendants John Doe 2 through 100, that Plaintiffs purport to be ignorant of certain information about Defendants John Doe 2 through 100, and that Plaintiffs represent that they will seek leave to amend their First Amended Consolidated Complaint. The remaining allegations in Paragraph 11 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 11, PRA denies them.

12. The allegations in Paragraph 12 are legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 12, PRA denies them.

13. PRA admits that Plaintiffs purport to refer to "[a]ll Defendants" as "Defendants" but this Answer is made only on behalf of Defendants Portfolio Recovery Associates, LLC, PRA Group, Inc., and Neal Stern. This Answer is not made on behalf of any of the as-yet unidentified "Does 2 to 100," as no specific allegations have been made against them that would allow any Answer at this time.

14. Paragraph 14 contains conclusions of law that do not require a response. To the extent a response is required to the allegations in Paragraph 14, PRA denies them.

15. Paragraph 15 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 15, PRA admits that this Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

16. Paragraph 16 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 16, PRA admits that this Court has personal jurisdiction over PRA under California Code of Civil Procedure § 410.10.

17. Paragraph 17 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 17, PRA admits that venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

18. PRA admits that Plaintiffs purport to make their allegations based on information and belief "and/or the documents and information currently available and in the hands of Plaintiffs' attorneys." PRA lacks sufficient information so as to form a belief as to the truth of remaining allegations in Paragraph 18 and therefore denies them.

19. PRA admits that Plaintiffs purport to allege that PRA or its agents made certain telephone calls to Plaintiffs' cellular telephone numbers. The remaining allegations in Paragraph 19 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in

Paragraph 19, PRA denies them.

20. The allegations in Paragraph 20 are a mixed question of fact and law. PRA lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 20 and therefore denies them. The remaining allegations in Paragraph 20 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 20, PRA denies them.

21. Paragraph 21 contains legal conclusions that do not require a response. To the extent a response is required, PRA admits that in certain circumstances and instances it has placed using an Avaya Proactive Contact Dialer. PRA denies that the Avaya Proactive Contact Dialer, or any other method used by PRA to place telephone calls, qualifies as an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1). To the extent a further response is required, PRA denies the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 contain legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 22, PRA admits that it did not place the alleged calls for emergency purposes.

23. PRA denies the allegations in Paragraph 23, admitting only that in certain circumstances and instances it uses skip-tracing services.

24. The allegations in Paragraph 24 contain legal conclusions that do not require a response. PRA denies that it placed "automated telephone calls" to Frydman. PRA has disclosed that, on information and belief based on Frydman's responses to PRA's discovery requests, that Frydman's cellular telephone number is xxx-xxx-x852. To the extent that a further response is required to the allegations in Paragraph 24, PRA denies them.

   a. PRA admits that it placed a call to Frydman at xxx-xxx-x852 on

December 8, 2010, and denies the remaining allegations in Paragraph 24a.

   b.   PRA denies the allegations in Paragraph 24b.

   c.   PRA denies the allegations in Paragraph 24c.

   d.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on December 29, 2010. PRA denies the remaining allegations in Paragraph 24d.

   e.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on December 29, 2010. PRA denies the remaining allegations in Paragraph 24e.

   f.   PRA denies the allegations in Paragraph 24f.

   g.   PRA denies the allegations in Paragraph 24g.

   h.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 7, 2011. PRA denies the remaining allegations in Paragraph 24h.

   i.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 7, 2011. PRA denies the remaining allegations in Paragraph 24i.

   j.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 9, 2011. PRA denies the remaining allegations in Paragraph 24j.

   k.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 10, 2011. PRA denies the remaining allegations in Paragraph 24k.

   l.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 12, 2011. PRA denies the remaining allegations in Paragraph 24l.

   m.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 12, 2011. PRA denies the remaining allegations in Paragraph 24m.

   n.   PRA denies the allegations in Paragraph 24n.

   o.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 14, 2011. PRA denies the remaining allegations in Paragraph 24o.

   p.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 16, 2011. PRA denies the remaining allegations in Paragraph 24p.

   q.   PRA admits that it placed a call to Frydman at xxx-xxx-x852 on

January 17, 2011. PRA denies the remaining allegations in Paragraph 24q.

r.  PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 17, 2011. PRA denies the remaining allegations in Paragraph 24r.

s.  PRA denies the allegations in Paragraph 24s.

t.  PRA admits that it placed a call to Frydman at xxx-xxx-x852 on January 19, 2011. PRA denies the remaining allegations in Paragraph 24t.

25.  PRA admits that PRA has attempted to collect an outstanding consumer debt from Plaintiff Frydman. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.

26.  PRA denies the allegations in Paragraph 26.

27.  PRA admits that it has attempted to collect an outstanding consumer debt from Plaintiff Howard. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28.  PRA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.  PRA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.  PRA affirmatively states that, on information and belief based on Plaintiff Marin's responses to PRA's First Set of Discovery Requests in his individual action, Marin's cellular telephone number is xxx-xxx-x925. PRA admits that it obtained the number xxx-xxx-x925 through skip-tracing. PRA denies the remaining allegations in Paragraph 30.

31.  PRA admits that between October 2010 and December 19, 2010 that it placed more than 20 calls to Marin at xxx-xxx-x925 and that PRA called Marin at that number on December 19, 2010, and December 28, 2010. PRA denies that it called Marin twice per day and denies that it called Marin on January 25, 2010.

1   PRA denies the remaining allegations in Paragraph 31.

2       32.    PRA denies the allegations in Paragraph 32.

3       33.    PRA denies the allegations in Paragraph 33.

    34.    PRA admits that Plaintiff Meyer purports to bring allegations based on PRA's attempts to collect an outstanding balance that Meyer originally owed to the Computer Learning Center. PRA denies the remaining allegations in Paragraph 34.

    35.    PRA admits that it called Meyer on September 1, 2010, November 4, 2010, December 14, 2010, and January 4, 2011. PRA denies the remaining allegations in Paragraph 35.

    36.    PRA denies the allegations in Paragraph 36.

    37.    PRA denies the allegations in Paragraph 37.

    38.    PRA admits that it obtained Meyer's cellular telephone number through skip-tracing. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies them.

    39.    PRA admits that it has attempted to collect an outstanding balance owed by Plaintiff Jury. PRA lacks sufficient information about Jury's allegations related to his alleged cellular telephone account to form a belief as to the truth of those allegations and therefore denies them. PRA denies the remaining allegations in Paragraph 39.

    40.    PRA denies the allegations in Paragraph 40.

    41.    PRA admits that it began to call Plaintiff Allen in October 2010. PRA denies the remaining allegations in Paragraph 41.

    42.    Paragraph 42 contains conclusions of law that do not require a response. To the extent that a response is required, PRA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

    43.    PRA admits that it received a letter from Allen dated November 11,

2010 and that a call was placed to Allen on November 16, 2011. PRA denies the remaining allegations in Paragraph 43, including the conclusions of law to which no response is required.

44.   PRA admits the allegations in Paragraph 44 and admits that Paragraph 44 purports to quote the Telephone Consumer Protection Act (TCPA) but denies that this includes the full statutory text and respectfully refers the Court to the statute for its full effect and meaning.

45.   PRA admits the allegations in Paragraph 45 and admits that Paragraph 45 purports to quote the TCPA but denies that this includes the full statutory text and respectfully refers the Court to the statute for its full effect and meaning.

46.   PRA admits that Plaintiffs purport to bring this action on behalf of "the Class" as Plaintiffs define that term in Paragraph 46 but denies that the putative Class is appropriate for certification. To the extent that Paragraph 46 contains legal conclusions that do not require a response, PRA denies those allegations.

47.   Paragraph 47 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 47, PRA denies them.

48.   Paragraph 48 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 48, PRA denies them.

49.   Paragraph 49 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 49, PRA denies them.

50.   Paragraph 50 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 50, PRA denies them.

51.   Paragraph 51 contains legal conclusions that do not require a response.

To the extent that a response is required to the allegations in Paragraph 51, PRA denies them.

52. The allegations in Paragraph 52 contain questions of law that do not require a response. To the extent a further response is required, the allegations in Paragraph 52 lack sufficient specificity for PRA to be able to admit or deny them and therefore PRA denies them.

53. PRA denies that it has engaged in any "improper practices." The remaining allegations in Paragraph 53 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 53, PRA denies them.

54. PRA admits that Plaintiffs Meyer, Jury, and Allen purport to allege a California subclass but denies that such class is appropriate for certification. The remaining allegations in Paragraph 54 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 54, PRA denies them.

55. PRA incorporates by reference the preceding paragraphs of this Answer.

56. PRA admits that in the course of its business it at times makes outgoing calls to consumers and others. PRA denies that it has violated any law. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies them.

57. Paragraph 57 contains legal conclusions that do not require a response. To the extent that a response is required, PRA denies that it has violated any law and denies that any predictive dialer or other technology PRA used to place telephone calls is an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1), and PRA denies the remaining allegations in Paragraph 57.

58. The allegations of Paragraph 58 contain conclusions of law that do not

require a response. To the extent that further response is required, PRA admits that it obtains consumers' phone numbers in several ways including from original creditors and through skip-tracing, and denies all other allegations in Paragraph 58.

59. PRA denies that it has violated any law. The allegations in Paragraph 59 contain legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 59, PRA denies them.

60. PRA admits that Plaintiffs purport to seek statutory damages under 47 U.S.C. § 227(b)(3). PRA denies that it has violated any law. The remaining allegations in Paragraph 60 contain legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 60, PRA denies them.

61. PRA incorporates by reference the preceding paragraphs of this Answer.

62. PRA admits that Paragraph 62 purports to quote Portfolio Recovery Associates LLC's February 28, 2012 Form 10-K but affirmatively states that this is an excerpt and respectfully refers the Court to the Form 10-K for its meaning and effect. PRA denies that it has violated any law. The remaining allegations in Paragraph 62 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 62, PRA denies them.

63. Paragraph 63 contains conclusions of law that do not require a response. PRA denies that it has violated any law. PRA admits that Mr. Stern has responsibilities regarding use of PRA's technology and participates in meetings regarding the same. PRA lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies them.

64. PRA admits that Paragraph 64 purports to quote a short excerpt of a declaration of Neal Stern and respectfully refers the Court to the full text of the

declaration for its meaning and effect. The remaining allegations in Paragraph 64 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 64, PRA denies them.

65. PRA admits that Paragraph 65 purports to quote an excerpt of Portfolio Recovery Associates, Inc.'s April 27, 2011 Schedule 14A but respectfully refers the Court to the full text of the document for its meaning and effect. PRA denies the remaining allegations in Paragraph 65.

66. PRA denies that it has violated any law. Paragraph 66 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 66, PRA denies them.

67. PRA denies that it has violated any law. Paragraph 67 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 67, PRA denies them.

68. PRA admits that Paragraph 68 purports to quote sentence fragments from Portfolio Recovery Associates, Inc.'s 2009, 2010, and 2011 Form 10-K. PRA denies that it has violated any law or that this purported quote in any way supports Plaintiffs' allegations and respectfully refers the Court to the full documents for their meaning and effect. The remaining allegations in Paragraph 68 are legal conclusions that do not require a response. To the extent that a response is required to the remaining allegations in Paragraph 68, PRA denies them.

69. PRA denies that it has violated any law. Paragraph 69 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 69, PRA denies them.

70. PRA admits that Plaintiffs purport to seek the relief stated in Paragraph 70. PRA denies that it has violated any law. Paragraph 70 contains legal conclusions that do not require a response. To the extent that a response is required to the allegations in Paragraph 70, PRA denies them.

**Affirmative Defenses**

1. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim on which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because of accord, satisfaction, or release.

3. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no actual damages as a result of PRA's alleged conduct.

4. Plaintiffs' claims are barred, in whole or in part, by the failure to mitigate damages.

5. Plaintiffs' purported injury has been caused, in whole or in part, by Plaintiffs' own conduct, actions, omissions, failure to act, or consent.

6. To the extent that Plaintiffs' claims relate to conduct outside of the relevant statutes of limitations, Plaintiffs' claims are, in whole or in part, time-barred.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

10. Any violation of the law or damage allegedly suffered by Plaintiffs was due to the affirmative actions or omission by Plaintiffs or others, and does not give rise to any claim for damages against PRA.

11. To the extent that any violation of law occurred, which PRA expressly denies, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

12. To the extent that the trier of fact determines that Plaintiffs are entitled to recover anything in this action. PRA is entitled to a set off or recoupment from any such recovery in the amount of the unpaid obligations owed by Plaintiffs to PRA.

13. Plaintiffs' claims are barred, in whole or in part, by the United States Constitution and applicable state constitutions.

14. PRA expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may or will be developed through discovery or further legal analysis of Plaintiffs' claims and PRA's position in this litigation.

15. PRA further reserves its right to compel arbitration under the terms of any applicable contract, agreement, or other obligation relevant to the claims in this action.

**Prayer for Relief**

Wherefore, PRA respectfully requests that this Court determine and adjudge as follows:

1. That the First Amended Consolidated Complaint be dismissed with prejudice.

2. That Plaintiffs take nothing by their First Amended Consolidated Complaint.

3. That PRA expressly reserves its right to move for, as appropriate, all of its costs, disbursements, and expenses incurred in this action. And

4. That the Court award such other and further relief as it deems just and proper.

DATED: August 14, 2015          By: _s/Jennifer M. Robbins_

                                               Christopher W. Madel, MN Reg. No. 230297
                                               (pro hac vice)

Jennifer M. Robbins, MN Reg. No. 387745
(pro hac vice)
Matthew J.M. Pelikan, MN Reg. No. 393065
(pro hac vice)

ROBINS KAPLAN LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone:   612-349-8500
Facsimile:   612-339-4181
cmadel@robinskaplan.com
jrobbins@robinskaplan.com
mpelikan@robinskaplan.com


Michael A. Geibelson, Bar No. 179970
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:   310-552-0130
Facsimile:   310-229-5800
mgeibelson@robinskaplan.com

*Attorneys for Defendants*
*Portfolio Recovery Associates, LLC, PRA Group, and Neal Stern*

86072199.2

Answer — 15 — Case No. 3:11-md-02295