1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT FOR
## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

**IN RE: PORTFOLIO RECOVERY
ASSOCIATES, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION**

Case No. 3:11-md-02295-JAH (BGS)

Hon. John A. Houston
Hon. Bernard G. Skomal

THIS DOCUMENT RELATES TO:
    All Member Cases

12
13
14

### Joint Protective Order

15
16

        Pursuant to the Court's Order dated August 27, 2015, the Parties have met and

17

conferred and hereby jointly request entry of this Protective Order by the Court.

18

**1.      PURPOSES AND LIMITATIONS**

19
20

        Disclosure and discovery activity in this action are likely to involve production

of confidential, proprietary, or private information for which special protection from

21

public disclosure and from use for any purpose other than prosecuting this litigation

22

may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

23

enter the following Stipulated Protective Order. The parties acknowledge that this

24

Order does not confer blanket protections on all disclosures or responses to discovery

25

and that the protection it affords from public disclosure and use extends only to the

26

limited information or items that are entitled to confidential treatment under the

27

applicable legal principles. The Parties understand that nothing in this Stipulated

28

Protective Order changes, amends, or circumvents any court rule or local rule.

Subject to all Plaintiffs' agreement to the provisions herein, including all obligations and protections, Defendants agree to allow Plaintiffs to share information produced with plaintiffs in all Member Cases.

**2.    DEFINITIONS**

2.1    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    **House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    **Member Case:** a case transferred from another District Court of the United States to this Multidistrict Litigation captioned above.

2.9    **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    **Outside Counsel of Record:** attorneys who are not employees of a party

to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11** **Party:** any party to this action (including any Member Case), including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15** **Receiving Party:** a Party that receives Disclosure or Discovery Material from, e.g., a Producing Party, including Parties to Member Cases.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

1  disclosure from a source who obtained the information lawfully and under no

2  obligation of confidentiality to the Designating Party. Any use of Protected Material at

3  trial shall be governed by a separate agreement or order.

4  **4.      DURATION**

5        Even after final disposition of this litigation, the confidentiality obligations

6  imposed by this Order shall remain in effect until a Designating Party agrees otherwise

7  in writing or a Court Order otherwise directs. Final disposition shall be deemed to be

8  the later of (1) dismissal of all claims and defenses in this action, with or without

9  prejudice; and (2) final judgment herein after the completion and exhaustion of all

10 appeals, rehearings, remands, trials, or reviews of this action, including the time limits

11 for filing any motions or applications for extension of time pursuant to applicable law.

12 **5.      DESIGNATING PROTECTED MATERIAL**

13       **5.1      Exercise of Restraint and Care in Designating Material for Protection.**

14 Each Party or Non-Party that designates information or items for protection under this

15 Order must take care to limit any such designation to specific material that qualifies

16 under the appropriate standards. The Designating Party must designate for protection

17 only those parts of material, documents, items, or oral or written communications that

18 qualify – so that other portions of the material, documents, items, or communications

19 for which protection is not warranted are not swept unjustifiably within the ambit of

20 this Order.

21       Mass, indiscriminate, or routinized designations are prohibited. Designations

22 that are shown to be clearly unjustified or that have been made for an improper

23 purpose (e.g., to unnecessarily encumber or retard the case development process or to

24 impose unnecessary expenses and burdens on other parties) expose the Designating

25 Party to sanctions.

26       If it comes to a Designating Party's attention that information or items that it

27 designated for protection do not qualify for protection, that Designating Party must

28 promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3     Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention.** If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. In particular, Receiving Parties may also disclose Protected Material to other Parties for the purpose of prosecuting, defending, or attempting to settle any Member Case in this consolidated action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, mock

jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a Court Order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court Order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. The protections in this Order are permissive: nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, from asserting that this Order does not provide sufficient protection, and/or from asserting that information is not relevant or otherwise not discoverable.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party

shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court. Absent a Court Order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.    MISCELLANOUS**

    **12.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **12.2    Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. In particular, neither the Parties nor Non-Parties waive any objection with respect to the right to privacy of Non-Parties nor do the Parties waive the right to challenge any objection on privacy or other grounds. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **12.3    Filing Protected Material.**
    No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

    Similarly, if a party other than the Designating Party seeks to file Protected Material and the Designating Party wishes to support an application, the Designating Party must contact the Court's chambers to notify the judge's staff that a response in support of the application will be filed.

    If the Court grants an application to file a document under seal, a redacted version of the document shall be filed in the public record via ECF. If the Court denies an application to file a document under seal, the Receiving Party may file the Protected Material in the public record (unless otherwise ordered by the Court).

Any party that reasonably believes that a filing or disclosure it intends to make in a proceeding before the Court will contain Protected Material belonging to another party shall inform the Designating Party of the content and Bates-numbers of the Protected Material it intends to file or disclose at least two (2) business days before the filing to provide an opportunity for the Designating Party to agree to disclosure or filing of the Protected Material in redacted or unredacted form and to avoid filing unnecessary applications to file a document under seal where agreement can be reached. If agreement is reached, the party disclosing the Protected Material shall inform the Court of the agreement at time of its filing or disclosure.

In the event agreement cannot be reached, any papers or material attached to a Receiving Party's application to file under seal shall be deemed timely filed with respect to any substantive deadline that applies to such material when the Receiving Party files its application prior to such deadline.

## 13. FINAL DISPOSITION.

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Furthermore, within 60 days after the final disposition of this action, as defined in paragraph 4, the parties shall move ex parte for an order authorizing the Court to destroy all Confidential and Attorneys' Eyes Only Material in the Court's possession.

**14.    Modification of the Protective Order by the Court**.

The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

**15.    Relation to Any Court or Local Rules.**  Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated: September 24, 2015                    By: _____
                                             The Honorable Bernard G. Skomal
                                             U.S. Magistrate Judge, U.S. District Court

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District

Court for the Southern District of California on [date] in the case of *Meyer v. Portfolio*

*Recovery Associates, LLC*, No. 11-cv-01008-AJB-RBB. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Southern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name],

of _____ [print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name:        _____

         [printed name]

Signature: _____

Joint Protective Order                                          No. 3:11-md-02295-JAH (BGS)