Chris R. Miltenberger
Law Office of Chris R. Miltenberger, PLLC
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
Telephone: (817) 416-5060
Facsimile: (817) 416-5062
E-mail: chris@crmlawpractice.com
Attorney for the Individual Plaintiffs

**United States District Court**
**Southern District of California**

| | |
|---|---|
| **IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | Case No. 3:11-md-02295-JAH (BGS) |
| | Hon. John A. Houston |
| | Hon. Bernard G. Skomal |
| | THIS DOCUMENT RELATES TO: |
| | **CA No.: 3:16-cv-02553-JAH-BGS; (Eli Terrell, et al v. Portfolio Recovery Associates, LLC)** |

1. Eli Terrell, Armando Aguilar, Michael Arroyo, Kevin Asbury, Misty Blevins, Athiena Byers, Twyler Bynum, Patrick Chu, Guy Connor, Sebastian Fisichella, Yolanda Forte, Ron Frazier, Will Gabot, Jeffrey Gonic, Barbara Gonzalez, Kathleen Herzog, A.L. Ivey, Deborah Jesse, Ricki Justice, Anthony Gustafson, Earlina King, Steve Kistiansen, Dan Lynch, Julius Macatangay, Julie Madden, Tereda Mays, Judith McLaughlin, Janice Mercado, Juanita Ocanas, Robin Rice, Bernard Robertson, Cedar Shelley, Aeirel Shoun, Michael Slattery, Kelly Smith, Loni Smith, Carolyn Wheeler, Riki-Anne Rebelez, Akeli Smith, Lorenz Worthy, Bryan LaMie, Laura Catlett, Tracy Smith,  Ta Mika Williams-Sharpley, Donald Balowski, Chenelle McCall, Jane Dean, Bret Burroughs, Shad Finney, Christopher Zimmerman, Pamela Walker, David Kern, Ari Mello Bleich, Raymond Shoup, Karen Wilson, Jeffrey Frischmann, James Curry, LaFell Strickland, Daniel Crane, Forrest Needs, Crystal Wigington, Robbie Allen Braathen, Rolando Fergerson, Chris Shackelford, Cheryl Willis, Michael

Merholz, Diane Gould, Taneaka Rowe-Houser, Ben Solomon, Nadine Guzman, Randall Rhodes, Joe Harris, Eugene Gravette, Tiffany Deckard, Rebecca Buchstien, Jerry Clark, Jerri Williams, Zuleika Collins, LaRhonda Butler, Kimberly Davis, Nemiah Nevitt, Leslie Lambert, Barbara Harris-Green, Cleve Phillips, Joanne Gonzalez-Rosario, Australia Downs, Sarah Meacham, Piankhi Sankofa, Debra Callies, Thomas Lettrich, Eduardo Bautista, David Edwin Callahan, James Scott Kelley, Michael Fowler and Hussein Mehdi (each a "**Plaintiff**" and collectively "**Plaintiffs**") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Each of the Plaintiffs was notified by the MDL class action administrator in *In re Portfolio Recovery Associates, LLC. Telephone Consumer Protection Act Litigation*, No. 11-MD-2295-JAH-BGS (the "**Portfolio Recovery MDL Class Action**") that he/she was identified as an individual whose Defendant's records indicate was called on his/her cell phone by Defendant. The parties in the Portfolio Recovery MDL Class Action entered into a court-approved tentative settlement agreement and unless the Plaintiffs opt out of the settlement they will be bound by the settlement and receive less than $50.00 each for their damages.

3.      Each of the Plaintiffs in the current case being unsatisfied with such a small settlement amount, opted out of the proposed settlement in the Portfolio Recovery MDL Class Action. Each Plaintiff now bring his/her individual action to attempt to recover on an individual basis.

4.      This action present common questions of law and fact and, while brought on as individual claims, is an appropriate method to resolve the claims in a judicious manner.

5.      "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

6.      The TCPA prohibits calls to a cell phone made with an auto dialer or with a prerecorded voice unless prior express consent is given.  Plaintiffs never so consented.

7.      Portfolio Recovery Associates LLC ("**Defendant**") called each of the Plaintiffs' cell phone using an auto dialer and/or a pre-recorded voice.  Because none of the Plaintiffs had not given his/her consent to receive calls from Defendant, these calls violated the TCPA.

8.      This is the exact scenario Congress attempted to prevent in enacting the TCPA.  Plaintiffs now seek this Court's intervention and help in attempting to prohibit this unlawful conduct.

### Parties

9.   This action is brought by each of the following Plaintiffs:

a.   Eli Terrell, a resident of Oklahoma;

b.   Armando Aguilar, a resident of Florida;

c.   Michael Arroyo, a resident of New York;

d.   Kevin Asbury, a resident of West Virginia;

e.   Misty Blevins, a resident of Ohio;

f.   Athiena Byers, a resident of Maryland;

g.  Twyler Bynum, a resident of Maryland;

h.  Patrick Chu, a resident of New Jersey;

i.  Guy Connor, a resident of Nevada;

j.  Sebastian Fisichella, a resident of Pennsylvania;

k.  Yolanda Forte, a resident of Maryland;

l.  Ron Frazier, a resident of Texas;

m.  Will Gabot, a resident of Florida;

n.  Jeffrey Gonic, a resident of Arizona;

o.  Barbara Gonzalez, a resident of New Jersey;

p.  Kathleen Herzog, a resident of Pennsylvania;

q.  A.L. Ivey, a resident of Ohio;

r.  Deborah Jesse, a resident of Washington;

s.  Ricki Justice, a resident of Illinois;

t.  Anthony Gustafson, a resident of Pennsylvania;

u.  Earlina King, a resident of Virginia;

v.  Steve Kistiansen, a resident of Utah;

w.  Dan Lynch, a resident of Georgia;

x.  Julius Macatangay, a resident of Arizona;

y.  Julie Madden, a resident of Florida;

z.  Tereda Mays, a resident of New Jersey;

aa. Judith McLaughlin, a resident of Pennsylvania

bb. Janice Mercado, a resident of California;

cc. Juanita Ocanas, a resident of California;

dd. Bernard Robertson, a resident of Florida;

ee. Robin Rice, a resident of California;

ff. Cedar Shelley, a resident of Florida;

gg. Aeirel Shoun, a resident of Indiana;

hh. Michael Slattery, a resident of Illinois;

ii. Kelly Smith, a resident of Texas;

jj. Loni Smith, a resident of Texas;

kk. Carolyn Wheeler, a resident of Washington;

ll. Akeli Smith, a resident of California;

mm.   Rikki-Anne Rebelez, a resident of Colorado;

nn. Lorenz Worthy, a resident of Arizona;

oo. Bryan LaMie, a resident of Florida;

pp. Laura Catlett, a resident of Louisiana;

qq. Tracy Smith, a resident of Florida;

rr. Ta Mika Williams-Sharpley, a resident of Tennessee;

ss. Donald Balowski, a resident of Michigan;

tt. Chenelle Mccall, a resident of Illinois;

uu. Jane Dean, a resident of Arizona;

vv. Bret Burroughs, a resident of California;

ww.   Shad Finney, a resident of Colorado;

xx. Christopher Zimmerman, a resident of Tennessee;

yy. Pamela Walker, a resident of Louisiana;

zz. David R. Kern, a resident of Iowa;

aaa.Ari Mello Bleich, a resident of California;

bbb.   Raymond Shoup, a resident of Arizona;

ccc.   Karen Wilson, a resident of Florida;

ddd.   Jeffrey Frischmann, a resident of Nevada;

eee.   James Curry, a resident of Georgia;

fff.   Lafell Strickland, a resident of Illinois;

ggg.   Danielle Crane, a resident of Florida;

hhh.   Forrest Needs, a resident of Illinois;

iii.   Crystal Wigington, a resident of New York;

jjj.   Robbie Allen Braathen, a resident of North Dakota;

kkk.   Rolando Fergerson, a resident of New York;

lll.   Chris Shackelford, a resident of Maryland;

mmm.  Chery Willis, a resident of South Carolina;

nnn.   Michael Merholz, a resident of New Mexico;

ooo.   Diane Gould, a resident of Arizona;

ppp.   Taneaka Rowe-Houser, a resident of Alabama;

qqq.   Ben Solomon, a resident of Florida;

rrr.   Nadine Guzman, a resident of Hawaii;

sss.   Randall Rhodes, a resident of Colorado;

ttt.   Joe Harris, a resident of Ohio;

uuu.   Eugene Gravette, a resident of Virginia;

vvv.   Tiffany Deckard, a resident of Texas;

www.   Rebecca Buchstien, a resident of Ohio;

xxx.   Jerry Clark, a resident of California;

yyy.   Jerry Williams, a resident of Texas;

zzz.   Zuleika Collins, a resident of Alabama;

aaaa.   LaRhonda Butler, a resident of Maryland;

bbbb.   Kimberly Davis, a resident of Illinois;

cccc.   Nemiah Nevitt, a resident of Alabama;

dddd.   Leslie Lambert, a resident of Oklahoma;

eeee.   Barbara Harris-Green, a resident of New Jersey;

ffff.   Cleve Phillips, a resident of Pennsylvania;

gggg.   Joanne Gozalez-Rosario, a resident of Florida;

hhhh.   Australia Downs, a resident of California;

iiii.   Sarah Meacham, a resident of Washington;

jjjj.   Piankhi Sankofa, a resident of Georgia;

kkkk.   Debra Callies, a resident of Colorado;

llll.   Thomas Lettrich, a resident of Pennsylvania;

mmmm.   Eduardo Bautista, a resident of Texas;

nnnn.   David Edwin Callahan, a resident of Oregon;

oooo.   James Scott Kelley, a resident of South Carolina;

pppp.   Michael Fowler, a resident of Arizona; and

qqqq.   Hussein Mehdi, a resident of Oregon.

10. Defendant is a debt collector who buys junk debt and attempts to collect on it. Defendant regularly conducts business in Texas and each of the states in which any of the Plaintiffs reside, is registered to do business in Texas and operates a call center in this District.

## Jurisdiction & Venue

11. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12.     Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (2). Venue is proper in this District because some of the acts subject to this action were taken by Defendant in this District. Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Additionally, Defendant operates a call center in this District.

13.     Defendant has appeared in this action.

### Article III Standing

14. Each of the Plaintiffs has Article III standing. Plaintiffs have Article III standing for their claims under the TCPA. *Spokeo, Inc. v. Robins*, --- S.Ct. ---, 2016 WL 2842447, at *5 (U.S. May 16, 2016). With regard to each of the phone calls Plaintiffs were harmed by Defendant's actions of calling his/her cell phone without consent and with an ATDS and/or a pre-recorded voice in the following manners:

    a.  Plaintiffs' privacy was invaded by Defendant;

    b.  Plaintiffs were harassed and abused by Defendant's telephone calls;

    c.  Defendant's calls were a nuisance to Plaintiffs;

    d.  Defendant's calls upset Plaintiffs emotionally;

    e.  Plaintiffs' cell phone was unavailable for other use while processing the illegal calls from Defendant;

    f.  Defendant illegally seized Plaintiffs' cellular telephone line while they made illegal calls to Plaintiffs' cellular telephone;

    g.  Plaintiffs' cellular telephone line was occupied by multiple unauthorized calls from Defendant;

    h.  Defendant's seizure of Plaintiffs' cellular telephone line was intrusive; and

i.  Plaintiffs were inconvenienced by, among other things, hearing his/her cell phone ring, having to check the calling party and having to delete messages left by Defendant.

**The Telephone Consumer Protection Act**

15.  Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers.  The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robocalls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

16.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17.    Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

18.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

19.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

21.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65.

22.     In the same Declaratory Ruling, the FCC emphasized that both the creditors and third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the

responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

23.     On July 10, 2015 the FCC confirmed it previous rulings that an autodialer included equipment that generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. The FCC also reiterated that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason. FCC 15-72.

### Factual Allegations Applicable to all Plaintiffs

24. Defendant's business is the collection of accounts receivables from consumers. Defendant uses a predictive dialer to make telephone calls to cellular telephone numbers, often without the prior express consent of the persons using those cellular telephone numbers. This practice violates the TCPA.

25.     Upon information and belief Defendant purchased debt and attempted to collect the balance alleged owed by Plaintiffs.

26.     On information and belief Defendant began collection efforts on the alleged debts and began a process of harassing phone calls to Plaintiffs.

27.     Defendant called Plaintiffs on a repeated basis.  Calls were made to Plaintiffs' cell number.  On information and belief, the purpose for these calls was debt collection.

28.     On many days Defendant called the Plaintiffs on more than one occasion.  On many occasions Defendant called the Plaintiffs on back to back days. On information and belief, the records of Defendant should show when Plaintiffs were called by Defendant.

29.     On information and belief Defendant placed automated calls to Plaintiffs' cell phone using an automatic telephone dialing system ("**ATDS**") "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)."

30.     On information and belief Defendant placed calls using Avaya Proactive Contact Dialers and/or another predictive dialer ("**Predictive Dialers**"). The Predictive Dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiffs' cellular telephone numbers at issue when Defendant made the calls. Rather, the Predictive Dialer electronically dialed Plaintiffs' cellular telephones in an automated fashion. The Predictive Dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

31.     With regard to each of the Plaintiffs, when the calls connected, there was silence followed by an audible click from the receiver. After a significant pause, a live agent would come on the line.  As such, the calls at issue were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiffs' numbers without human intervention.

32.     The facts in the preceding paragraph indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

33.     On some of the calls to each of the Plaintiffs Defendant left a message consisting of a prerecorded voice.  Plaintiffs listened to the message and recognized that it was not a live person leaving the message but an automated voice recording.

34.     The facts in the preceding paragraph indicate some calls were placed using an "artificial or prerecorded voice."

35.     None of the calls at issue were placed by Defendant to Plaintiffs' cellular telephones were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

36.     Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call. Defendant does not obtain such numbers from the original creditor. When Defendant obtains such numbers from a skip-tracing service, they do not obtain prior express consent to call those numbers.

37.     On information and belief Defendant obtained Plaintiffs' cellular number from skip-tracing services.

38.     The calls at issue in this lawsuit occurred within the applicable statute of limitations as tolled by the doctrine set forth in *American Pipe & Construction. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The calls were made on or after December 23, 2006.  Plaintiffs seek recovery for each of these calls.

39.     As a result of aforementioned tenacious collection efforts, Plaintiffs were affected, both personally and individually, as he/she experienced an invasion of privacy, stress, anxiety, nervousness, hypertension, instability, worry, embarrassment, intimidation, and indignation.

### Allegations Applicable to Individual Plaintiffs

### Plaintiff Eli Terrell

40. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Terrell received calls from Defendant on his cellular telephone, (xxx) xxx-8413. On information and belief, the purpose for these calls was debt collection.

41.     Terrell is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

42.     Terrell has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

43.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Terrell's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Armando Aguilar**

44.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Aguilar received calls from Defendant on his cellular telephone, (xxx) xxx-6230. On information and belief, the purpose for these calls was debt collection.

45.     Aguilar is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

46.     Aguilar has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

47.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Aguilar's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Michael Arroyo**

48.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Arroyo received calls from Defendant on his cellular telephone, (xxx) xxx-7048. On information and belief, the purpose for these calls was debt collection.

49.     Arroyo is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

50.     Arroyo has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

51.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Arroyo's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Kevin Asbury**

52. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Asbury received calls from Defendant on his cellular telephone, (xxx) xxx-4802. On information and belief, the purpose for these calls was debt collection.

53.   Asbury is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

54.   Asbury has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

55.   As detailed in paragraphs 29-34 above, the calls made by Defendant to Asbury's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Misty Blevins**

56.   Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Blevins received calls from Defendant on her cellular telephone, (xxx) xxx-8449. On information and belief, the purpose for these calls was debt collection.

57.   Blevins is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

58.   Blevins has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

59.   As detailed in paragraphs 29-34 above, the calls made by Defendant to Blevins' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Athiena Byers**

60.   Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Byers received calls from Defendant on her cellular telephone, (xxx) xxx-1700 and (xxx) xxx-5424. On information and belief, the purpose for these calls was debt collection.

61.     Byers is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

62.     Byers has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

63.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Byers' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Twyler Bynum**

64.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Bynum received calls from Defendant on her cellular telephone, (xxx) xxx-9811. On information and belief, the purpose for these calls was debt collection.

65.     Bynum is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

66.     Bynum has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

67.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Bynum's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Patrick Chu**

68.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Chu received calls from Defendant on his cellular telephone, (xxx) xxx-8375. On information and belief, the purpose for these calls was debt collection.

69.     Chu is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

70.     Chu has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

71.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Chu's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Guy Connor**

72.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Connor received calls from Defendant on his cellular telephone, (xxx) xxx-7110. On information and belief, the purpose for these calls was debt collection.

73.     Connor is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

74.     Connor has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

75.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Connor's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Sebastian Fisichella**

76.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Fisichella r received calls from Defendant on his cellular telephone, (xxx) xxx-0367. On information and belief, the purpose for these calls was debt collection.

77.     Fisichella is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

78.     Fisichella has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

79.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Fisichella's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Yolanda Forte**

80.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Forte received calls from Defendant on her cellular telephone, (xxx) xxx-1197. On information and belief, the purpose for these calls was debt collection.

81.     Forte is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

82.     Forte has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

83.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Forte's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Ron Frazier**

84.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Frazier received calls from Defendant on his cellular telephone, (xxx) xxx-6142. On information and belief, the purpose for these calls was debt collection.

85.     Frazier is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

86.     Frazier has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

87.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Frazier's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Will Gabot**

88.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gabot received calls from Defendant on his cellular telephone, (xxx) xxx-3075 and (xxx) xxx-2442. On information and belief, the purpose for these calls was debt collection.

89.     Gabot is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

90.     Gabot has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

91.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gabot's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice.

**Plaintiff Jeffrey Gonic**

92.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gonic received calls from Defendant on his cellular telephone, (xxx) xxx-6247. On information and belief, the purpose for these calls was debt collection.

93.     Gonic is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

94.     Gonic has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

95.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gonic's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice.

**Plaintiff Barbara Gonzalez**

96.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gonzalez received calls from Defendant on her cellular telephone, (xxx) xxx-8286. On information and belief, the purpose for these calls was debt collection.

97.     Gonzalez is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

98.     Gonzalez has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

99.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gonzalez' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Kathleen Herzog**

100.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Herzog received calls from Defendant on her cellular telephone, (xxx) xxx-5444. On information and belief, the purpose for these calls was debt collection.

101.    Herzog is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

102.    Herzog has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

103.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Herzog's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff A.L. Ivey**

104.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Ivey received calls from Defendant on his cellular telephone, (xxx) xxx-8449. On information and belief, the purpose for these calls was debt collection.

105.    Ivey is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

106.    Ivey has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

107.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Ivey's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice.

**Plaintiff Deborah Jesse (Starkenburg)**

108.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Jesse received calls from Defendant on her cellular telephone, (xxx) xxx-0109. On information and belief, the purpose for these calls was debt collection.

109.    Jesse is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

110.    Jesse has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

111.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Jesse's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Ricki Justice**

112.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Justice received calls from Defendant on his cellular telephone, (xxx) xxx-4153. On information and belief, the purpose for these calls was debt collection.

113.    Justice is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

114.    Justice has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

115.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Justice's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Anthony Gustafson**

116.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gustafson received calls from Defendant on his cellular telephone, (xxx) xxx-6111. On information and belief, the purpose for these calls was debt collection.

117.     Gustafson is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

118.     Gustafson has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

119.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gustafson's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Earlina King

120.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Aguilar received calls from Defendant on her cellular telephone, (xxx) xxx-1127. On information and belief, the purpose for these calls was debt collection.

121.     King is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

122.     King has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

123.     As detailed in paragraphs 29-34 above, the calls made by Defendant to King's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Steve Kistiansen

124.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Kistiansen received calls from Defendant on his cellular telephone, (xxx) xxx-3598. On information and belief, the purpose for these calls was debt collection.

125.     Kistiansen is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

126.     Kistiansen has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

127.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Kistiansen's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Dan Lynch**

128.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Lynch received calls from Defendant on his cellular telephone, (xxx) xxx-1465. On information and belief, the purpose for these calls was debt collection.

129.    Lynch is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

130.    Lynch has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

131.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Lynch's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Julius Macatangay**

132.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Macatangay received calls from Defendant on his cellular telephone, (xxx) xxx-3371. On information and belief, the purpose for these calls was debt collection.

133.    Macatangay is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

134.    Macatangay has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

135.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Macatangay's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Julie Madden**

136.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Madden received calls from Defendant on her cellular telephone, (xxx) xxx-8879. On information and belief, the purpose for these calls was debt collection.

137.    Madden is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

138.    Madden has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

139.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Madden's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Tereda Mays**

140.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Mays received calls from Defendant on her cellular telephone, (xxx) xxx-5421. On information and belief, the purpose for these calls was debt collection.

141.    Mays is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

142.    Mays has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

143.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Mays's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Judith McLaughlin**

144.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, McLaughlin received calls from Defendant on her cellular telephone, (xxx) xxx-1841. On information and belief, the purpose for these calls was debt collection.

145.     McLaughlin is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

146.     McLaughlin has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

147.     As detailed in paragraphs 29-34 above, the calls made by Defendant to McLaughlin's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Janice Mercado (Apodaca)**

148.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Mercado received calls from Defendant on her cellular telephone, (xxx) xxx-5262. On information and belief, the purpose for these calls was debt collection.

149.     Mercado is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

150.     Mercado has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

151.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Mercado's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Juanita Ocanas**

152.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Ocanas received calls from Defendant on her cellular telephone, (xxx) xxx-6306. On information and belief, the purpose for these calls was debt collection.

153.     Ocanas is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

154.     Ocanas has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

155.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Ocanas' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Robin Rice**

156.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Rice received calls from Defendant on her cellular telephone, (xxx) xxx-3295. On information and belief, the purpose for these calls was debt collection.

157.    Rice is the subscriber on the account for his cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

158.    Rice has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

159.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Rice's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Bernard Robertson**

160.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Robertson received calls from Defendant on his cellular telephone, (xxx) xxx-7208. On information and belief, the purpose for these calls was debt collection.

161.    Robertson is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

162.    Robertson has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

163.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Robertson's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Cedar Shelley**

164.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Shelley received calls from Defendant on his cellular telephone, (xxx) xxx-7520. On information and belief, the purpose for these calls was debt collection.

165.    Shelley is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

166.    Shelley has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

167.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Shelley's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Aeirel Shoun**

168.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Shoun received calls from Defendant on her cellular telephone, (xxx) xxx-4196. On information and belief, the purpose for these calls was debt collection.

169.    Shoun is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

170.    Shoun has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

171.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Shoun's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Michael Slattery**

172.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Slattery received calls from Defendant on his cellular telephone, (xxx) xxx-4459. On information and belief, the purpose for these calls was debt collection.

173.     Slattery is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

174.     Slattery has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

175.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Slattery's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Kelly Smith**

176.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Smith received calls from Defendant on his cellular telephone, (xxx) xxx-9116. On information and belief, the purpose for these calls was debt collection.

177.     Smith is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

178.     Smith has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

179.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Smith's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Loni Smith**

180.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Loni Smith received calls from Defendant on her cellular telephone, (xxx) xxx-9705 and (xxx) xxx-9705. On information and belief, the purpose for these calls was debt collection.

181.     Loni Smith is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

182.     Smith has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

183.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Loni Smith's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Carolyn Wheeler**

184.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Wheeler received calls from Defendant on her cellular telephone, (xxx) xxx-5922. On information and belief, the purpose for these calls was debt collection.

185.     Wheeler is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

186.     Wheeler has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

187.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Wheeler's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Ta Mika Williams-Sharpley**

188.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Williams-Sharpley received calls from Defendant on her cellular telephone, (xxx) xxx-5790. On information and belief, the purpose for these calls was debt collection.

189.     Williams-Sharpley is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

190.     Williams-Sharpley has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

191.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Williams-Sharpley's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Tracy Smith**

192.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, T. Smith received calls from Defendant on her cellular telephone, (xxx) xxx-0921. On information and belief, the purpose for these calls was debt collection.

193.     T. Smith is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

194.     T. Smith has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

195.     As detailed in paragraphs 29-34 above, the calls made by Defendant to T. Smith's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Laura Catlett**

196.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Catlett received calls from Defendant on her cellular telephone, (xxx) xxx-6889. On information and belief, the purpose for these calls was debt collection.

197.     Catlett is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

198.     Catlett has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

199.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Catlett's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Bryan LaMie

200.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, LaMie received calls from Defendant on his cellular telephone, (xxx) xxx-4911 and (xxx) xxx-8099. On information and belief, the purpose for these calls was debt collection.

201.    LaMie is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

202.    LaMie has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

203.    As detailed in paragraphs 29-34 above, the calls made by Defendant to LaMie's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Lorenz Worthy

204.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Worthy received calls from Defendant on his cellular telephone, (xxx) xxx-9830. On information and belief, the purpose for these calls was debt collection.

205.    Worthy is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

206.    Worthy has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

207.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Worthy's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Rikki-Anne Rebelez

208.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Rebelez received calls from Defendant on her cellular telephone, (xxx) xxx-0526. On information and belief, the purpose for these calls was debt collection.

209.     Rebelez is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

210.     Rebelez has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

211.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Rebelez' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Akeli Smith**

212.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, A. Smith received calls from Defendant on her cellular telephone, (xxx) xxx-2061. On information and belief, the purpose for these calls was debt collection.

213.     A. Smith is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

214.     A. Smith has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

215.     As detailed in paragraphs 29-34 above, the calls made by Defendant to A. Smith's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Donald Balowski**

216.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Balowski received calls from Defendant on his cellular telephone, (xxx) xxx-6157. On information and belief, the purpose for these calls was debt collection.

217.     Balowski is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

218.     Balowski has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

219.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Balowski's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Chenelle McCall**

220.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, McCall received calls from Defendant on her cellular telephone, (xxx) xxx-9121. On information and belief, the purpose for these calls was debt collection.

221.    McCall is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

222.    McCall has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

223.    As detailed in paragraphs 29-34 above, the calls made by Defendant to McCall's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Jane Dean**

224.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Dean received calls from Defendant on her cellular telephone, (xxx) xxx-8175. On information and belief, the purpose for these calls was debt collection.

225.    Dean is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

226.    Dean has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

227.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Dean's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Bret Burroughs**

228.   Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Burroughs received calls from Defendant on his cellular telephone (xxx) xxx-0113. On information and belief, the purpose for these calls was debt collection.

229.   Burroughs is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

230.   Burroughs has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

231.   As detailed in paragraphs 29-34 above, the calls made by Defendant to Burroughs's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Shad Finney**

232.   Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Finney received calls from Defendant on her cellular telephone, (xxx) xxx-2984. On information and belief, the purpose for these calls was debt collection.

233.   Finney is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

234.   Finney has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

235.   As detailed in paragraphs 29-34 above, the calls made by Defendant to Finney's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Christopher Zimmerman**

236.   Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Zimmerman received calls from Defendant on his cellular telephone (xxx) xxx-1211. On information and belief, the purpose for these calls was debt collection.

237.     Zimmerman is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

238.     Zimmerman has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

239.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Zimmerman's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Pamela Walker

240.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Walker received calls from Defendant on her cellular telephone, (xxx) xxx-2861. On information and belief, the purpose for these calls was debt collection.

241.     Walker is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

242.     Walker has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

243.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Walker's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff David Kern

244.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Kern received calls from Defendant on his cellular telephone (xxx) xxx-2472. On information and belief, the purpose for these calls was debt collection.

245.     Kern is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

246.     Kern has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

247.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Kern's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Ari Mello Bleich**

248.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Bleich received calls from Defendant on her cellular telephone (xxx) xxx-6499. On information and belief, the purpose for these calls was debt collection.

249.     Bleich is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

250.     Bleich n has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

251.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Bleich's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Raymond Shoup**

252.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Shoup received calls from Defendant on his cellular telephone (xxx) xxx-8690. On information and belief, the purpose for these calls was debt collection.

253.     Shoup is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

254.     Shoup has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

255.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Shoup's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Karen Wilson**

256.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Wilson received calls from Defendant on her cellular telephone (xxx) xxx-9962. On information and belief, the purpose for these calls was debt collection.

257.     Wilson is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

258.     Wilson has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

259.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Wilson's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Jeffrey Frischmann**

260.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Frischmann received calls from Defendant on his cellular telephone (xxx) xxx-4487. On information and belief, the purpose for these calls was debt collection.

261.     Frischmann is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

262.     Frischmann has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

263.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Frischmann's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff James Curry**

264.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Curry received calls from Defendant on his cellular telephone (xxx) xxx-1895. On information and belief, the purpose for these calls was debt collection.

265.     Curry is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

266.     Curry has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

267.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Curry's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Lafell Strickland**

268.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Strickland received calls from Defendant on her cellular telephone (xxx) xxx-8843. On information and belief, the purpose for these calls was debt collection.

269.     Strickland is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

270.     Strickland has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

271.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Strickland's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Danielle Crane**

272.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Crane received calls from Defendant on her cellular telephone (xxx) xxx-1795. On information and belief, the purpose for these calls was debt collection.

273.     Crane is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

274.     Crane has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

275.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Crane's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Forrest Needs

276.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Needs received calls from Defendant on his cellular telephone (xxx) xxx-1148. On information and belief, the purpose for these calls was debt collection.

277.     Needs is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

278.     Needs has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

279.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Needs' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Crystal Wigington

280.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Wigington received calls from Defendant on her cellular telephone (xxx) xxx-9565. On information and belief, the purpose for these calls was debt collection.

281.     Wigington is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

282.     Wigington has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

283.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Wigington's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Robbie Allen Braathen**

284.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Braathen received calls from Defendant on her cellular telephone (xxx) xxx-3709. On information and belief, the purpose for these calls was debt collection.

285.    Braathen is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

286.    Braathen has not provided Defendant with her cellular telephone number or permission to call his cellular telephone.

287.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Braathen's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Rolando Fergerson**

288.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Fergerson received calls from Defendant on his cellular telephone (xxx) xxx-xxxx (Fergerson does not recall the specific cell number). On information and belief, the purpose for these calls was debt collection.

289.    Fergerson is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

290.    Fergerson has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

291.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Fergerson's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Chris Shackelford**

292.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Shackelford received calls from Defendant on his cellular telephone (xxx) xxx-8112. On information and belief, the purpose for these calls was debt collection.

293.    Shackelford is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

294.    Shackelford has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

295.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Shackelford's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Cheryl Willis**

296.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Willis received calls from Defendant on her cellular telephone (xxx) xxx-1539. On information and belief, the purpose for these calls was debt collection.

297.    Willis is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

298.    Willis has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

299.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Willis's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Michael Merholz**

300.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Merholz received calls from Defendant on his cellular telephone (xxx) xxx-8029. On information and belief, the purpose for these calls was debt collection.

301.     Merholz is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

302.     Merholz has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

303.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Merholz's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Diane Gould

304.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gould received calls from Defendant on her cellular telephone (xxx) xxx-3742. On information and belief, the purpose for these calls was debt collection.

305.     Gould is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

306.     Gould has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

307.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gould's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Taneaka Rowe-Houser

308.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Rowe-Houser received calls from Defendant on her cellular telephone (xxx) xxx-0510. On information and belief, the purpose for these calls was debt collection.

309.     Rowe-Houser is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

310.     Rowe-Houser has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

311.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Rowe-Houser's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Ben Solomon**

312.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Soloman received calls from Defendant on his cellular telephone (xxx) xxx-8101. On information and belief, the purpose for these calls was debt collection.

313.    Soloman is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

314.    Soloman has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

315.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Soloman s cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Nadine Guzman**

316.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Guzman received calls from Defendant on her cellular telephone (xxx) xxx-xxxx (Guzman does not remember the number on which she was called). On information and belief, the purpose for these calls was debt collection.

317.    Guzman is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

318.    Kern has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

319.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Guzman's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Randall Rhodes**

320.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Rhodes received calls from Defendant on his cellular telephone (xxx) xxx-0737. On information and belief, the purpose for these calls was debt collection.

321.     Rhodes is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

322.     Rhodes has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

323.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Rhodes's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Joe Harris**

324.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Harris received calls from Defendant on his cellular telephone (xxx) xxx-1319. On information and belief, the purpose for these calls was debt collection.

325.     Harris is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

326.     Harris has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

327.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Harris' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Eugene Gravette**

328.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gravette received calls from Defendant on his cellular telephone (xxx) xxx-9588. On information and belief, the purpose for these calls was debt collection.

329.     Gravette is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

330.     Gravette has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

331.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gravette's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Tiffany Deckard**

332.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Deckard received calls from Defendant on her cellular telephone (xxx) xxx-6239. On information and belief, the purpose for these calls was debt collection.

333.     Deckard is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

334.     Deckard has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

335.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Deckard's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Rebecca Buchstien**

336.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Bushstien received calls from Defendant on her cellular telephone (xxx) xxx-3646. On information and belief, the purpose for these calls was debt collection.

337.     Bushstien is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

338.     Bushstien has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

339.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Bushstien's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Jerry Clark**

340.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Clark received calls from Defendant on his cellular telephone (xxx) xxx-3588. On information and belief, the purpose for these calls was debt collection.

341.     Clark is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

342.     Clark has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

343.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Clark's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Jerri Williams**

344.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Williams received calls from Defendant on her cellular telephone (xxx) xxx-0230. On information and belief, the purpose for these calls was debt collection.

345.     Williams is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

346.     Williams has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

347.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Williams' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Zuleika Collins**

348. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Collins received calls from Defendant on her cellular telephone (xxx) xxx-6700. On information and belief, the purpose for these calls was debt collection.

349. Collins is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

350. Collins has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

351. As detailed in paragraphs 29-34 above, the calls made by Defendant to Collins's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff LaRhonda Butler**

352. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Butler received calls from Defendant on her cellular telephone (xxx) xxx-6282. On information and belief, the purpose for these calls was debt collection.

353. Butler is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

354. Butler has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

355. As detailed in paragraphs 29-34 above, the calls made by Defendant to Butler's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Kimberly Davis**

356. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Davis received calls from Defendant on her cellular telephone (xxx) xxx-8235. On information and belief, the purpose for these calls was debt collection.

357.     Davis is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

358.     Davis has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

359.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Davis's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Nemiah Nevitt

360.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Nevitt received calls from Defendant on his cellular telephone (xxx) xxx-6700. On information and belief, the purpose for these calls was debt collection.

361.     Nevitt is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

362.     Nevitt has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

363.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Nevitt's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Leslie Lambert

364.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Lambert received calls from Defendant on her cellular telephone (xxx) xxx-6700. On information and belief, the purpose for these calls was debt collection.

365.     Lambert is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

366.     Lambert has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

367.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Lambert's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Barbara Harris-Green**

368.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Harris-Green received calls from Defendant on her cellular telephone (xxx) xxx-9554. On information and belief, the purpose for these calls was debt collection.

369.    Harris-Green is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

370.    Harris-Green has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

371.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Harris-Green's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Cleve Phillips**

372.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Phillips received calls from Defendant on his cellular telephone (xxx) xxx-7059. On information and belief, the purpose for these calls was debt collection.

373.    Phillips is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

374.    Phillips has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

375.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Phillips' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Joanne Gonzalez-Rosario**

376.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Gonzalez-Rosario received calls from Defendant on her cellular telephone (xxx) xxx-1068. On information and belief, the purpose for these calls was debt collection.

377.     Gonzalez-Rosario is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

378.     Gonzalez-Rosario has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

379.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Gonzalez-Rosario's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Australia Downs**

380.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Downs received calls from Defendant on her cellular telephone (xxx) xxx-7276. On information and belief, the purpose for these calls was debt collection.

381.     Downs is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

382.     Downs has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

383.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Downs' cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Sarah Meacham**

384.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Meacham received calls from Defendant on her cellular telephone (xxx) xxx-9715. On information and belief, the purpose for these calls was debt collection.

385.    Meacham is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

386.    Meacham has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

387.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Meacham's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Piankhi Sankofa**

388.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Sankofa received calls from Defendant on his cellular telephone (xxx) xxx-7329. On information and belief, the purpose for these calls was debt collection.

389.    Sankofa is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

390.    Sankofa has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

391.    As detailed in paragraphs 29-34 above, the calls made by Defendant to Sankofa's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Debra Callies**

392.    Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Callies received calls from Defendant on her cellular telephone (xxx) xxx-9211. On information and belief, the purpose for these calls was debt collection.

393.     Callies is the subscriber on the account for her cellular telephone and is charged for calls made to her cellular telephone via a monthly charge.

394.     Callies has not provided Defendant with her cellular telephone number or permission to call her cellular telephone.

395.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Callies s cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Thomas Lettrich

396.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Lettrich received calls from Defendant on his cellular telephone (xxx) xxx-2183. On information and belief, the purpose for these calls was debt collection.

397.     Lettrich is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

398.     Lettrich has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

399.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Lettrich's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

### Plaintiff Eduaro Bautista

400.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Bautista received calls from Defendant on his cellular telephone (xxx) xxx-6534. On information and belief, the purpose for these calls was debt collection.

401.     Bautista is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

402.     Bautista has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

403.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Bautista's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff David Edwin Callahan**

404.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Callahan received calls from Defendant on his cellular telephone (xxx) xxx-9867. On information and belief, the purpose for these calls was debt collection.

405.     Callahan is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

406.     Callahan has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

407.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Callahan's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff James Scott Kelley**

408.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Kelley received calls from Defendant on his cellular telephone (xxx) xxx-7088. On information and belief, the purpose for these calls was debt collection.

409.     Kelley is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

410.     Kelley has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

411.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Kelley's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Michael Fowler**

412.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Fowler received calls from Defendant on his cellular telephone (xxx) xxx-0303. On information and belief, the purpose for these calls was debt collection.

413.     Fowler is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

414.     Fowler has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

415.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Fowler's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Plaintiff Hussein Mehdi**

416.     Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Mehdi received calls from Defendant on his cellular telephone (xxx) xxx-7873. On information and belief, the purpose for these calls was debt collection.

417.     Mehdi is the subscriber on the account for his cellular telephone and is charged for calls made to his cellular telephone via a monthly charge.

418.     Mehdi has not provided Defendant with his cellular telephone number or permission to call his cellular telephone.

419.     As detailed in paragraphs 29-34 above, the calls made by Defendant to Mehdi's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

**Legal Claims**

**Violation of the TCPA:** Each of the respective Plaintiffs brings a separate cause of action in their individual behalf for violations of the TCPA's provisions prohibiting auto-dialed and prerecorded message calls to cell phones.

420.    Each of the respective Plaintiffs incorporate the allegations from all of the previous paragraphs as if fully set forth herein.

421.    Defendant makes outgoing calls to consumers and others in the regular course of its business. Defendant called each of the respective Plaintiff's cellular telephone number(s).

422.    Defendant placed calls to each of the respective Plaintiffs using Predictive Dialers. The Predictive Dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendants called at the time the call was made. Rather, the Predictive Dialers electronically dialed each of the respective Plaintiff's cellular telephones in an automated fashion. The Predictive Dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The Predictive Dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

423.    Defendant did not and did not obtain legally effective prior express consent to call each of the respective Plaintiff's cellular telephone numbers.

424.    Defendant repeatedly placed non-emergency telephone calls to each of the respective Plaintiff's cellular telephone number using an automatic telephone dialing system or prerecorded or artificial voice without each of the respective Plaintiff's prior express consent in violation of the federal law, including 47 U.S.C. §227(b)(1)(A)(iii). Thus, Defendant violated the TCPA by initiating a telephone call using an automated dialing system or prerecorded voice to each of the respective Plaintiff's telephone number assigned to a cellular telephone service.

425.   Each of the respective Plaintiffs has listed the cell numbers on which they believe they were called.  With regard to some Plaintiffs the numbers cannot be remembered or there may be additional numbers not listed above.  If Defendant called the respective Plaintiffs at numbers not listed above, each of the respective Plaintiffs seeks damages for those calls as well.

426.   Each of the respective Plaintiffs is informed, believes and alleges that Defendant's violations of the TCPA described above were done willfully and knowingly.

427.   The willful and knowing nature of Defendant's conduct is exhibited in part by the following facts:

a.   Defendant is a large entity with access to legal advice through its own regulatory department and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

b.   Defendant knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

c.   Defendant knew that each of the respective Plaintiffs had not consented to calls to his/her cell phone as in many cases Defendant only received Plaintiffs' cell phone from skip-tracing;

d.   Some Plaintiffs told Defendant to quit calling his/her cell phone yet Defendant continued to call;

e.   Upon information and belief Defendant knew that permission was required before Defendant could call any of the respective Plaintiff's cell phone using an auto-dialer or a prerecorded voice; and

f.   Upon information and belief Defendant was aware of the requirements of the TCPA, but choose to not to comply with those requirements.

428. Each of the respective Plaintiffs are entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

**Relief Sought**

429. Each of the respective Plaintiffs requests the following relief:

  a. That Defendant be found liable under the TCPA and each of the respective Plaintiffs be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each willful/knowing violation of the TCPA with respect to that individual Plaintiff;

  b. Each of the respective Plaintiffs be granted other relief as is just and equitable under the circumstances.

**Each of the respective Plaintiffs requests a jury trial as to all claims of the complaint so triable.**

**Respectfully submitted,**

By:   */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiffs**

**Certificate of Conference**

The undersigned certifies that this Third Amended Complaint is being filed pursuant to the Court's instructions from the bench in which the Court gave counsel for Plaintiffs until December 28, 2016 to file a new complaint or an amended complaint with regard to the opt-outs counsel represents. Additionally, on December 27, 2016, the undersigned conferred with Xerxes Martin, counsel for Defendant, and counsel for Defendant consents to the filing of this Third Amended Complaint pursuant to FRCP 15(a)(2).

By:   */s/ Chris R. Miltenberger*
Chris R. Miltenberger

**Certificate of Service**

The undersigned certifies that on December 28, 2016, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. As such, this document was served on all counsel of record who are deemed to have consented to electronic service.

By:   */s/ Chris R. Miltenberger*
Chris R. Miltenberger