# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>Member cases:<br>　All member cases<br><br>Hon. John A. Houston<br><br>**CONSENT DECREE** |

Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Frederick L. Jury, and Danny Allen and Class Counsel, Ethan Preston and Preston Law Offices and James O. Latturner and Edelman, Combs, Latturner & Goodwin, LLC ("Plaintiffs") and Kimberly Bartlett, Karen Harvey, and their respective counsel, Henry A. Turner of Turner Law Offices, LLC, Samuel M. Hill of the Law Offices of Sam Hill, LLC, and Maurice Arcadier of Arcadier & Associates, P.A. ("Turner"), (collectively "the Parties") hereby agree to be bound by the provisions of this Consent Decree and to the injunctive relief set forth herein.

1.　Turner, on behalf of themselves, their assigns, heirs, executors, successors, and predecessors, and their past, present and future members, officers, directors, principals, employees, servants, agents, representatives, predecessors, successors, partners  clients, insurers, reinsurers, accountants, and attorneys, and each of them jointly and severally release and discharge Plaintiffs, their assigns, heirs, executors, successors, and predecessors, and their past, present and future members, officers, directors, principals, employees, servants, agents,

representatives, predecessors, successors, partners, clients, insurers, reinsurers, accountants, and attorneys from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, as of the Effective Date. In particular, but without limitation, Turner shall waive the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine), and do so understanding the significance of that waiver. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Turner understands and acknowledges the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.

2. Plaintiffs, on behalf of themselves, their assigns, heirs, executors, successors, and predecessors, and their past, present and future members, officers, directors, principals, employees, servants, agents, representatives, predecessors, successors, partners clients, insurers, reinsurers, accountants, and attorneys, and each of them jointly and severally release and discharge Turner, their assigns, heirs, executors, successors, and predecessors, and their past, present and future members, officers, directors, principals, employees, servants, agents, representatives, predecessors, successors, partners, clients, insurers, reinsurers, accountants, and attorneys from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected,

whether in law or in equity, as of the Effective Date. In particular, but without limitation, Plaintiffs shall waive the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine), and do so understanding the significance of that waiver. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.

    3.    In exchange for the releases and other consideration given by Turner, Plaintiffs consent to the following relief:

    A.    The Court finds that the following documents are withdrawn with prejudice: (1) National Plaintiffs' Motion to Sanction Turner Plaintiffs and Turner Plaintiffs' Counsel (ECF No. 452); (2) National Plaintiffs Opposition to Bartlett and Harvey Counsel's Motion for Fees (ECF No. 447).

    B.    With respect to Turner's application for attorneys' fees from the common fund styled Motion for Attorneys' Fees (ECF No. 430), the Court finds:

    (1)    that Plaintiffs take no position with respect to the Turner Motion for attorneys' fees from the common fund;

    (2)    that Plaintiffs have released any right or claim to appeal any order with respect to the Motion for attorneys' fees from the common fund, if any, and further enjoins any such appeal.

    4.    In exchange for the releases and other consideration given by Plaintiffs, Turner consent to the following relief:

      A.    The Court finds Turner waives all opposition to the relief sought in National Plaintiffs' Motion for a Permanent Injunction Under the All Writs Act, 28 U.S.C. § 1651 (ECF No. 474), and further states that no such opposition shall be considered by the Court;

      B.    Based on the relief provided in this Consent Decree, and Turner's consent to and agreement with this Consent Decree, the Court finds that Turner have released any right or claim to appeal any orders of this Court, including, but not limited to:

      (1) any order relating to (i) the award of attorneys' fees or incentive awards;

      (2) any order related to Bartlett and Harvey Consolidated Objection to Final Approval of the Settlement (ECF No. 441); and

      (3) any order relating to the granting of final approval of Plaintiffs' Settlement with PRA in this Action.

      C.    The Court hereby enjoins any such appeals by Turner.

5.    Plaintiffs disclose to this Court that this Consent Decree is Plaintiffs only agreement with Turner made in connection with the Settlement. Plaintiffs' truthful response to any inquiry by the Court regarding any matter relating to this action or the Settlement with PRA, including this Consent Decree or any application for fees, shall not constitute a violation of this Consent Decree.

6.    The Court retains continuing and exclusive jurisdiction over all matters relating to this Consent Decree, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Consent Decree, notwithstanding the dismissal of the Action. The Parties consent to the Court retaining such jurisdiction.

7. The Court finds that the record on the attorneys' fee applications is complete. The Court orders the Parties not to submit any further briefing on the attorneys' fee applications, and finds it will not consider any further briefing.

IT IS SO ORDERED.

Dated: <u>January 4, 2017</u>

THE HON. JOHN A. HOUSTON
U.S. DISTRICT COURT JUDGE