# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>**This Document Relates to all Member Cases** | Case No. 11md02295-JAH-BGS<br><br>**ORDER ON COMMON BENEFIT FUND** |

## I. SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in the PRA Telephone Consumer Protection Act Litigation.

**A. Governing Principles and the Common Benefit Plan**

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough,* 105 U.S. 527 (1881): refined in inter alia, *Central Railroad & Banking Co. v. Pettus,* 113 U.S.

116 (1884); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Ute Co.,* 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980); and approved and implemented in the MDL context, in inter alia, *In re Air Crash Disaster at Florida Everglades*on December 29, 1972, 549 F.2d 1006, 1019-21 (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litigation,* 660 F.Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, and motion practice and all other work that advances this litigation to conclusion.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as the *In Re Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, MDL 2295. This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court.

### II. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section. Specifically, said expenses must be: (a) for the common benefit; (b) appropriately authorized; (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm. Time and expense submissions are to be made on August 15, 2017 for all time and expenses incurred prior to August

1, 2017 and on the 15th of every other month, beginning on October 15, 2017. Each submission after the August 15, 2017 submission should contain all time and expenses incurred during the two calendar months prior to the submission date (i.e., the October 15, 2017 submission should include all time and expenses incurred during the months of August and September, 2017). All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of this Order shall be considered for common benefit reimbursement.

**B. Shared and Held Common Benefit Expenses**

   **1. Shared Costs**

Shared Costs are costs incurred for the common benefit of all plaintiffs. All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to payment. Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case-specific depositions; (c) costs necessary for creation of a document depository, the operation and administration of the depository, and any equipment required for the depository; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) group administration matters such as meetings and conference calls; (f) accountant fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third party vendors/consultants/attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, and (m) special master and/or mediator

charges.

## 2. Held Costs

Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client related costs shall be considered as Held Costs.

## C. Expenses Limitations
## 1. Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs Co-Lead Counsel, all travel reimbursements are subject to the following Limitations:

i. Airfare: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs Co-Lead Counsel in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.

ii. Hotel: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not

be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

    iii.    Meals: Meal expenses must be reasonable.

    iv.    Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    v.    Rental Automobiles: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

    vi.    Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.535 per mile).

**2. Non-Travel Limitations**

    i.    Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

ii. Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

iii. Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

iv. In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.15 per page.

v. Computerized Research Lexis/Westlaw: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**D. Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit.

//
//
//
//
//

# III. COMMON BENEFIT WORK

## A. Qualified Common Benefit Work Eligible for Reimbursement

Only Co-Lead Counsel and those who they authorize to perform legal services in this litigation ("Participating Counsel") are eligible for reimbursement for time and efforts expended for the common benefit. Co-Lead Counsel and Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are: (a) for the common benefit; (b) appropriately authorized; (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

## B. Compensable Common Benefit Work

As the litigation progresses and common benefit work product continues to be generated, the Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, maintenance and working in the depository; review and document coding; expert retention and development authorized by Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts.

## C. Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Counsel shall keep a daily record of time spent in connection with common benefit work on this litigation, indicating with specificity the hours and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently

detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments.

## IV. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fund

Co-Lead Counsel is directed to establish an interest-bearing account to receive and disburse funds as provided in this Order. The fund shall be designated the "PRA TCPA MDL Fund" (the "Fund"). This Fund will be held subject to the direction of this Court. By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as Escrow Agent over the Fund and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Fund. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs, The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Fund and shall be considered a shared cost.

### B. Payments into the PRA TCPA MDL Fund

**1. General Standards**

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such statutory and compensatory damages, with respect to TCPA claims are subject to an assessment of the gross monetary recovery, as provided herein. The

assessment shall apply to all of the cases now pending in this MDL or later filed in, transferred to, or removed to the PRA Telephone Consumer Protection Act Litigation MDL in this Court, as described further below.

2. **Gross Monetary Recovery**

"Gross Monetary Recovery" means includes any and all amounts agreed to be paid to plaintiffs and/or their respective counsel by Defendant through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to include the present value of any fixed and certain payments to be made in the future.

3. **Defendant's and Plaintiffs' Obligations**

The parties' obligations in this section are effective immediately upon entry of this Order.

Defendant is directed to deposit the Gross Monetary Recovery directly into the Fund and such deposit shall fully satisfy all of Defendant's obligations as to payment of such deposited amounts pursuant to the applicable settlement or judgment. Defendant and its counsel shall not distribute any settlement proceeds to any plaintiff's counsel (or directly to a plaintiff) and all plaintiffs and their counsel in cases now pending in this MDL or later filed in, transferred to, or removed to the PRA Telephone Consumer Protection Act Litigation MDL in this Court agree that Defendant's payment into the Fund pursuant to entry of this Order by the Court shall fully satisfy Defendant's obligations as to payment of such deposited amounts pursuant to the applicable settlement or judgment.

After receipt of the Gross Monetary Recovery, the CPA, without further order from the Court, shall promptly distribute ninety-two percent (92%) of the Gross Monetary Recovery to the plaintiff and counsel for the settling plaintiff. The CPA shall withhold eight percent (8%) from the Gross Monetary Recovery as an assessment to pay attorneys' fees and costs in this MDL litigation (the "Assessment"). If, for any reason, the Assessment is not or has not been so withheld, the plaintiff and his/her counsel are jointly responsible for paying the Assessment into the Fund promptly. The CPA shall provide to the Court or its designee at least quarterly notice of the party names and docket numbers of the cases for which it has received a Gross Monetary Recovery, the status of the CPA's Assessment(s) for such Gross Monetary Recovery, and any distributions from the Fund since the last such report. A report is not due if there are no Gross Monetary Recovery payments made into the Fund, any Assessments, or any distributions made from the Fund during that quarter. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, the Court, or the Court's designee, unless the Court requests that it receive that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead Counsel and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

//
//
//
//
//
//
//

# V. DISTRIBUTIONS

## A. Court Approval

The Assessments deposited into the Fund shall be available for distribution to co-Lead Counsel and Participating Counsel and their respective staff who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. Distributions of the Assessments from the Fund will be made by the CPA after Court approval. This Court retains jurisdiction over any common benefit award or distribution.

## B. Application for Distribution

Each Co-Lead Counsel and Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court.

## C. Remaining Balance in Fund

Any balance of Assessments remaining in the Fund at the conclusion of the MDL aspect of the litigation and after approved all fees and expenses have been paid will be returned on a pro rata basis to the plaintiffs and their counsel who settled cases and on whose behalf Defendant contributed to the Fund. If at the conclusion of the MDL aspect of this litigation there are not sufficient funds to pay the approved fees and expenses, Defendant will continue to contribute to the Fund from the remaining cases that have not yet settled or had judgments entered in the MDL Court and that

were returned to their original court, until the entirety of the approved expenses and costs have been paid.

DATED: October 23, 2017

_____
JOHN A. HOUSTON
United States District Judge