Chris R. Miltenberger (TX Bar # 14171200)
chris@crmlawpractice.com
**Law Office of Chris R. Miltenberger, PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
Phone: (817) 416-5060
Fax: (817) 416-5062

Co-Lead Counsel for the Plaintiffs with Member Cases

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Co-Lead Counsel for the Plaintiffs with Member Cases

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>**This Document Relates to all Member Cases** | Case No. 11md02295-JAH-BGS<br><br>Hon. John A. Houston<br>Hon. Bernard G. Skomal<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND FACT DISCOVERY DEADLINE BY 45 DAYS FOR DISCOVERY ON CYBER CITY TELESERVICES** |

    Co-Lead Counsel for Plaintiffs with Member Cases submits the following unopposed motion to continue the deadline for non-expert discovery by 45 days so that Plaintiffs can propound written discovery on and depose a representative of Cyber City Teleservices ("CCT"), a third-party vendor utilized by Defendant to dial telephone calls to Plaintiffs. This request will not impact any of the other dates in the Court's June 29, 2017 Case Management Order.

    Co-Lead Counsel are charged with the responsibility of litigating whether the dialing systems used by Defendant constitute an automatic telephone dialing system

1  under the TCPA. Specifically, the courts June 9, 2017 Order specifies that:

2  The parties are granted limited discovery on the number of calls, dates
3  of calls, along with notes associated with these calls and the nature or type of calling system (ATDS or other system) used by Defendant to
4  place said calls, as directed by the magistrate judge.

5  DE 597, ¶ 8. The Order further specifies that after discovery the Court will "entertain
6  a motion(s) for summary judgment or summary adjudication on the issues relating to
7  the nature of Defendant's telephone dialing systems." DE 597, ¶ 9.

8       Plaintiffs have diligently pursued fact discovery to identify each of the Dialers
9  used by Defendant and the functionalities and capabilities of each of those Dialers.
10  Despite the discovery timely initiated and completed by Plaintiffs, the existence of an
11  additional Dialer and the use of an outsourced vendor only became known during the
12  deposition of Defendant's corporate representative on Tuesday, November 14, 2017.
13  During the deposition Josh Cherkasly he identified CCT as a company that provided
14  outsourced dialing for Defendant and identified a dialing method used by CCT that
15  had not been previously identified by Defendant in response to written discovery
16  request.

17       The Declaration of Chris R. Miltenberger is submitted in support of the
18  following facts.

19       The dialing method at issue is an alleged click to dial mode allegedly used by
20  CCT. As evidenced by Defendant's initial responses to Plaintiffs' interrogatory
21  number one, the CCT Dialer was not identified as a Dialer used by Defendant. *See*
22  Exhibit A, pages 5-7.

23       In response to interrogatory number 6, no outsourced vendors were identified
24  by Defendant. *See* Exhibit A, pages 10-11.

25       In response to interrogatory number 15, the CCT click to dial Dialer was
26  described as referencing a dialing mode developed by Asimut Technologies. *See*
27  Exhibit B, pages 4-5.

28       Each of these interrogatory answers was amended on November 20, 2017 and

served on November 21, 2017 to identify CCT as a separate vendor and the CCT Click to Dial dialing mode as a separate Dialer. *See*, Exhibit C, page 7 of amendment to Interrogatory 1 and pages 5-7 to amendment to Interrogatories 6 and 15.

Additionally, each of the Dialers was listed as a topic about which the corporate representative of Defendant was requested to testify. *See* Exhibit D, pages 3-4. No objections were made to these specific topics. Mr. Cherkasly testified that as a representative of Defendant he was not prepared to testify about the Dialer identified as the CCT Click to Dial mode.

Upon the completion of the depositions of the corporate representative of Defendant and the corporate representative of Asimut Technologies, Plaintiffs realized that in order to provide evidence to this Court in their motion for summary judgment regarding whether each of the Dialers used by Defendant constitutes an automated telephone dialing system under the TCPA, Plaintiffs would need to engage in written discovery and a deposition of a representative of CCT so that the Dialer used by CCT can be accurately represented and described to the Court.

Co-Lead Counsel for Plaintiffs with Member cases brings this motion not in an effort to delay or harass but to complete legitimately needed discovery.

This motion is not opposed by Defendant. Accordingly, Plaintiffs request that the Court grant an additional 45-day period during which Plaintiffs can take written and oral discovery from CCT. No other discovery deadlines are requested to be extended.

**Respectfully submitted,**     **Law Office of Chris R. Miltenberger, PLLC**

By: *s/ Chris R. Miltenberger*
Co-Lead Counsel for the Plaintiffs with Member Cases
E-mail: chris@crmlawpractice.com

**Lester & Associates**

By: *s/ Patric A. Lester*
Co-Lead Counsel for the Plaintiffs with Member Cases
E-mail: pl@lesterlaw.com

**Certificate of Conference**

I certify that on November 21, 2017 I discussed the above motion with Jennifer Robbins, Counsel for Defendant, and Defendant does not oppose the extension of discovery with regard to Cyber City Teleservices.

By: *s/ Chris R. Miltenberger*
Co-Lead Counsel for the Plaintiffs with Member Cases
E-mail: chris@crmlawpractice.com