Christopher W. Madel, MN Reg. No. 230297
Jennifer M. Robbins, MN Reg. No. 387745
Cassandra B. Merrick, MN Reg. No. 396372
**MADEL PA**
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
cmadel@madellaw.com
jrobbins@madellaw.com
cmerrick@madellaw.com
Telephone: 612-605-0630
Facsimile: 612-326-9990

*Attorneys for Defendants*
*Portfolio Recovery Associates, LLC, PRA Group, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>This Document Relates to All Member Cases | Case No.: 11-md-2295-JAH-BGS<br><br>**Memorandum of Points and Authorities in Support of Motion to Stay Pending Ninth Circuit Court of Appeals' Ruling on Constitutionality of the TCPA** |

## **TABLE OF CONTENTS**

**PAGE NO.**

**TABLE OF AUTHORITIES** ..................................................................... ii

**BACKGROUND** ...........................................................................2

**ARGUMENT** ...............................................................................4

   I.     LEGAL STANDARD .........................................................4

       A.   *A STAY WILL PROMOTE JUDICIAL ECONOMY* ........................................5

       B.   *PRA FACES SUBSTANTIAL HARDSHIP IF THIS CASE IS NOT STAYED...*7

       C.   *PLAINTIFFS WILL SUFFER NO HARM FROM A STAY*…………………........8

**CONCLUSION** ...........................................................................**10**

i

1

## <u>TABLE OF AUTHORITIES</u>

2

3
**PAGE NO.**

4
**CASES**

5
*Am. Ass'n of Political Consultants v. Sessions*

6
323 F. Supp. 3d 737 (E.D.N.C. 2018) ....................................................3

7
*Brickman v. Facebook, Inc.*

8
230 F. Supp. 3d 1036 (N.D. Cal. 2017).............................................2, 3

9
*Brickman v. Facebook, Inc.*

10
No. 17-80080 (9th Cir. docketed May 9, 2017) ....................................1

11
*Cahaly v. Larosa*

12
796 F.3d 399 (4th Cir. 2015) ...............................................................3

13
*City of Boerne v. Flores*

14
521 U.S. 507 (1997)...............................................................................3

15
*Clinton v. Jones*

16
520 U.S. 681 (1997)...............................................................................4

17
*CMAX, Inc. v. Hall*

18
300 F.2d 265 (9th Cir. 1962) ............................................................5, 8

19
*Desarrollo Urbanistico Del Pacifico v. Genetics Reference Lab. US, LLC*

20
No. 15-cv-1729 JAH(DHB) (S.D. Cal. Oct. 18, 2017) ........................5

21
*DISH Network Corp. v. FCC*

22
653 F.3d 771 (9th Cir. 2011) .............................................................3, 4

23
*Duguid v. Facebook, Inc.*

24
No. 17-15320 (9th Cir. docketed Feb. 23, 2017).................................1

25
*Foti v. City of Menlo Park*

26
146 F.3d 629 (9th Cir. 1998) .............................................................3, 4

27

ii

28

*Gallion v. Charter Commc'ns, Inc.*

    287 F. Supp. 3d 920 (C.D. Cal. 2018) ...........................................................................2

*Gallion v. Charter Commc'ns*

    No. 18-55667 (9th Cir. docketed Mar. 23, 2018) ..........................................................1

*Gonzalez v. Compass Visions, Inc.*

    No. 07-cv-1951 BEN(AJB), 2009 WL 10672485 (S.D. Cal. Aug. 6, 2009)..................8

*Greenley v. Laborers' Int'l Union of N. Am.*

    271 F. Supp. 3d 1128 (D. Minn. 2017)..........................................................................3

*Gusman v. Comcast Corp.*

    No. 13-cv-1049 GPC(DHB), 2014 WL 2115472 (S.D. Cal. May 21, 2014) .................9

*Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*

    No. 16-cv-01114 JST, 2016 WL 7230868 (N.D. Cal. Dec. 14, 2016) ...........................6

*Holt v. Facebook Inc.*

    240 F. Supp. 3d 1021 (N.D. Cal. 2017)..........................................................................3

*Holt v. Facebook, Inc.*

    No. 17-80086 (9th Cir. docketed May 12, 2017) ..........................................................1

*In re Am. Apparel S'holder Derivative Litig.*

    No. 10-cv-06576 MMM (RCX), 2012 WL 9506072 (C.D. Cal. July 31, 2012).............8

*In re STEC Derviative Litig.*

    Nos. 10-cv-00667 JVS (MLGx), 10-savc-00220 JVS (MLGx), 2012 WL 8978155

    (C.D. Cal. Jan. 11, 2012) ...............................................................................................6

*Karoun Dairies, Inc. v. Karlacti, Inc.*

    No. 08-cv-1521 AJB(WVG), 2013 WL 4716202 (S.D. Cal. Sep. 3, 2013); ..................6

*Krejci v. Cavalry Portfolio Servs., LLC*

    No. 3:16-CV-0211 JAH (WVG), 2018 WL 3533246 (S.D. Cal. July 23, 2018) ........8, 9

*Lambert v. Buth-Na-Bodhaige, Inc.*

iii

No. 2:14-cv-00514 MCE (KJW), 2014 WL 4187250 (E.D. Cal. Aug. 21, 2014)...........9

*Landis v. N. Am. Co.*

    299 U.S. 248 (1936)................................................................................................4

*Leyva v. Certified Grocers of Cal., Ltd.*

    593 F.2d 857 (9th Cir. 1979) ..............................................................................5, 9

*Lockyer v. Mirant Corp.*

    398 F.3d 1098 (9th Cir. 2005) .............................................................................4, 5

*Mackiewicz v. Nationstar Mortgage LLC*

    No. 15-cv-465 ORL (18GJK), 2015 WL 11983233 (M.D. Fla. Nov. 10, 2015).............6

*Mediterranean Enterprises, Inc. v. Ssangyong*

    708 F.2d 1458 (9th Cir. 1983) ................................................................................5

*Mejia v. Time Warner Cable Inc.*

    Nos. 15-CV-6445 (JPO), 15-CV-6518 (JPO), 2017 WL 3278926 (S.D.N.Y. Aug. 1, 2017)...........................................................................................................................3

*Meza v. Sirius XM*

    No. 17-cv-2252-AJB-JMA, 2018 WL 4599718 (S.D. Cal. Sept. 25, 2018).......... *passim*

*Munoz v. PHH Corp.*

    No. 08-cv-0759 AWI (DLB), 2011 WL 4048708 (E.D. Cal. Sep. 8, 2011)...................7

*O'Hanlon v. 24 Hour Fitness USA, Inc.*

    No. 15-cv-01821 BLF, 2016 WL 815357 (N.D. Cal. Mar. 2, 2016).........................8, 9

*Prasad v. Santa Clara Cty. Dep't of Soc. Servs.*

    No. 15-cv-04933-BLF, 2016 WL 1734066 (N.D. Cal. May 2, 2016).......................7, 8

*R.A.V. v. St. Paul*

    505 U.S. 377 (1992)...............................................................................................3

*Reynolds v. Cty. of San Diego*

    No. 11-cv-1256 JAH(AGJ), 2017 WL 3582953 (S.D. Cal. Aug. 18, 2017) .......4, 7, 8, 9

*Reynolds v. Time Warner Cable, Inc.*

    No. 16-cv-6165, 2017 WL 362025 (W.D.N.Y. Jan. 25, 2017) .......................................9

*Rodriguez v. CleanSource, Inc.*

    No. 14-cv-0789 L(DHB), 2015 WL 12434307 (S.D. Cal. Feb. 26, 2015).....................7

*San Diego Padres Baseball P'ship v. United States*

    No. 99-cv-0828 W(LSP), 2001 WL 710601 (S.D. Cal. May 10, 2001).........................4

*Single Chip Sys. Corp. v. Intermec IP Corp.*

    495 F. Supp. 2d 1052 (S.D. Cal. 2007)......................................................................4, 5

*United States v. Playboy Entm't Grp., Inc.*

    529 U.S. 803 (2000)....................................................................................................3, 4

*Women Strike for Peace v. Morton*

    472 F.2d 1273 (D.C. Cir. 1972)......................................................................................3

**STATUTES**

47 U.S.C. § 227................................................................................................................1

47 U.S.C. § 227(b)(1)(A)(iii)...........................................................1, 2, 3 and *passim*

v

This Court should exercise its inherent authority to stay this multi-district litigation because the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 – the statute upon which every single Member Case is based – is at this moment subject to serious constitutional challenge in multiple appeals before the Ninth Circuit Court of Appeals. *See Gallion v. Charter Commc'ns Inc.*, No. 18-55667 (9th Cir. Mar. 23, 2018); *see also Holt v. Facebook, Inc.*, No. 17-80086 (9th Cir. docketed May 12, 2017), *Brickman v. Facebook, Inc.*, No. 17-80080 (9th Cir. docketed May 9, 2017), *Duguid v. Facebook, Inc.*, No. 17-15320 (9th Cir. docketed Feb. 23, 2017). As argued in the *Gallion* opening brief (attached as Exhibit 1 to the Declaration of Jennifer M. Robbins filed concurrently herewith), the TCPA fails to pass constitutional muster because it imposes a content-based—and thus "presumptively invalid"—restriction on speech while falling short of the exacting standards of strict scrutiny analysis. Recognizing the import of the issues raised by these appeals, a court in this District stayed a similar action under the TCPA less than one month ago pending the Ninth Circuit's ruling in *Gallion*, the furthest along of the pending appeals. *See Meza v. Sirius XM*, No. 17-cv-2252-AJB-JMA, 2018 WL 4599718, at *5 (S.D. Cal. Sept. 25, 2018) ("Because the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii) is pending before the Ninth Circuit, the Court DENIES Sirius' motion to dismiss and STAYS the case pending a ruling in *Gallion v. Charter Commc'ns, Inc.*, No. 18-55667 (9th Cir. Mar. 8, 2018)."). In doing so, the Court noted that "[i]f the Ninth Circuit agrees with defendants that 47 U.S.C. § 227(b)(1)(A)(iii) is unconstitutional, then the [plaintiffs'] ATDS allegations would have to be dismissed as they allege both of their cellular telephones were called in violation of this provision." *Id.*

The same is true for every Member Case now pending before the Court in this multidistrict litigation. If, as the *Meza* court noted, the Ninth Circuit finds the relevant portion of the TCPA unconstitutional, those Member Case claims arising under that provision must be dismissed in their entirety, rendering moot the dispositive motions

1

currently before the Court. *See id.* Given the constitutional significance of the issue now before the Ninth Circuit in *Gallion*, this Court should exercise its discretion to stay these proceedings for a short period to allow the parties in *Gallion* to complete their briefing—now already begun—and to permit the Ninth Circuit to render its decision on this crucial and determinative question.

## BACKGROUND

As the Court is aware, the Parties' pending dispositive motions center around the following section of the TCPA, which purports to make it unlawful:

> **(C)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automated telephone dialing system* or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the United States*.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

Yet this very provision has come under sustained constitutional attack in the last year, both in the Ninth Circuit and elsewhere, based in part on the government debt collection exception highlighted above. Every district court considering such an attack, including one in this District, has concluded that this exception renders 47 U.S.C. § 227(b)(1)(A)(iii) a content-based restriction on speech, subject to strict scrutiny and thus "presumptively invalid." *See Gallion v. Charter Commc'ns, Inc.*, 287 F. Supp. 3d 920, 927–28 (C.D. Cal. 2018) ("[T]he debt collection exception 'require[s] a court to examine the content of the message in order to determine if a violation of the TCPA has occurred, rendering section 227(b)(1)(A)(iii) content-based on its face and therefore subject to strict scrutiny." (quoting *Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1045 (N.D. Cal. 2017) (alteration in original)); *see also Am. Ass'n of Political*

2

1  *Consultants v. Sessions*, 323 F. Supp. 3d 737, 741–43 (E.D.N.C. 2018)*; Greenley v.*

2  *Laborers' Int'l Union of N. Am.*, 271 F. Supp. 3d 1128, 1145 (D. Minn. 2017)*; Mejia v.*

3  *Time Warner Cable Inc.*, Nos. 15-CV-6445 (JPO), 15-CV-6518 (JPO), 2017 WL

4  3278926, at *14 (S.D.N.Y. Aug. 1, 2017)*; Holt v. Facebook Inc.*, 240 F. Supp. 3d 1021,

5  1032 (N.D. Cal. 2017)*; Brickman*, 230 F. Supp. 3d at 1043-44, *cf. United States v.*

6  *Playboy Entm't Grp., Inc.*, 529 U.S. 803, 817 (2000) ("Content-based regulations are

7  presumptively invalid.") (quoting *R.A.V. v. St. Paul*, 505 U.S. 377, 382 (1992)).

8      Although no district court has yet taken the momentous step of ruling this

9  provision unconstitutional, the issue is now pending before the Ninth Circuit.[1] And under

10  the well-settled precedent of both the Ninth Circuit and the Supreme Court,[2] the

11  presumptively unconstitutional, content-based restrictions of 47 U.S.C.

12  § 227(b)(1)(A)(iii) fail to meet the rigorous standards and heightened review of strict

13  scrutiny. The statute's content-based carveouts are not narrowly tailored, being both

14  under- and over-inclusive, and there is no "compelling" interest in privacy sufficient to

15  justify the statute's blatant preference for government speakers and messages. *See*

16  *Women Strike for Peace v. Morton*, 472 F.2d 1273, 1290-93 (D.C. Cir. 1972)

17  ("preference" for the "official voice" reflects "the kind of blatant government censorship

18  which the framers of the First Amendment intended to outlaw forever.") (Wright, J.,

19  concurring); *see also Foti v. City of Menlo Park*, 146 F.3d 629, 637 (9th Cir. 1998)

---

[1]     To date, no Court of Appeals has ruled upon the constitutionality of the content-based restrictions in 47 U.S.C. § 227(b)(1)(A)(iii), although the Fourth Circuit has held an analogous state law statute unconstitutional under strict scrutiny. *See Cahaly v. Larosa*, 796 F.3d 399, 405–06 (4th Cir. 2015).

[2]     Strict scrutiny is "the most demanding test known to constitutional law." *See City of Boerne v. Flores*, 521 U.S. 507, 534 (1997). Laws subject to it are "presumptively invalid," *Playboy Entm't Grp., Inc.*, 529 U.S. at 817, and "almost always violate the First Amendment," *see DISH Network Corp. v. FCC*, 653 F.3d 771, 778 (9th Cir. 2011).

3

("[W]e are troubled by the wholesale exemption for government speech."). And while the application of strict scrutiny to the offending provision is not necessarily fatal in and of itself, the Ninth Circuit has recognized that "[s]trict scrutiny applies to government actions that stifle or promote speech on account of its message. Such laws conflict with basic First Amendment principles valuing and protecting an individual's right to decide which ideas and beliefs are worth expressing, and almost always violate the First Amendment." *See DISH Network*, 653 F.3d at 777–78; *see also Playboy Entm't Grp., Inc.*, 529 U.S. at 818 ("It is rare that a regulation restricting speech because of its content will ever be permissible.").

Because the presumptively unconstitutional statutory provision on which Plaintiffs' claims are based is currently under review by the Ninth Circuit, and because the factors this Court must consider weigh heavily in favor of a stay, *see Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007), this Court should grant PRA's request for a stay while the Ninth Circuit deliberates the *Gallion* appeal.

## ARGUMENT

### I.   Legal Standard

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Court's discretionary power to stay a case stems from its authority to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Reynolds v. Cty. of San Diego*, No. 11-cv-1256 JAH(AGJ), 2017 WL 3582953, at *5 (S.D. Cal. Aug. 18, 2017). "Such discretion is appropriately used when the resolution of another matter will have a direct impact on the issues before the court." *San Diego Padres Baseball P'ship v. United States*, No. 99-cv-0828 W(LSP), 2001 WL

4

710601, at * 1 (S.D. Cal. May 10, 2001). This rule applies broadly to the type of pending proceedings and "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong*, 708 F.2d 1458, 1465 (9th Cir. 1983)  (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 853, 863–64 (9th Cir. 1979)).

In considering a stay, the Ninth Circuit weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer*, 398 F.3d at 1109 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In weighing these interests, courts consider three factors: "(1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." *Single Chip*, 495 F. Supp. 2d at 1057. Here, all three factors weigh heavily in favor of staying this action.

### A.    A stay will promote judicial economy.

The factors of judicial economy and the orderly course of justice are "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.3d at 268. "For the sake of judicial economy, a stay may be granted pending the outcome of legal proceedings related to the case." *Desarrollo Urbanistico Del Pacifico v. Genetics Reference Lab. US, LLC*, No. 15-cv-1729 JAH(DHB), at *1 (S.D. Cal. Oct. 18, 2017) (citing *Leyva.*, 593 F.2d at 863-64). A district court may properly "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters.,* 708 F.2d at 1465 (quoting *Leyva*, 593 F.2d at 863–64).

And while issues in any independent proceedings need not be controlling for a stay to be entered, they certainly are in this case. More than a mere possibility exists that the proceedings before the Ninth Circuit "may bear upon the case." *See id.* Indeed, as the

11-md-2295-JAH-BGS

1    Court in *Meza* has already noted, the Ninth Circuit could render binding precedent which

2    extinguishes Plaintiffs' TCPA claims in their entirety. *See Meza*, 2018 WL 4599718, at *5.

3          Where, as here, a case concerns issues also raised before the Court of Appeals, the

4    risk of conflicting decisions serves judicial economy because otherwise it could "result in

5    significant confusion and would likely extend litigation in order to address the

6    inconsistent decisions." *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08-cv-1521

7    AJB(WVG), 2013 WL 4716202, at *5 (S.D. Cal. Sep. 3, 2013); *see also In re STEC*

8    *Derviative Litig.*, Nos. 10-cv-00667 JVS (MLGx), 10-savc-00220 JVS(MLGx), 2012 WL

9    8978155, at *8 (C.D. Cal. Jan. 11, 2012) (granting a stay because it would "obviate the

10   threat of conflicting outcomes in the cases"). Moreover, if the resolution of an

11   independent proceeding could moot an action, staying the action "avoids wasting judicial

12   resources" and "judicial economy will be served." *Hanover Ins. Co. v. Mason McDuffie*

13   *Real Estate, Inc.*, No. 16-cv-01114 JST, 2016 WL 7230868, at *4 (N.D. Cal. Dec. 14,

14   2016).

15         As discussed above, the resolution of the constitutional question in *Gallion* could

16   completely moot these entire proceedings. Plaintiffs here allege violations of

17   § 227(b)(1)(A)(iii), the same provision subject to a constitutional challenge before the

18   Ninth Circuit. If that provision is found unconstitutional, it would render "all ATDS-

19   based allegations asserted by [plaintiffs] unfounded." *Meza*, 2018 WL 4599718, at *3

20   (staying TCPA case pending resolution of Ninth Circuit's ruling on constitutional

21   challenges). Moving forward with this litigation risks wasting substantial judicial

22   resources, whereas a stay "would reduce the burden of litigation on the parties and the

23   Court by allowing the Court to avoid issuing a dispositive Order in the midst of an

24   uncertain legal environment." *Mackiewicz v. Nationstar Mortgage LLC,* No. 15-cv-465

25   ORL (18GJK), 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015). The Court could

26   render a decision on summary judgment that subsequently may need to be revisited. Until

27

28

1  the constitutionality question has been settled by the Ninth Circuit, "[t]here is no rational

2  reason to proceed further in this case." *Munoz v. PHH Corp.*, No. 08-cv-0759 AWI

3  (DLB), 2011 WL 4048708, at * 4 (E.D. Cal. Sep. 8, 2011) ("[A] stay will reduce the

4  additional expenditure of the parties' time and resources, which is of particular

5  importance if the Supreme Court's decision ultimately disposes of this action").

6  **B.     PRA faces substantial hardship if this case is not stayed.**

7          Absent a stay, PRA will face hardship in the form of inconsistent rulings and

8  costly, potentially unnecessary litigation. The risk borne "from the hardship of enduring

9  potentially inconsistent future rulings in the matters pending in the Southern District and

10  the Ninth Circuit" constitutes prejudice warranting a stay. *Reynolds*, 2017 WL 3582953,

11  at *6. A pending appeal on a controlling issue can cause prejudice to the defendant

12  because the appellate court could "issue[] a decision that would require relitigation of

13  [the] case in accordance with [the appellate] ruling." *Rodriguez v. CleanSource, Inc.*, No.

14  14-cv-0789 L(DHB), 2015 WL 12434307, at * 3 (S.D. Cal. Feb. 26, 2015). In fact, such a

15  situation prejudices both parties. *Id.*

16          The constitutional challenges pending in the Ninth Circuit go to the heart of

17  Plaintiffs' claims in this case. If the Ninth Circuit agrees with the defendant's well-

18  grounded arguments in *Gallion*, then § 227(b)(1)(A)(iii) is unconstitutional under the

19  First Amendment and the Plaintiffs in this case have no basis for recovery. Adjudicating

20  issues of liability or continuing on the path of a potentially inconsistent finding is exactly

21  the type of hardship or inequity this factor is designed to identify. It is just this sort of

22  hardship and inequity that Defendants face if the litigation continues while the Ninth

23  Circuit considers the constitutionality of the entire provision under which Plaintiffs seek

24  to hold Defendants liable. Moreover, this and other courts within this Circuit have

25  recognized precisely this type of hardship when weighing—and granting—stays. *See*

26  *Prasad v. Santa Clara Cty. Dep't of Soc. Servs.*, No. 15-cv-04933-BLF, 2016 WL

27

28

7

1734066, at *3 (N.D. Cal. May 2, 2016) (granting a stay pending resolution of an appeal at the Ninth Circuit on a related question of law).

Indeed, in *Reynolds*, the defendant County of San Diego faced litigation related to whether certain of its medical examinations were constitutional. 2017 WL 3582953, at *6. The County argued that the matter should be stayed until the constitutional question could be settled by the Ninth Circuit, which was concurrently considering the exact question in a separate case. *Id.* Based on the argument that the Ninth Circuit's determination on the constitutional question "will likely control the outcome of this case," the court granted a stay pending the outcome of the Ninth Circuit appeal. *Id.* (internal quotation marks omitted). The court held that enduring potentially inconsistent rulings constituted sufficient hardship. *Id.*[3]

### C.   Plaintiffs will suffer no harm from a stay.

Plaintiffs can demonstrate no prejudice from a brief stay of these proceedings. "Where a plaintiff seeks only damages for past harm and thus the only injury from a stay would be a delay in monetary recovery, there is not a sufficient basis to deny a stay." *Gonzalez v. Compass Visions, Inc.*, No. 07-cv-1951. BEN(AJB), 2009 WL 10672485, at *2 (S.D. Cal. Aug. 6, 2009); *CMAX, Inc.*, 300 F.2d at 268–69 (9th Cir. 1962) (delay of recovery of monetary damages did not support a finding of harm). Here, the only issue before the Court is Plaintiffs' various requests for statutory damages, further diminishing any claim to prejudice. *See O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821 BLF, 2016 WL 815357, at * 4 (N.D. Cal. Mar. 2, 2016) (minimal prejudice because

---

[3]   In addition to the substantial prejudice to PRA described above, the burden of litigating this case is considered "a legitimate form of hardship" given that Plaintiffs cannot "adduce evidence that [they] will be harmed by a stay." *Krejci v. Cavalry Portfolio Servs., LLC*, No. 3:16-CV-0211 JAH (WVG), 2018 WL 3533246, at *3 (S.D. Cal. July 23, 2018) (quoting *In re Am. Apparel S'holder Derivative Litig.*, No. 10-cv-06576 MMM (RCX), 2012 WL 9506072, at *45 (C.D. Cal. July 31, 2012)).

plaintiffs only sought statutory damages). Therefore, to the extent Plaintiffs claim a stay will prejudice them by delaying any monetary recovery, that claim does not suffice to show prejudice.

Likewise, Plaintiffs can point to no continuing harm a stay would exacerbate. PRA has ceased contact with all Plaintiffs upon the filing of their complaints. Courts have recognized that a TCPA plaintiff no longer receiving the alleged phone calls faces no risk of ongoing harm. *See Lambert v. Buth-Na-Bodhaige, Inc.*, No. 2:14-cv-00514 MCE (KJW), 2014 WL 4187250, at *2 (E.D. Cal. Aug. 21, 2014) ("[B]ecause there is no indication that Plaintiff has received any text messages from Defendants since October 18, 2013, she is not suffering continuing harm and thus will not be prejudiced by a stay."); *Gusman v. Comcast Corp.*, No. 13-cv-1049 GPC(DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Plaintiff will not be prejudiced since he stopped receiving calls in the Fall of 2013 and the case is in the early stages of litigation."); *see also Reynolds v. Time Warner Cable, Inc.*, No. 16-cv-6165, 2017 WL 362025, at *2 (W.D.N.Y. Jan. 25, 2017) (finding minimal prejudice to plaintiff in staying TCPA case when the defendant had stopped the calls at issue).

Additionally, the stay requested will not be immoderate, further diminishing any potential prejudice to Plaintiffs. Courts assess whether "it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Krejci*, 2018 WL 3533246, at *2 (quoting *Leyva*, 593 F.2d at 864). Here, the *Gallion* briefing will be completed no later than November 21, prior to the completion of briefing on this motion. The Court, when faced with a similar schedule in *Reynolds v. County of San Diego*, found "in light of the appellate briefing schedules…that appellate proceedings may conclude within a reasonable time in relation to the urgency of the claims presented to the court." 2017 WL 3582953, at * 7 (quoting *Leyva*, 593 F.2d at 864) (granting stay); *see also Meza*, 2018 WL 4599718, at *5.

9

Because there is no such urgency here, the limited nature of the requested stay supports waiting for the Ninth Circuit to rule on this dispositive issue.

## CONCLUSION

Balancing the three factors the Court must weigh counsels staying this case to allow the Ninth Circuit to rule on the constitutionality of the provision sued upon. A stay would serve judicial economy, relieve PRA from potential prejudice, and inflict no harm upon Plaintiffs. Therefore, PRA respectfully requests a brief stay pending the Ninth Circuit's ruling in *Gallion*.

Date: <u>October 23, 2018</u>                  Respectfully submitted,

**MADEL PA**

By: <u>*s/ Jennifer M. Robbins*</u>
Christopher W. Madel, MN Reg. No. 230297
Jennifer M. Robbins, MN Reg. No. 387745
Cassandra B. Merrick, MN Reg. No. 396372
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
cmadel@madellaw.com
jrobbins@madellaw.com
cmerrick@madellaw.com

10