Chris R. Miltenberger (TX Bar # 14171200)
chris@crmlawpractice.com
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Phone: (817) 416-5060
Fax: (817) 416-5062

Co-Lead Counsel for the Plaintiffs with Member Cases

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 655-3888
Fax: (314) 241-5777

Co-Lead Counsel for the Plaintiffs with Member Cases

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL MEMBER CASES | Case No. 3:11-md-02295-JAH-BGS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STAY (DOC. NO. 777)<br><br>HON. JOHN A. HOUSTON |

Portfolio Recovery Associates ("PRA") asks this Court to stay this case (the "litigation"), involving approximately 300 plus opt out individual member cases remaining after the settlement of a class action against PRA, while the Supreme Court decides the issue of

> "Whether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute."

*Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019), cert. granted sub nom. *Barr v. Am. Ass'n of Political Consultants, Inc* (No. 19-631) (U.S. Jan. 10, 2020) (hereinafter, "AAPC").

This court should not stay this case as, contrary to PRA's assertion, the Supreme Court has agreed to consider only one clause of the TCPA, that clause applicable to government debt exemption "*unless such call is made solely to collect a debt owed to or guaranteed by the United States*."

This is narrower than PRA's assertion that if the Supreme Court finds the government debt exception "*is not severable from the TCPA's restriction on automated telephone calls, all member case claims would necessarily fail.*" (Doc. No. 777-1; "MtStay P&A," p. 1; ln. 22)

The premise underlying that conclusion is that this litigation involves government debt and that the Supreme Court must strike down the entire TCPA if the government debt exception is unconstitutional. This is more of speculation of what may happen than an argument.

First, the debts at issue in the Member Cases are not government debts and PRA makes no assertion they are government debts.

The second premise is that holding the government debt exception unconstitutional would render the entire statute unconstitutional. This does not necessarily follow. Thus, the conclusion that litigation concerning consumer debt that is not government debt should be stayed while the Supreme Court decides the

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STAY (DOC. NO. 777)
3:11-MD-02295-JAH-BGS

constitutionality of an exception for government debt is invalid.

Regardless, the only issue pending before this Court, before the cases are returned to their district of origin, is relating to the nature of PRA's telephone dialing systems (ATDS) in this case.

## Background

PRA cites *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 167-68 (4th Cir. 2019); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156 (9th Cir. 2019), *petition for cert. filed* (No. 19-511) (U.S. Oct. 17, 2019) (MtStay P&A at 2:24-28) in which the exception was severed, damaging their argument for a stay and cites the framing of the issue in Respondent's brief, seemingly disregarding the question before the Supreme Court.

The statutory provision contains a clause excepting government debt. This clause is irrelevant to the litigation, as no government debt is involved, and regardless of whether or not it is severed, the relevant provisions of 47 U.S.C. § 227(b)(1)(A)(iii) that deal with automated telephone dialing systems (emphasized in Defendant's Points & Authorities in support of its Motion) (MtStay P&A, at 2:12-19) are not at issue in this litigation. Indeed, the Court in ordering the parties file cross-motions for summary judgment narrowly frames the issue in this litigation:

> After the completion of the limited discovery… this Court will entertain a motion(s) for summary judgment or summary adjudication on the issues relating to the nature of *Defendant's telephone dialing systems*.(Emphasis added.) (Doc. No. 597, ¶9)

## Argument

### 1. Legal Standard

The plaintiffs agree with the legal standard presented by PRA. (MtStay P&A, p 3, l. 11 -p 4, l. 14).

PRA cites *San Diego Padres Baseball P'ship v. United States*, No. 99-cv-0828, 2001 WL 710601, at *1 (S.D. Cal. May 10, 2001), which is inapposite, as there, unlike in this litigation, the issue before the district court was indistinguishable from the issue

pending in the 9th Circuit appeal:

> Neither party disputes that the payment classification issue in *San Francisco Baseball* is indistinguishable from the instant case. As such, the Ninth Circuit's decision in *San Francisco Baseball* will substantially simplify the issues presented here. At minimum, the Ninth Circuit's *San Francisco Baseball* decision will resolve the primary, if not only, disputed issue that remains in this case.

PRA's cite to *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) is inapplicable as no appeal or another court was involved and that court stayed one issue in the case while arbitration on another issue was resolved.

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

*Mediterranean* at 1465 (9th Cir. 1983)

**The Three Factors**

    **A. Judicial Economy.**

PRA argues that a stay will conserve judicial and the party's resources. This is inaccurate. The present posture of the litigation is that the parties are awaiting the court's decision on cross-motions for summary judgment on "… issues relating to the nature of Defendant's telephone dialing systems" (Doc. No. 597, ¶9), not government debt exemption. Discovery has been concluded, briefs drafted and filed, and the briefing schedule concluded. Nothing further remains for the parties to do but await this Court's ruling.

Nonetheless, if *arguendo*, the Supreme Court concluded the TCPA was, as a whole, unconstitutional, many of the member cases have other counts for other causes of action and, contrary to PRA's assertion, (MtStay P&A, at 5:3-5), regardless of the Supreme Court's decision, many of the 200 cases will still have issues unresolved as they are not all solely TCPA counts.

Neither will a stay promote judicial efficiency, as the parties are merely awaiting the Court's decision nor will it have any effect on the subsequent inevitable litigation of

the other non-TCPA counts.

*Krejci v. Cavalry Portfolio Servs., LLC*, No. 3:16-cv-0211, 2018 WL 3533246, at *1 (S.D. Cal. July 23, 2018) is inapplicable as it involved staying one district court case to wait for the decision on cross-motions for summary judgment in another case involving the same defendant and judge.

Similar to *Mediterranean*, *Leyva v Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979) is also inapplicable. (Staying discovery in contract claims while arbitration was pending.) The arbitration proceeding was not independent of the rest of the case.

*Mackiewicz v. Nationstar Mortgage LLC,* No. 15-cv-465, 2015 WL 11983233 (M.D. Fla. Nov. 10, 2015) and *Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.,* No. 16-cv-01114, 2016 WL 7230868 (N.D. Cal. Dec. 14, 2016) are cases that had pending incomplete litigation, again in contrast to this litigation. It was self-evident from the procedural posture that staying those cases would conserve judicial resources. In *Mackiewicz*, a stay would assist the Court in simplifying and clarifying the law to be applied and issues to be decided. *Hanover* was a declaratory judgment action seeking a ruling that there is no duty to defend or indemnify. Denial of motion to stay, by the carrier, would force the defendant to fight a two-front war against Plaintiff and against its own insured, and therefore a stay was granted. Like *Mediterranean* and *Leyva*, one part of a case was stayed while a second part, which could be dispositive of some issues in the first part, proceeded. Again, a saving of judicial resources.

Finally, the question before the Supreme Court is whether the government debt exception is unconstitutional and, if so, how that should be resolved, not about adjudication on the issues relating to the nature of PRA's telephone dialing systems.

**B. PRA faces no hardship.**

PRA argues there is a risk that it will face inconsistent rulings absent a stay. This belies the possibilities that:

    1. The Supreme Court finds no First Amendment infirmity and lets the

government debt exception stand.

2. The Supreme Court finds in favor and severs that exception.

3. The Supreme Court finds the entire statute unconstitutional.

In any of the three possibilities, PRA will not be required to spend any additional time.

PRA cites numerous cases for its assertion that a stay will limit resources to be expended in future litigation in this case of the ATDS issue. But there is no future litigation regarding the ATDS issue that will require PRA to expend resources. None of these cases involved the posture of this litigation, where the parties were simply waiting for a ruling on the dispositive motion.

*Rodriguez v. CleanSource, Inc.*, No. 14-cv-789, 2015 WL 12434307, at *3 (S.D. Cal. Feb. 26, 2015) (parties agree that issues appealed have direct impact on issues in present case "moving forward without awaiting the Supreme Court ruling … would result in significant expenditures of time and resources … to litigate issues that may ultimately be invalidated.)

*Meza v. Sirius XM Radio, LLC*, No 17-cv-2252-AJB-JMA, 2018 WL 4599718 (S.D. Cal. Sept 25, 2018) is closest to the issues in *AAPC*. However, unlike in this litigation, where nothing is left but the ruling on the dispositive motions, no litigation had occurred other than the complaint and numerous PHV motions. The motion to stay was filed immediately with Defendant's initial responsive pleadings. Clearly, the stay acted to conserve judicial and party resources. *Prasad v. Santa Clara Cnty. Dept. of Soc. Servs.*, No. 15-cv-04933-BLF, 2016 WL 1734066 (N.D. Cal. May 2, 2016) (the court partially granted a stay as the 9th Circuit appeal concerned the overlap between two cases – *Prasad* and *Prasad 1* – and therefore avoided duplicative discovery); *Karoun Dairies, Inc. v Karlacti, Inc.,* No. 08-cv-1521, 2013 WL 4716202 (S.D. Cal. Sept. 3, 2013) (No other case was involved. Stay pending appeal considering the validity of an oral contract also at issue in that case)

Regardless of whether the TCPA is found wholly unconstitutional, or the

government debt is severed, further briefing will be unnecessary in this litigation on the ADTS issue as the dispositive cross-motions for summary judgment are pending.

A stay will not "save the parties from the need to invest resources to prepare for trial or additional discovery." *Nationstar Mortg., LLC v. Ram LLC,* No. 2:15-CV-01776, 2017 WL 1752933, at *1 (D. Nev. May 4, 2017).

*Reynolds v. County of San Diego*, No. 11-cv-1256, 2017 WL 3582953 (S.D. Cal. Aug. 18, 2017) was a juvenile dependency action that involved constitutional questions regarding violations of Plaintiff's individual rights. The motion for stay arose from an interlocutory appeal of a finding regarding qualified immunity in the §1983 action and another appeal in another similar case against the same defendant, whether medical exams of minors without parental consent violate the individual's constitutional rights.

It did not, as *AAPC*, involve the constitutionality of a statute. *Reynolds* is not availing of the issues in PRA's motion.

PRA is requesting an indefinite stay. Notably, the Court in *Reynolds* disapproved of indefinite stays:

> The Ninth Circuit has held that even a stay that terminates "upon the 'resolution of [an] appeal' " has an indefinite term… Thus, a district court should give due weight to the requested length of a stay in exercising its discretionary power to stay proceedings. *See id. (Internal citations omitted).*

*Reynolds* at *5.

Finally, there is no threat of inconsistent rulings. This court's ruling is not as broad and merely determines whether an ATDS was used, not whether the TCPA is constitutional.

PRA can show no prejudice by allowing this Court to come to a decision on the pending cross-motions for summary judgment.

**C. The plaintiffs will suffer harm.**

A stay will also halt the inevitable return of the 300 plus individual opt-out cases to their respective districts for resolution of the remaining causes of action contained in

many of those cases. Those cases have been pending for years and the Plaintiffs deserve a right to have their claims decided. Once this Court rules on the motions for summary judgment (applying *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018)) the cases can be returned to their respective district courts. If the Supreme Court subsequently issues a ruling that could affect the TCPA claims, PRA can raise that issue in the respective districts courts of origin.

## Conclusion

The question before the Supreme Court is different from that pending in this Court.

Whereas the Supreme Court will decide the constitutionality of the government debt exception, the present case will determine whether PRA used an ATDS and nothing more. The request of a stay is based on the erroneous and over-broad basis that the underlying statute may be found unconstitutional, and thereby void. This mischaracterizes the question before the Supreme Court. The question before the Supreme Court is narrowly framed to the constitutionality of the government debt exception.

Finally, the three factors do not exist. There is no further pending litigation that a stay would avoid, PRA suffers no prejudice if the Court (decides) the dispositive motion on its own schedule rather than the Supreme Court's schedule, and Plaintiffs will be prejudiced by the delay in further proceedings in their originating jurisdiction on the causes of action remaining after the ATDS issue is resolved. Therefore, the Plaintiffs request that PRA's motion be denied.

Dated February 13, 2020          Law Office of Chris R. Miltenberger, PLLC

By:   s/ Chris R. Miltenberger
Co-Lead Counsel for Plaintiffs with Member Cases
Email: chris@cmrlawpractice.com

| | | |
|---|---|---|
| 1 | Dated February 13, 2020 | Lester & Associates |
| 2 | | |
| 3 | | By:   <u>s/ Patric A. Lester</u><br>Co-Lead Counsel for Plaintiffs with Member Cases |
| 4 | | Email: pl@lesterlaw.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Re: In Re Portfolio Recovery Associates, LLC, TCPA Litigation
Case No. 3:11-md-02295-JAH-BGS
United States District Court, Southern District of California

### CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below, I electronically filed with the Court through its CM/ECF program and served through the same program the following

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STAY (DOC. NO. 777)**

on the interested parties in said case as follows:

☒ BY MAIL, by placing a copy thereof in a separate envelope for each addressee named below with the postage thereon fully prepaid, deposited each in the United States mail at St. Louis, Missouri in accordance with our business' practice.

Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

Ross A. Miller
P.O. Box 12433
Richmond, VA 23241

Jarrett R. Jenkins
334 Locust Street, Apt-1
West Hempstead, NY 11552-3044

Lee Arthur Momient
P.O. Box 608082
Chicago, IL 60660

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated February 13, 2020

Lester & Associates

By: *Mary Belford Smith*
Mary Belford Smith,
Paralegal for Patric A. Lester
Attorney for Plaintiffs with Member Cases