**MADEL PA**
Christopher W. Madel, MN Reg. No. 230297
Jennifer M. Robbins, MN Reg. No. 387745
Cassandra B. Merrick, MN Reg. No. 396372
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Telephone: 612-605-0630
Facsimile: 612-326-9990
cmadel@madellaw.com
jrobbins@madellaw.com
cmerrick@madellaw.com

*Attorneys for Defendant Portfolio Recovery
Associates, LLC*

**U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION** <br><br><br> This Document Relates to All Member Cases | Case No.: 11-MD-02295-JAH-BGS <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR STAY** |

Defendant Portfolio Recovery Associates, LLC ("PRA") submits the following supplemental authority in support of its Motion to Stay (Dkt. 777): (1) *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844 (E.D. Mo. Feb. 25, 2020) (order attached hereto); (2) *Wright v. eXp Realty, LLC*, No. 6:18-CV-1851-ORL-40EJK, 2020 WL 1149906 (M.D. Fla. Feb. 7, 2020)

(order attached hereto); and (3) *Perrong v. Liberty Power Corp, L.L.C.*, 1:18-cv-00712-MN (D. Del. Mar. 6, 2020) (docket report attached hereto).

In *Seefeldt*, the court granted Defendants' motion for a stay pending resolution by the U.S. Supreme Court of *Barr v. American Association of Political Consultants*, Appeal No. 19-631, on the basis of not only the government-debt issue, but also the Telephone Consumer Protection Act's "definitional problem of what constitutes an autodialer." *Id*. at *3. The *Seefeldt* court noted:

> [T]he problem of continuing this case is laid bare: it hinges not only on the problem of the government-debt exception, but also on the definitional problem of what constitutes an autodialer. To be sure, this Court notes plaintiff's complaint seems to specifically rely on the autodialer definition adopted by the Ninth Circuit—that is, an autodialer that can simply "store telephone numbers to be called, regardless of whether those numbers were generate by a random or sequential number generator"—which now sits in a clear appellate minority as against the greater weight of the Third, Seventh, and Eleventh Circuits.

*Id*.

Similarly, the court in *Wright* determined "that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy." 2020 WL 1149906, at *1 (M.D. Fla. Feb. 7, 2020).

Finally, on March 6, 2020, by a minute order, the *Perrong* court also stayed that matter pending resolution of the *Barr* appeal. *Perrong v. Liberty Power Corp, L.L.C.*, 1:18-cv-00712-MN (D. Del. Mar. 6, 2020) (Docket Entry).

DATED:  March 23, 2020          **MADEL PA**


By:  *s/ Cassandra B. Merrick*_____
       Christopher W. Madel (230297)
       Jennifer M. Robbins (0387745)
       Cassandra B. Merrick (396372)

       800 Pence Building
       800 Hennepin Avenue
       Minneapolis, MN  55403
       Telephone: 612-605-0630
       Fax: 612-326-9990
       cmadel@madellaw.com
       jrobbins@madellaw.com
       cmerrick@madellaw.com

       **Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I, Cassandra B. Merrick, counsel for Defendants, hereby certify that service of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR STAY was filed electronically through the CM/ECF system to the following:

Amanda J. Allen

Amanda@theconsumerprotectionfirm.com

Rex C. Anderson

mied@rexandersonpc.com

Seth Andrews

sandrews@kennethhiller.com

David N. Anthony

David.anthony@troutmansanders.com

Randy Jiro Aoyama

raoyama@hinshawlaw.com

Mauricio Arcadier

office@wamalaw.com; arcadier@wamalaw.com

Michael Ronald Ayers

mayers@hinshawlaw.com

Paul Mathew Bach

paul@bachoffices.com

Penelope N. Bach

pnbach@sulaimanlaw.com

Adrian R. Bacon

abacon@attorneysforconsumers.com

Mohammed Omar Badwan

mbadwan@sulaimanlaw.com

Stephen J. Bagge

sbagge@cfjblaw.com

Avanti Deepak Bakane

abakane@gordonrees.com

Phillip T. Barrett

pbarrett@gordonrees.com

Keith J. Barnett

Keith.barnett@sutherland.com

Michael T. Berger

mberger@hinshawlaw.com

Scott C. Borison

usdc@legglaw.com

Brian Lewis Bromberg

brian@bromberglawoffice.com;

jonathan@bromberglawoffice.com;

brian.bromberg@gmail.com

Maxie Broome Jr.

mbroomelaw@aol.com

Lauren M. Burnette

lmburnette@mdwcg.com

Floyd W. Bybee

Floyd@bybeelaw.com

Clifford Alva Phillip Carlson

cc@cliffcarlsonlaw.com

Gus M Centrone

gcentrone@centroneshrader.com

Hyung Sik Choi

hyung@choiandfabian.com

Jennifer M. Spiegel Colson

jcolson@jennifercolsonpa.com

Cathleen M. Combs

ccombs@edcombs.com

Timothy Condon

tim@timcondon.net

Lindsey A.L. Conley

lconley@hinshawlaw.com

Maximiliano D. Couvillier, III

mcouvillier@blacklobellolaw.com

Edward C. Cutlip, Jr

ecutlip@kerr-russell.com

Marwan R. Daher

mdaher@sulainanlaw.com

Ronald E. Daniels

ron@dlawllc.com

James Lee Davidson

jdavidson@gdrlawfirm.com; jjohnson@gdrlawfirm.com

Joseph S. Davidson

jdavidson@sulaimanlaw.com

Marissa I. Delinks

mdelinks@hinshawlaw.com

Deirdre O. Dexter

dexter@barrowgrimm.com

Joshua C. Dickinson

jdickinson@spencerfane.com

John C. Distasio

jdistasio@forthepeople.com

Thomas R. Dominczyk

trd@mnlawpc.com

Holly Elizabeth Dowd

hollyedowd@yahoo.com

Chad Vinson Echols

chad.echols@theecholsfirm.com

Daniel A. Edelman,

dedelman@edcombs.com, courtecl@edcombs.com

Caren D. Enloe

cenloe@smithdebnamlaw.com; jroach@smithdebnamlaw.com

Veronika Fabian

veronika@choiandfabian.com

Lawrence A. Farese

lafarese@rkmc.com

Andrew Jay Feldman

Andrew@swattslaw.com

Barbara Fernandez,

bfernandez@hinshawlaw.com

Glenn M. Fjermedal

gfjermedal@davidsonfink.com

Monica L. Haddad Forbes

mforbes@mcguirewoods.com

Brett Freeman

bfecf@bankruptcypa.com

1   Rachel R Friedman

2   rfriedman@burr.com

3   Todd M. Friedman

4   tfriedman@attorneysforconsumers.com; abacon@toddflaw.com;

5   ecampany@toddflaw.com;

6   Erika.campany@gmail.com; mgeorge@toddflaw.com;

7   twheeler@toddflaw.com; yoel.hanohov@toddflaw.com;

8   nadia.lotun@toddflaw.com; paralegal5@toddflaw.com

9   Todd Friedman

10  Todd.friedman@kirkland.com

11  William John Gadd

12  wjg@mazgadd.com

13  James Patrick Galvin

14  james@twbglaw.com

15  Joseph P. Garin

16  nvecf@lipsonneilson.com

17  John Philip Gaset

18  jgaset@broadandcassel.com

19  Michael A. Geibelson

20  mgeibelson@robinskaplan.com; lbryant-wilson@robinskaplan.com;

21  sduenas@robinskaplan.com

22  Amanda Lyn Genovese

23  Amanda.genovese@troutmansanders.com

24  Hans Germann

25  hgermann@mayerbrown.com

26  Amy Lynn Bennecoff Ginsburg

27  aginsburg@creditlaw.com; teamkimmel@creditlaw.com

28

Jeremy M Glapion

jmg@glapionlaw.com

Bert Thomas Golden

btg@bthomasgolden.com

Octavio Gomez

tgomez@forthepeople.com

Tara Leigh Goodwin

tgoodwin@edcombs.com

Jessica A. Green

jgreen@lipsonneilson.com

Francis Richard Greene

fgreene@edcombs.com; courtecl@edcombs.com; jgalindo@edcombs.com

Michael Lewis Greenwald

mgreenwald@gdrlawfirm.com; jdavidson@gdrlawfirm.com;

aradbil@gdrlawfirm.com

Rami Nicola Haddad

rnhaddad@portfoliorecovery.com

James J. Haller

Belleville@tbcwam.com

David Palmer Hartnett

dhartnett@hinshawlaw.com

Brian J. Headley

bjheadley@yahoo.com

Patrick J. Helwig

phelwig@lawpoint.com

Kevin Hernandez

khernandez@blacklobellolaw.com; Kevin@kevinhernandezlaw.com

Adam Theodore Hill

ahill@consumerlawcenter.com

Samuel M. Hill

sam@samhilllaw.com; pamg@samhilllaw.com; chris@samhilllaw.com

Kenneth R. Hiller

khiller@kennethhiller.com

Sara F. Holladay-Tobias

sfhollad@mcguirewoods.com

Peter A. Holland

peter@hollandlawfirm.com

Kersten Holzhueter

kholzhueter@spencerfane.com

Shireen Hormozdi

shormozdi@consumerlawcenter.com

Nathan L. Horton

nhorton@portfoliorecovery.com

William Peerce Howard

whoward@forthepeople.com

Tammy Gruder Hussin

tammy@hussinlaw.com; cjohnson@hussinlaw.com

Wedad Ibrahim

wedadi@michiganconsumerlaw.com

Brian Johnson

bj@kcconsumerlawyer.com

Lira A. Johnson

Lira.johnson@dinslaw.com

Matthew Brady Johnson

1   mbjohnson@mdwcg.com

2   Joshua R. Kersey

3   JKersey@ForThePeople.com

4   Stephen W. King

5   sking@kingandmurray.com

6   David H. Krieger

7   dkrieger@hainesandkrieger.com

8   James O. Latturner

9   jlatturner@edcombs.com; courtecl@edcombs.com

10  Jared Michael Lee

11  jlee@forthepeople.com; jmlpleadings@forthepeople.com;

12  jsharpe@forthepeople.com; mhoilett@forthepeople.com;

13  mrathbun@forthepeople.com

14  Julia Veronica Lee

15  jvlee@rkmc.com

16  Alan Daniel Leeth

17  aleeth@burr.com; sfoshee@burr.com

18  David B. Leibowitz

19  dleibowitz@uprightlaw.com

20  Sergei Lemberg

21  slemberg@lemberglaw.com; cdemaio@leberglaw.com

22  Patric A. Lester

23  pl@lesterlaw.com

24  Ryan S. Lett

25  rlett@fbtlaw.com

26  David B. Levin

27  dlevin@toddflaw.com

28

Kevin L. Lewis

kevin@floridaloanlawyers.com

Vitaly Libman

vlibman@hinshawlaw.com

Donald S. Litman

PA_Law2@yahoo.com

Joseph C. LoTempio

jlotempio@dellutrilagroup.com

Bret Leon Lusskin, Jr

blusskin@lusskinlaw.com

Ian B. Lyngklip

ian@michiganconsumerlaw.com

David J.S. Madgett

dmadgett@madgettlaw.com

Robbie L. Malone

rmalone@rmalonelaw.com

Joseph R. Manning, Jr.

info@manninglawoffice.com

Michael John Manning

mike@manninglawoffice.com

Jeffrey David Mapes

jeff@mapesdebt.com

Ari Hillel Marcus

Ari@marcuszelman.com

Eugene Xerxes Martin, IV

xmartin@mamlaw.com; jayala@mamlaw.com; junger@mamlaw.com;

kmckinnon@mamlaw.com; nhernandez@mamlaw.com

1   Joseph Mauro

2   JoeMauroesq@hotmail.com

3   Karen L. Mayfield-Jones

4   kamjones@portfoliorecovery.com

5   Liana Mayilyan

6   lmayilyan@snllp.com; ccogbill@snllp.com; paralegal@snllp.com

7   Lara E. McGuire

8   lara@theconsumerprotectionfirm.com

9   Keith Steven McGurgan

10   kmcgurgan@portfoliorecovery.com

11   Marshall S. Meyers

12   ECF@attorneysforconsumers.com; mmeyers@attorneysforconsumers.com

13   Chris R. Miltenberger

14   chris@crmlawpractice.com

15   David Patrick Mitchell

16   david@mitchellconsumerlaw.com; david@maneygordon.com;

17   v.marrero@maneygordon.com

18   Clayton S. Morrow

19   cmorrow@allconsumerlaw.com

20   Shilee T. Mullin

21   smulllin@spencerfane.com

22   Robert W. Murphy

23   rwmurphy@lawfirmmurphy.com

24   Marilyn C. Naiman-Kohn

25   mnk@simanlaw.net

26   Philip Bao Nghiem

27   philn@manninglawoffice.com

28

Jeff Neuenschwander

jeff@sllawfirm.com

Anthony C. Norman

Anthony@fight13.com

Tearsa Storms Olson

tolson@attorneysforconsumers.com

Victoria Lea Orze

vorze@dickinsonwright.com

Ethan G. Ostroff

Ethan.ostroff@troutmansanders.com

Scott David Owens

scott@scottdowens.com; Patrick@scottdowens.com;

don@scottdowens.com; shannon@scottdowens.com;

andree@scottdowen.com

Katherine Lind Parker

Katherine.parker@usdoj.gov; ginger.stacy@usdoj.gov;

efile.dkt.civ@usdoj.gov; Leticia.adams@usdoj.gov

Yvette.macias@usdoj.gov

Benjamin A. Parker

benparker@johnpricelawfirm.com; benparker416@gmail.com

David George Peltan

davidpeltan@peltanlaw.com

Craig K. Perry

craig@craigperry.com; info@1stoplawfirm.com

Ryan D. Peterson

rpeterson@madgettlaw.com

Julie A. Petrik

Julie@michiganconsumerlaw.com

William P. Pipal

bill.pipal@troutmansanders.com

Dominic M. Pontello

dominicpontello@gmail.com

Emily Prentice

Emily.prentice@kattenlaw.com

Jim Gerhart Price

lawofficesofjgp@sbcglobal.net; deltalawgroup@yahoo.com

Brandon J. Rafool

bjr@brandonrafool.com

Michael Rapp

mr@kcconsumerlawyer.com

Jason M. Renner

Jason.renner@dinsmore.com

Walt D. Roper

walt@roperfirm.com

Emily Yandle Rottman

erottmann@mcguirewoods.com

Carlo Sabatini

ecf@bankruptcypa.com

Syed Ali Saeed

ali@sllawfirm.com

David M. Schultz

dschultz@hinshawlaw.com; courtfiling@hinshawlaw.com;

jweller@hinshawlaw.com; izielinski@hinshawlaw.com

Carl Schwartz

carl@michiganconsumerlaw.com

Nathan Andrew Searles

nasearles@portfoliorecovery.com

Felix Henri Sharpe, II

felix.sharpe@dinsmore.com

Brian L. Shrader

bshrader@centroneshrader.com

Robert E. Sickles

rsickles@hinshawlaw.com

Sundeep S. Sidhu

sssidhu@portfoliorecovery.com

Steven A. Siman

sas@simanlaw.com

Burke Smith

Burke@burkesmithlaw.com

George R. Smith, Jr.

g.smith1961@att.net

Robert Franklin Springfield

fspringf@burr.com

Scott Stamatakis

service@myinjury.com

Alan J. Stecklein

aj@kcconsumerlawyer.com

Brandon Stein

bstein@hinshawlaw.com

Kyle Steinmetz

ksteinmetz@mayerbrown.com

David A. Stella

dstella@kerr-russell.com

Max Story

max@maxstorylaw.com

Howard J. Strickland, Jr.

Jay.strickland@jonescork.com

Nathan D. Sturycz

Nathan@swattslaw.com; shelly@swattslaw.com

Ahmad Tayseer Sulaiman, First

Ahmad.sulaiman@sulaimanlaw.com

Omar Tayseer Sulaiiman

osulaiman@sulaimanlaw.com

Russell Snow Thompson, IV

rthompson@attorneysforconsumers.com

Jeffrey Alan Topor

jtopor@snllp.com; ccogbill@snllp.com

Emanwel Josef Turnbull

eturnbull@hollandlawfirm.com

Henry A. Turner

hturner@tloffices.com; awallace@tloffices.com;

Nicholas Wayne Tedford

ntedford@craigzlaw.com

Katherine Hannah Tresley

ktresley@hinshawlaw.com

Andrew T. Velonis

andrewv@wzlaw.org

Alexander S. Vesselinovitch

avesselinovitch@kattenlaw.com

Michael J. Vitoria

mvitoria@forthepeople.com

Suren Weerasuriya

sweerasuriya@attorneysforconsumers.com

Lisa R. Wilcox

lwilcox@wilcoxlawpa.com

Steven R. Zahn

szahn@portfoliorecovery.com

Steven Zakharyayev

steven@floridaloanlawyers.com

Michael Andrew Ziegler

mike@zieglerlawoffice.com

Mary Catherine Zinsner

mary.zinsner@troutmansanders.com

DATED:  March 23, 2020          **MADEL PA**

By:  *s/ Cassandra B. Merrick*_____
     Cassandra B. Merrick (396372)

     800 Pence Building
     800 Hennepin Avenue
     Minneapolis, MN  55403
     Telephone: 612-605-0630
     Fax: 612-326-9990
     cmerrick@madellaw.com
     **Attorney for Defendant**

Seefeldt v. Entertainment Consulting International, LLC., Slip Copy (2020)
2020 WL 905844

2020 WL 905844
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri, Eastern Division.

Michael SEEFELDT, individually and on
behalf of all others similarly situated, Plaintiff,
v.
ENTERTAINMENT CONSULTING
INTERNATIONAL, LLC., and Outfield Brew House,
LLC. d/b/a Budweiser Brew House, Defendants.

Case No. 4:19-cv-00188
|
Signed 02/25/2020

**Attorneys and Law Firms**

Anthony L. DeWitt, Bartimus and Frickleton, Jefferson City, MO, Edward D. Robertson, III, Kelly Clare Frickleton, Bartimus and Frickleton, Leawood, KS, Ari N. Rodopoulos, Peddicord and Townsend LLC, Kansas City, MO, for Plaintiff.

Geoffrey W. Castello, Glenn T. Graham, Pro Hac Vice, Lauri A. Mazzuchetti, Pro Hac Vice, Whitney M. Smith, Kelley and Drye, LLP, Parsippany, NJ, William James Foland, Jr., Jacqueline M. Sexton, Zachary T. Bowles, Foland Wickens, P.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

STEPHEN N. LIMBAUGH, JR., UNITED STATES DISTRICT JUDGE

**\*1** This matter comes before the Court on defendants' motion to stay (#93), which argues a stay is appropriate in this case pending resolution by the U.S. Supreme Court of *Barr v. American Association of Political Consultants*, Appeal No. 19-631. For the reasons that follow, that motion is **GRANTED**.

The case at hand involves a putative class action against defendants Entertainment Consulting International, LLC. ("ECI") and Outfield Brew House, LLC., d/b/a Budweiser Brew House ("Brew House"), alleging both "developed, acquired, licensed, and/or used custom, high-powered text-messaging programs ('Autodialer') that can select random,

sequential, and/or store phone numbers, dial such numbers, and send thousands of unsolicited automated text messages to such numbers." ECI and Brew House purportedly "compiled thousands of cell phone numbers and used the Autodialer to bombard the individuals having such cell phone numbers with special offers, prizes, events, and happy hours via unsolicited text messages." Specifically, named plaintiff Michael Seefeldt takes issue with ECI and Brew House's use of the Autodialer program—between January 24, 2015 and January 24, 2019—to send "unsolicited text messages [to him] and the putative class members promoting specials and events at the Brew House[.]" Seefeldt says these actions are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*

The TCPA has been the subject of much appellate discourse lately. First, the government-debt exception has been struck down as unconstitutional. *See. Am. Assoc. of Political Consultants, Inc. v. F.C.C.*, 923 F.3d 159 (4th Cir. 2019) (striking down the TCPA's government-debt exception as unconstitutional, but severing it); *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019) (striking down the TCPA's government-debt exception as unconstitutional, but severing it). Both the Fourth and Ninth Circuits found that the government-debt exception rendered the TCPA "fatally underinclusive" in that it "does not further the purpose of the automated call ban in a narrowly tailored fashion." *Am. Assoc. of Political Consultants, Inc.*, 923 F.3d at 168; *Duguid*, 926 F.3d at 1155. Both courts severed the government-debt exception while leaving the remainder of the TCPA in place. *Am. Assoc. of Political Consultants, Inc.*, 923 F.3d at 171; *Duguid* 926 F.3d at 1156-1157; *see also* 47 U.S.C. § 608. Their decisions are not without criticism, however, as made clear in the United States' intervening brief. Citing *Brickman v. Facebook, Inc.*, 230 F.Supp.3d 1036, 1047 (N.D. Cal. 2017), the United States argues, apparently on grounds of sovereign immunity, that "[t]he TCPA does not apply to the government"—that is, the TCPA does not impose liability on the government—and thus "the government-debt exception simply acts to protect those who are collecting debts [on its behalf]." As held by the Supreme Court, congress did not waive the government's sovereign immunity in enacting the TCPA, *Campbell-Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 672, 193 L.Ed.2d 571 (2016), and a congressional act is required in order for third parties to enjoy the government's immunity by way of the derivative immunity doctrine. *See Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 20, 60 S.Ct. 413, 84 L.Ed. 554 (1940). Neither the court in *Duguid* nor the court in *Am. Assoc. of Political*

*Consultants* contemplated what effect, if any, this sovereign immunity plays in the underinclusiveness rationale. In any event, the Supreme Court will at least look at these criticisms as raised by the United States in *Barr*. *See* Petition for Writ of Certiorari, Appeal No. 19-631, at pp. 12-13.

**\*2** Second, in the wake of the D.C. Circuit's decision in *ACA Int'l. v. F.C.C.*, 885 F.3d 687, 695 (D.C. Cir. 2018), which essentially reset the TCPA's definitional landscape, appellate courts have been unable to agree on the exact definition to give to an "autodialer" that lies at the heart of the TCPA's prohibitive mandates. This is a preliminary issue to the determination of whatever possible exceptions might remain following constitutional scrutiny. The problem comes down to a proper interpretation of Section 227(a)(1)(A), which states that autodialer "equipment" must have the "capacity" to "***store*** or ***produce*** telephone numbers to be called, ***using a random or sequential number generator***." 47 U.S.C. § 227(a)(1)(A) (emphasis added). The latter phrase is what has caused so much confusion. Does the phrase "using a random or sequential number generator" modify the verb "store" or "produce," or both? The Third, Seventh, and Eleventh Circuits have all concluded that it is both; an autodialer must be capable of either **storing** telephone numbers using a random or sequential number generator **or produce** such numbers using a random or sequential number generator. *See Gadelhak* v. *AT&T Servs., Inc.*, —— F.3d ——, 2020 WL 808270 at \*8 (7th Cir. Feb. 19, 2020); *Glasser v. Hilton Grand Vacations Co., LLC.*, 948 F.3d 1301, 1306 (11th Cir. 2020); *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018). They admit, however, that this definition is "imperfect," *Gadelhak*, —— F.3d ——, 2020 WL 808270 at \*8, and "runs into [interpretive] hurdles." *Glasser*, 948 F.3d at 1306. Conversely, the Ninth Circuit has concluded the phrase affects only the word produce, not store, such that an autodialer can either be equipment with the capacity to store numbers, or with the capacity to produce numbers to be called using a random or sequential number generator. *Marks v. Crunch San Diego, LLC.*, 904 F.3d 1041, 1049 (9th Cir. 2018). Apparently, as recognized by the Seventh Circuit, there are at least two other options floated around by the district courts suggesting the definition "captures only equipment that ***dials*** randomly or sequentially generated numbers" or otherwise "describe[s] the manner in which the telephone numbers are to be ***called***, regardless of how they are stored, produced, or generated." *Gadelhak*, —— F.3d ——, 2020 WL 808270 at \*4 (emphasis added).

In this case, defendants have filed a Rule 12(b)(6) motion that takes a notably scattershot approach, attacking *both* Section 227(b) and Section 227(c) of the TCPA under no less than the First Amendment Free Speech Clause, the "Fifth Amendment Equal Protection Clause," and the Fifth Amendment Due Process Clause. But, the government-debt exception issue is certainly front-and-center in their arguments, which now sits before the U.S. Supreme Court in *Barr*. The question in that case, though, is not only whether the government-debt exception is unconstitutional; more importantly, it is also whether the proper remedy was to sever the offending exception from the TCPA, leaving the remainder of the TCPA intact. *See* Petition for Writ of Certiorari, Appeal No. 19-631, at p. I. In their motion to stay, defendants say these issues, challenging the stability of the TCPA at its core, "risk[ ] inconsistent rulings and otherwise avoidable resources expenditures" in the event this Court decides contrary to the Supreme Court.

This Court finds even more concerning, however, the pending issue of class certification. Plaintiff sought class certification only two months after he filed his case— apparently aided by discovery efforts in substantially similar litigation in the Western District of Missouri. Notably, Judge Harpool in that case recently denied class certification and granted summary judgment to the defendants, in part, because "the platforms [used by Brew House] were not an ATDS under the TCPA." *Beal v. Outfield Brew House, LLC.*, 2020 WL 618839 at \*5 (W.D. Mo. Feb. 10, 2020) (granting summary judgment in defendants favor, and denying class certification, because plaintiff's claims could not survive the autodialer definitional adopted by the court). Judge Harpool elected to rely on the autodialer definition of the Third Circuit (and Seventh and Eleventh Circuits), that "an [autodialer] must ***produce*** numbers to be called ***using a random or sequential number generator***." *Id.* (emphasis added) (quoting *Dominguez*, 894 F.3d at 121). He went on to explain that "[t]he platforms at issue in this case could only text individuals whose numbers had been entered into the system manually – either by importing information from a CSV file or individually typing in the number. ***In other words, the system did not generate telephone numbers, it merely stored them*** [via manual entry]." *Id.* (emphasis added). Thus, it was concluded, "[t]his does not constitute an [autodialer]." *Id.* It made no difference, he explained, that the "software can 'randomly-select phone numbers,' " because "that is not the same as generating them [randomly]." *Id.*

**\*3** With *Beal* in mind, the problem of continuing this case is laid bare: it hinges not only on the problem of the government-debt exception, but also on the definitional problem of what constitutes an autodialer. To be sure, this Court notes plaintiff's complaint seems to specifically rely on the autodialer definition adopted by the Ninth Circuit—that is, an autodialer that can simply "store telephone numbers to be called, regardless of whether those numbers were generate by a random or sequential number generator"—which now sits in a clear appellate minority as against the greater weight of the Third, Seventh, and Eleventh Circuits. Plaintiff's proposed definition was also rejected by the Western District of Missouri. [Doc. #1, P. 5, ¶¶ 21-22]; *see also Gadelhak, ––– F.3d ––––, 2020 WL 808270 at \*4*; *Beal, 2020 WL 618839 at \*5*. And, as *Beal* shows, a determination on this issue can swing wildly in either side's favor—resulting, potentially, in summary judgment for the defendants. *Compare Beal, 2020 WL 618839 at \*5* (granting summary judgment to defendants on the basis that "the system did not generate telephone numbers, it merely stored them"); *with Smith v. Truman Road Development, LLC., 414 F.Supp.3d 1205, 1240 (W.D. Mo. 2019)* (denying a motion to dismiss by defendants, in part, on the basis that "the systems described in the complaint [are capable of] dial[ing] numbers from a stored list—precisely what is prohibited by the statute").

At this stage, the Supreme Court has not revealed it hand whether it will also take up review of the definitional problem. *See Facebook, Inc. v. Duguid*, Appeal No. 19-511 (case involving issue of the proper definition of an autodialer that was distributed for conference on January 24, 2020, but is without decision whether to grant certiorari) But, without a doubt, it creates that much more uncertainty about the TCPA at large and, specifically, the viability of plaintiff's claims. Of course, what the Supreme Court *has* accepted review of—particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional—risks a potential total collapse of the TCPA without regard to the definitional problem. It seems likely that decision, at minimum, will come this term (oral argument has been set for April 22, 2020), which may or may not be a reason why the decision on certiorari in *Duguid* remains pending.

Whatever the case, having studied the matter carefully, it seems the best approach is to wait for much-needed clarity from the Supreme Court—at least as to the government-debt exception problem, but also potentially the definitional problem. Indeed, this Court's has inherent power to stay proceedings as part of its authority "to control the disposition of the causes on its docket with economy of time and effort [in mind] for itself, for counsel, and for litigants." *Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)*. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id. at 254-255, 57 S.Ct. 163*. Generally speaking, the Court is to weigh "the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *St. Louis Heart Ctr, Inc. v. Athenahealth, Inc., 2015 WL 6777873 at \*5 (E.D. Mo. Nov. 4, 2015)*.

This rubric favors a stay for the benefit of *both* parties, as well as this Court. For starters, plaintiff says it is defendants who have "shown no likelihood of success on the merits." But, as explained above, *Beal* patently suggests otherwise—defendants won summary judgment in their favor on facts substantially similar to this case. Similarly, plaintiff argues the public interest would be harmed because "land line and cellular telephone lines were being abused" by defendants, which must be stopped. But *Beal* again suggests otherwise, finding the platforms used by Brew House (for the same years at issue, no less) "are not an ATDS under the TCPA." *2020 WL 618839 at \*5*. Plaintiff also says that discovery efforts will be hampered if a stay is entered, such as dealing with the issue of witness memory recall, but ties none of those allegations to the particulars of this case. Again, with a class certification motion already pending, this Court must confront the issue of defining an autodialer at an early stage—soon if a stay is not entered—that may result in the denial of class certification, as occurred in *Beal* following summary judgment, which all but defeats the need for discovery as a practical matter given the severe reduction in damage potential of this case. *See 47 U.S.C. § 227(b)(3)* (permitting an action for injunctive relief, actual monetary loss, and/or $500 in damages per violation). Finally, plaintiff suggests that judicial economy militates against a stay because "this case is still more than year (sic) from final disposition." Yet, that is precisely why a stay is appropriate, to avoid exhausting judicial resources to decide things like defendants' multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless. A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action. *See St. Louis Heart Ctr., Inc., 2015 WL 6777873 at \*5* (staying a TCPA action where a Supreme Court decision was pending for, amongst other reasons, the "very young" age of the case that had not yet conducted much discovery and had not yet litigated substantive issues).

Gestner v. Entertainment Consulting International, LLC., Slip Copy (2020)

2020 WL 905844

**\*4** Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to stay (#93) is **GRANTED**. This Case is **STAYED** pending resolution by the U.S. Supreme Court of *Barr v. American Association of Political Consultants*, Appeal No. 19-631.

So ordered this 25th day of February 2020.

**All Citations**

Slip Copy, 2020 WL 905844

---

**End of Document**　　　　　　　　　　　　© 2020 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 1149906
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

Bruce WRIGHT, Jorge Valdes
and Edwin Diaz, Plaintiffs,
v.
EXP REALTY, LLC, Defendant.

Case No. 6:18-cv-1851-Orl-40EJK
|
Signed 02/07/2020

**Attorneys and Law Firms**

Stefan Coleman, Law Offices of Stefan Coleman, PLLC, Avi Robert Kaufman, Kaufman P.A., Miami, FL, for Plaintiffs.

Eric Allen, Pro Hac Vice, Allen, Mitchell & Allen, PLLC, Salt Lake City, UT, James P. Gitkin, Salpeter Gitkin, LLP, Ft. Lauderdale, FL, Jason Daniel Joffe, Squire Patton Boggs, LLP, Miami, FL, for Defendant.

**ORDER**

PAUL G. BYRON, UNITED STATES DISTRICT JUDGE

**\*1** This cause comes before the Court on Defendant's Motion to Stay Proceedings (Doc. 94), filed January 22, 2020. On February 5, 2020, Plaintiffs responded in opposition. (Doc. 96). Upon consideration, Defendant's motion is due to be granted.

**I. BACKGROUND**

Plaintiffs initiated this action on October 30, 2018, and filed their Amended Complaint on January 24, 2019 (Doc. 30), seeking recovery against Defendant under the Telephone Consumer Protection Act ("**TCPA**"). On October 25, 2019, Plaintiffs filed a Motion for Class Certification (Doc. 68), in an attempt to address what they describe as a "pervasive problem emanating from the real estate industry." (*Id.*). Plaintiffs argue that real estate brokers are violating the TCPA by allowing realtors to: "(1) purchase leads lists of consumers with whom the realtors and the brokerages have no relationship and (2) repeatedly cold calling them to solicit real estate listings using calling platforms that include the ability to autodial and transmit prerecorded voice messages ...." (*Id.*).

Defendant now moves to stay these proceedings pending the Supreme Court's decision in *William P. Barr v. Am. Ass'n Political Consultants Inc., et al.*, Case No. 19-631. (Doc. 94).

**II. DISCUSSION**

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, staying a matter is an extraordinary measure that should only be employed to further the ends of justice, and the district court should resolve any doubts against issuing a stay. *See Bank of Am., N.A. v. Sullivan*, No. 8:13-CV-385, 2013 WL 2285079, at \*2 (M.D. Fla. May 23, 2013).

Defendant asks the Court to stay proceedings pending the Supreme Court's decision in *Barr v. Am. Ass'n Political Consultants* because it has the "potential to moot this action, as the Supreme Court is reviewing whether the statute on which Plaintiff relies – the TCPA – is constitutional." (Doc. 94, p. 1). Plaintiff argues that "[s]imply because eXp hopes the Supreme Court will overturn the Fourth Circuit's decision —and change clear Eleventh Circuit law—does not warrant a stay pending the decision in *Barr.*" (Doc. 97, p. 1).

The Court believes that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy. Additionally, "[T]he decision to grant a stay ... is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotations and citations omitted).

**III. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Stay Proceedings (Doc. 94) is **GRANTED**;

*2.* On or before **Friday, March 13, 2020**, the parties shall provide the Court with a written status report detailing the upcoming Supreme Court oral argument schedule and/or any updates in the Supreme Court's case and decision.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2020.

**All Citations**

Slip Copy, 2020 WL 1149906

---

**End of Document**                                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:18-cv-00712-MN

| | |
|---|---|
| Perrong v. Liberty Power Corp, L.L.C. | Date Filed: 05/11/2018 |
| Assigned to: Judge Maryellen Noreika | Jury Demand: Plaintiff |
| Demand: $15,000,000 | Nature of Suit: 890 Other Statutory Actions |
| Cause: 28:1331 Fed. Question | Jurisdiction: Federal Question |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2018 | 1 | COMPLAINT filed with Jury Demand against Liberty Power Corp, L.L.C. - Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311-2379918.) - filed by Andrew R. Perrong. (Attachments: # 1 Civil Cover Sheet)(sar) (Entered: 05/11/2018) |
| 05/11/2018 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (sar) (Entered: 05/11/2018) |
| 05/11/2018 | | Summons Issued with Magistrate Consent Notice attached as to Liberty Power Corp, L.L.C. on 5/11/2018. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302-573-6170 and ask the Clerk to mail the summons to them. (sar) (Entered: 05/11/2018) |
| 05/11/2018 | 3 | MOTION for Pro Hac Vice Appearance of Attorney Aytan Y. Bellin, Esquire - filed by Andrew R. Perrong. (Higgins, Mary) (Entered: 05/11/2018) |
| 05/16/2018 | | Case Assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (nms) (Entered: 05/16/2018) |
| 05/30/2018 | 4 | Return of Service Executed by Andrew R. Perrong. Liberty Power Corp, L.L.C. served on 5/15/2018, answer due 6/5/2018. (Higgins, Mary) (Entered: 05/30/2018) |
| 06/01/2018 | 5 | STIPULATION To Extend Time to Respond to Complaint re 1 Complaint, 4 Return of Service Executed by Liberty Power Corp, L.L.C.. (Murphy, Peter) (Entered: 06/01/2018) |
| 06/04/2018 | | SO ORDERED - re 3 MOTION for Pro Hac Vice Appearance of Attorney Aytan Y. Bellin, Esquire filed by Andrew R. Perrong, 5 Stipulation filed by Liberty Power Corp, L.L.C., Set/Reset Answer Deadlines: Liberty Power Corp, L.L.C. answer due 6/19/2018.. Ordered by Judge Gregory M. Sleet on 6/4/2018. (mdb) (Entered: 06/04/2018) |
| 06/05/2018 | | Pro Hac Vice Attorney Aytan Y. Bellin for Andrew R. Perrong added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (fms) (Entered: 06/05/2018) |
| 06/15/2018 | 6 | NOTICE of Appearance by Peter S. Murphy on behalf of Liberty Power Corp, L.L.C. (Murphy, Peter) (Entered: 06/15/2018) |
| 06/18/2018 | 7 | STIPULATION TO EXTEND TIME Responsive Pleading to Plaintiff's Complaint to June 26, 2018 - filed by Liberty Power Corp, L.L.C.. (Murphy, Peter) (Entered: 06/18/2018) |
| 06/20/2018 | | SO ORDERED - re 7 STIPULATION TO EXTEND TIME Responsive Pleading to Plaintiff's Complaint to June 26, 2018 filed by Liberty Power Corp, L.L.C., Set/Reset Answer Deadlines: Liberty Power Corp, L.L.C. answer due 6/26/2018.. Ordered by Judge Gregory M. Sleet on 6/20/2018. (mdb) (Entered: 06/20/2018) |

| 06/26/2018 | 8 | MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction - filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Opening Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, # 2 Text of Proposed Order, # 3 Exhibit, # 4 Notice of Manual filing of Multi-Media Materials)(Murphy, Peter) Modified on 6/27/2018 (mdb). (Entered: 06/26/2018) |
|---|---|---|
| 06/28/2018 | 9 | ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES. Signed by Judge Gregory M. Sleet on 6/28/2018. (asw) (Entered: 06/28/2018) |
| 06/28/2018 | 10 | NOTICE of Constitutional Question by Liberty Power Corp, L.L.C. (Murphy, Peter) (Entered: 06/28/2018) |
| 07/10/2018 | 11 | ANSWERING BRIEF in Opposition re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed by Andrew R. Perrong.Reply Brief due date per Local Rules is 7/17/2018. (Higgins, Mary) (Entered: 07/10/2018) |
| 07/10/2018 | 12 | Amended ANSWERING BRIEF in Opposition to Motion to Dismiss filed by Andrew R. Perrong.Reply Brief due date per Local Rules is 7/17/2018. (Attachments: # 1 Certificate of Service)(Higgins, Mary) Modified on 7/10/2018 (mdb). (Entered: 07/10/2018) |
| 07/12/2018 | 13 | SUMMONS Returned Executed on July 2, 2018 as to Jefferson Sessions, Attorney General of the United States. (Murphy, Peter) (Entered: 07/12/2018) |
| 07/17/2018 | 14 | STIPULATION and Proposed Order for a One Week Extension to the Deadline for Defendant's Reply Brief re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, 11 Answering Brief in Opposition, 12 Answering Brief in Opposition by Liberty Power Corp, L.L.C.. (Murphy, Peter) (Entered: 07/17/2018) |
| 07/19/2018 | | SO ORDERED - re 14 Stipulation and Proposed Order for a One Week Extension to the Deadline for Defendant's Reply Brief filed by Liberty Power Corp, L.L.C., Set Briefing Schedule: re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. (Reply Brief due 7/24/2018). Ordered by Judge Gregory M. Sleet on 7/19/2018. (mdb) (Entered: 07/19/2018) |
| 07/24/2018 | 15 | REPLY BRIEF re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed by Liberty Power Corp, L.L.C.. (Murphy, Peter) (Entered: 07/24/2018) |
| 07/30/2018 | 16 | Joint STATUS REPORT by Andrew R. Perrong. (Attachments: # 1 Certification of Counsel)(Higgins, Mary) (Entered: 07/30/2018) |
| 07/30/2018 | 17 | Joint PROPOSED ORDER Proposed Scheduling Order re 16 Status Report by Andrew R. Perrong. (Higgins, Mary) (Entered: 07/30/2018) |
| 08/21/2018 | 18 | MOTION for Extension of Time to Decide Whether to Intervene (UNOPPOSED) - filed by United States of America. (Hall, Jennifer) Modified on 8/27/2018 (mdb). (Entered: 08/21/2018) |
| 08/27/2018 | | ORAL ORDER re 16 Joint Status Report, 17 Proposed Scheduling Order - The plaintiff shall file an amended proposed scheduling that includes dates certain for all scheduling events. The amended proposal is due no later than Friday, August 31, 2018. Ordered by Judge Gregory M. Sleet on 8/27/2018. (mdb) (Entered: 08/27/2018) |
| 08/27/2018 | 19 | SO ORDERED - re 18 MOTION for Extension of Time to Decide Whether to Intervene |

|  |  | (UNOPPOSED) filed by United States of America. Signed by Judge Gregory M. Sleet on 8/27/2018. (mdb) (Entered: 08/27/2018) |
| --- | --- | --- |
| 08/31/2018 | 20 | Joint PROPOSED ORDER Amended Scheduling Order by Andrew R. Perrong. (Higgins, Mary) (Entered: 08/31/2018) |
| 09/20/2018 |  | Case reassigned to Judge Maryellen Noreika. Please include the initials of the Judge (MN) after the case number on all documents filed. (jcs) (Entered: 09/20/2018) |
| 10/24/2018 | 21 | NOTICE OF SERVICE of Plaintiff's First Sets of Interrogatories, Requests for Admissions, and Requests for Production filed by Andrew R. Perrong.(Higgins, Mary) (Entered: 10/24/2018) |
| 10/26/2018 | 22 | NOTICE of Intervention in Support of the Constitutionality of the Telephone Consumer Protection Act of 1991 by United States of America (Hall, Jennifer) (Entered: 10/26/2018) |
| 10/26/2018 | 23 | ANSWERING BRIEF in Opposition re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed by United States of America.Reply Brief due date per Local Rules is 11/2/2018. (Hall, Jennifer) (Entered: 10/26/2018) |
| 10/30/2018 | 24 | ORAL ORDER re 20 : IT IS HEREBY ORDERED that the parties shall confer regarding proposed dates in the scheduling order and shall submit a proposed order, including a proposal for the length and timing of trial, to the Court no later than thirty (30) days from the date of this Order. The parties are to use the Courts form scheduling order, which is posted at http://www.ded.uscourts.gov (see Chambers, Judge Noreika, Forms). If there are disputes or issues that the Court needs to address in the proposed scheduling order, the parties shall direct the Court to the paragraph numbers in which those appear in a cover letter to the Court. ORDERED by Judge Maryellen Noreika on 10/30/2018. (dlw) (Entered: 10/30/2018) |
| 11/07/2018 | 25 | ORDER re 23 ANSWERING BRIEF: Defendant and/or Plaintiff may each file a 10-page reply brief in response to the United States' Answering Brief on or before November 14, 2018. If no reply briefs are filed, the Court will decide the Motion to Dismiss 8 on the papers as submitted. IT IS FURTHER ORDERED that on or before November 14, 2018, the parties, or the United States, or both shall advise the Court if the Court should certify the constitutional question in light of the fact that the United States has already intervened (Set Briefing Schedule: Reply Brief(s) due 11/14/2018). SEE ORDER FOR COMPLETE DETAILS. Signed by Judge Maryellen Noreika on 11/7/2018. (dlw) (Entered: 11/07/2018) |
| 11/08/2018 | 26 | Letter to Honorable Maryellen Noreika from Jennifer Hall regarding Response to Order (D.I. 25) - re 25 Order,,, Set Briefing Schedule,,. (Attachments: # 1 Text of Proposed Order)(Hall, Jennifer) (Entered: 11/08/2018) |
| 11/09/2018 | 27 | ORDER Certifying Constitutional Challenge. Signed by Judge Maryellen Noreika on 11/9/2018. (Copy mailed to the United States Attorney General) (dlw) (Entered: 11/09/2018) |
| 11/14/2018 | 28 | REPLY BRIEF re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed by Liberty Power Corp, L.L.C.. (Murphy, Peter) (Main Document 28 replaced on 11/16/2018) (dlw). (Entered: 11/14/2018) |
| 11/15/2018 | 29 | NOTICE OF SUBSTITUTION OF COUNSEL re Andrew R. Perrong: Entry of appearance of attorney Chad J. Toms. Attorney Mary Higgins terminated. (Attachments: # 1 Notice and Certificate of Service)(Toms, Chad) (Entered: 11/15/2018) |
| 11/16/2018 |  | CORRECTING ENTRY: The PDF at D.I. 28 has been swapped out with a version of the brief that complies with Local Rule 5.1.1 that all printed matter must be in at least 12 point |

| | | |
|---|---|---|
| | | type. (dlw) (Entered: 11/16/2018) |
| 11/20/2018 | 30 | Consent MOTION to Stay re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, 21 Notice of Service - filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Rule 7.1.1. Statement, # 2 Text of Proposed Order)(Murphy, Peter) (Entered: 11/20/2018) |
| 11/21/2018 | | SO ORDERED re 30 Consent MOTION to Stay filed by Liberty Power Corp, L.L.C. Discovery in this case is STAYED until after a decision on the pending Motion to Dismiss 8 . ORDERED by Judge Maryellen Noreika on 11/21/2018. (dlw) (Entered: 11/21/2018) |
| 11/28/2018 | | Set/Reset Hearings: An Oral Argument is set for 1/10/2019 at 03:00 PM in Courtroom 4A before Judge Maryellen Noreika on the Motion to Dismiss 8 . The Court is setting aside a total of two hours for the argument. (dlw) (Entered: 11/28/2018) |
| 11/28/2018 | 31 | MOTION to Defer Filing a Scheduling Order (Unopposed) - filed by Liberty Power Corp, L.L.C. (Attachments: # 1 Rule 7.1.1. Statement, # 2 Text of Proposed Order)(Murphy, Peter) Modified on 11/28/2018 (dlw). (Entered: 11/28/2018) |
| 11/29/2018 | | SO ORDERED re 31 Consent MOTION - The Scheduling Order currently due today shall be filed no later than thirty (30) days from the Court's ruling on the pending Motion to Dismiss 8 . ORDERED by Judge Maryellen Noreika on 11/29/2018. (dlw) (Entered: 11/29/2018) |
| 11/30/2018 | 32 | NOTICE of Appearance by Anjali Motgi on behalf of United States of America (Motgi, Anjali) (Entered: 11/30/2018) |
| 12/21/2018 | 33 | MOTION for Pro Hac Vice Appearance of Attorney Charles A. Zdebski, Esquire - filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Certification of Charles A. Zdebski, Esquire, # 2 Text of Proposed Order)(Murphy, Peter) (Entered: 12/21/2018) |
| 12/21/2018 | | SO ORDERED re 33 MOTION for Pro Hac Vice Appearance of Attorney Charles A. Zdebski, Esquire filed by Liberty Power Corp, L.L.C. ORDERED by Judge Maryellen Noreika on 12/21/2018. (dlw) (Entered: 12/21/2018) |
| 12/26/2018 | 34 | Letter to Honorable Maryellen Noreika, U.S.D.J from Chad J. Toms, Esquire regarding Oral Argument on Defendant Liberty Power Corp.'s pending motion to dismiss - re 25 Order,,, Set Briefing Schedule,, 23 Answering Brief in Opposition, 24 Oral Order,,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Toms, Chad) (Entered: 12/26/2018) |
| 12/26/2018 | 35 | MOTION for Pro Hac Vice Appearance of Attorney Robert J. Gastner, Esquire - filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Certification of Robert J. Gastner, Esquire, # 2 Text of Proposed Order)(Murphy, Peter) (Entered: 12/26/2018) |
| 01/02/2019 | | SO ORDERED re 35 MOTION for Pro Hac Vice Appearance of Attorney Robert J. Gastner, Esquire filed by Liberty Power Corp, L.L.C. ORDERED by Judge Maryellen Noreika on 1/2/2019. (dlw) (Entered: 01/02/2019) |
| 01/03/2019 | 36 | MOTION to Stay Case in Light of Lapse of Appropriations - UNOPPOSED - filed by United States of America. (Hall, Jennifer) Modified on 1/3/2019 (dlw). (Entered: 01/03/2019) |
| 01/03/2019 | 37 | ORDER GRANTING 36 Motion to Stay. Case STAYED. The January 10, 2019 Oral Argument is CANCELED. Signed by Judge Maryellen Noreika on 1/3/2019. (dlw) (Entered: 01/03/2019) |
| 01/11/2019 | 38 | NOTICE OF SUBSTITUTION OF COUNSEL re Liberty Power Corp, L.L.C.: Entry of |

| | | |
|---|---|---|
| | | appearance of attorney Alexandra Rogin. Attorney Peter S. Murphy, Esquire terminated. (Attachments: # 1 Certificate of Service of Notice of Substitution of Counsel)(Rogin, Alexandra) (Entered: 01/11/2019) |
| 01/28/2019 | 39 | NOTICE of Restoration of Appropriations by United States of America re 37 Order on Motion to Stay (Hall, Jennifer) Modified on 1/29/2019 (dlw). (Entered: 01/28/2019) |
| 02/21/2019 | 40 | ORAL ORDER LIFTING STAY and Setting Oral Argument on 8 MOTION to Dismiss - Oral Argument is set for 5/10/2019 at 10:00 AM in Courtroom 4A before Judge Maryellen Noreika. The Court has set aside two hours for argument. ORDERED by Judge Maryellen Noreika on 2/21/2019. (dlw) (Entered: 02/21/2019) |
| 04/01/2019 | 41 | ORAL ORDER: IT IS HEREBY ORDERED that, on or before April 30, 2019, each party shall submit a letter to the Court identifying any district court or appellate court opinions issuing since November 14, 2018 that have addressed the constitutionality of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. For each case identified, a party may include up to three sentences explaining the relevance of the opinion to the present case. There will be no reply submissions. ORDERED by Judge Maryellen Noreika on 4/1/19. (dlw) (Entered: 04/01/2019) |
| 04/01/2019 | 42 | NOTICE of Appearance by Laura D. Hatcher on behalf of United States of America (Hatcher, Laura) (Entered: 04/01/2019) |
| 04/30/2019 | 43 | Letter to Judge Noreika from Chad J. Toms regarding Constitutionality of the TCPA - re 41 Oral Order,,. (Attachments: # 1 Exhibit Exhibits A-C)(Toms, Chad) (Entered: 04/30/2019) |
| 04/30/2019 | 44 | Letter to Judge Noreika from Alexandra D. Rogin regarding Constitutionality of the TCPA - re 41 Oral Order,,. (Rogin, Alexandra) (Entered: 04/30/2019) |
| 04/30/2019 | 45 | Letter to the Court from the United States regarding Decisions About the Constitutionality of the TCPA Since Nov. 14, 2018. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Motgi, Anjali) (Entered: 04/30/2019) |
| 05/10/2019 | | Minute Entry for proceedings held before Judge Maryellen Noreika - Oral Argument held on 5/10/2019 re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed by Liberty Power Corp, L.L.C. The court will take this matter under advisement and issue an Order in due course. (Court Reporter: Dale Hawkins.) (asw) (Entered: 05/10/2019) |
| 05/16/2019 | 46 | NOTICE of Withdrawal of Attorney, Jennifer L. Hall by United States of America (Hall, Jennifer) (Entered: 05/16/2019) |
| 06/21/2019 | 47 | Letter to Honorable Maryellen Noreika, U.S.D.J. from Chad J. Toms regarding Perrong v. Liberty Power Corp., 1:18-cv-712 (MN) Decision issued by the Ninth Circuit relevant to pending Motion to Dismiss - re 8 MOTION to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Partial Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. (Attachments: # 1 Enclosure)(Toms, Chad) (Entered: 06/21/2019) |
| 09/30/2019 | 48 | MEMORANDUM OPINION. Signed by Judge Maryellen Noreika on 9/30/2019. (dlw) (Entered: 09/30/2019) |
| 09/30/2019 | 49 | ORDER re 48 Memorandum Opinion DENYING 8 Defendant's motion to dismiss. Signed by Judge Maryellen Noreika on 9/30/2019. (dlw) (Entered: 09/30/2019) |
| 10/09/2019 | 50 | MOTION for Extension of Time to File Answer with Consent of Plaintiff - filed by Liberty Power Corp, L.L.C. (Attachments: # 1 Text of Proposed Order, # 2 Rule 7.1.1 Statement) (Rogin, Alexandra) Modified on 10/9/2019 (dlw). (Entered: 10/09/2019) |

| 10/09/2019 | | SO ORDERED re 50 MOTION for Extension of Time to File Answer with Consent of Plaintiff (Set/Reset Answer Deadlines: Liberty Power Corp, L.L.C. answer due 10/28/2019). ORDERED by Judge Maryellen Noreika on 10/9/2019. (dlw) (Entered: 10/09/2019) |
|---|---|---|
| 10/28/2019 | 51 | ANSWER to 1 Complaint with Jury Demand by Liberty Power Corp, L.L.C..(Rogin, Alexandra) (Entered: 10/28/2019) |
| 10/30/2019 | 52 | REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals - filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Text of Proposed Order)(Rogin, Alexandra) (Entered: 10/30/2019) |
| 10/30/2019 | 53 | OPENING BRIEF in Support re 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals filed by Liberty Power Corp, L.L.C..Answering Brief/Response due date per Local Rules is 11/13/2019. (Attachments: # 1 Exhibit A)(Rogin, Alexandra) (Entered: 10/30/2019) |
| 10/30/2019 | 54 | MOTION to Stay Proceedings - filed by Liberty Power Corp, L.L.C. (Attachments: # 1 Text of Proposed Order)(Rogin, Alexandra) Modified on 10/31/2019 (dlw). (Entered: 10/30/2019) |
| 11/07/2019 | 55 | NOTICE of Defendant's Notice of Supplemental Authority by Liberty Power Corp, L.L.C. (Rogin, Alexandra) (Entered: 11/07/2019) |
| 11/07/2019 | 56 | PROPOSED ORDER // Scheduling Order by Andrew R. Perrong. (Toms, Chad) Modified on 11/7/2019 (dlw). (Entered: 11/07/2019) |
| 11/13/2019 | 57 | STIPULATION TO EXTEND TIME for Plaintiff to File Response to Defendant's Motions to Amend Order Denying Motion to Dismiss and to Certify Interlocutory Appeal and to Stay Proceedings to November 27, 2019 - filed by Andrew R. Perrong. (Toms, Chad) Modified on 11/13/2019 (dlw). (Entered: 11/13/2019) |
| 11/13/2019 | | SO ORDERED re 57 STIPULATION TO EXTEND TIME for Plaintiff to File Response to Defendant's Motions to Amend Order Denying Motion to Dismiss and to Certify Interlocutory Appeal and to Stay Proceedings to November 27, 2019 (Set Briefing Schedule: re 54 MOTION to Stay Proceedings, 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals - Answering Briefs due 11/27/2019). ORDERED by Judge Maryellen Noreika on 11/13/2019. (dlw) (Entered: 11/13/2019) |
| 11/13/2019 | 58 | MEMORANDUM in Opposition re 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals filed by United States of America.Reply Brief due date per Local Rules is 11/20/2019. (Motgi, Anjali) (Main Document 58 replaced on 11/13/2019) (dlw). (Entered: 11/13/2019) |
| 11/13/2019 | | CORRECTING ENTRY: The last page of D.I. 58 has been deleted per the request of counsel as it was attached in error. (dlw) (Entered: 11/13/2019) |
| 11/18/2019 | 59 | Joint STIPULATION TO EXTEND TIME to file Reply Brief to December 6, 2019 - filed by Liberty Power Corp, L.L.C.. (Rogin, Alexandra) (Entered: 11/18/2019) |
| 11/19/2019 | | SO ORDERED re 59 Joint STIPULATION TO EXTEND TIME to file Reply Brief to December 6, 2019 (Set Briefing Schedule: re 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals - Reply Brief due 12/6/2019). IT IS FURTHER ORDERED that the reply brief shall not exceed 20 pages. ORDERED by Judge Maryellen Noreika on 11/19/2019. (dlw) (Entered: 11/19/2019) |
| 11/27/2019 | 60 | ANSWERING BRIEF in Opposition re 54 MOTION to Stay Proceedings, 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals filed by Andrew R. |

| | | Perrong. Reply Brief due date per Stipulation is 12/6/2019. (Attachments: # 1 Exhibit A) (Toms, Chad) Modified on 12/2/2019 (dlw). (Entered: 11/27/2019) |
|---|---|---|
| 12/06/2019 | 61 | REPLY BRIEF re 54 MOTION to Stay Proceedings, 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals filed by Liberty Power Corp, L.L.C.. (Attachments: # 1 Exhibit A-D to Reply Brief)(Rogin, Alexandra) (Entered: 12/06/2019) |
| 12/16/2019 | 62 | NOTICE OF SUBSTITUTION OF COUNSEL re United States of America: Entry of appearance of attorney Jonathan D Kossak. Attorney Anjali Motgi terminated. (Kossak, Jonathan) (Entered: 12/16/2019) |
| 01/14/2020 | 63 | Letter to The Hon. Maryellen Noreika from Alexandra Rogin regarding Supreme Court Case Development - re 53 Opening Brief in Support, 54 MOTION to Stay Proceedings, 52 REQUEST for Certification of Direct Appeal to the U.S. Court of Appeals , 55 Notice (Other), 61 Reply Brief,. (Rogin, Alexandra) (Entered: 01/14/2020) |
| 02/24/2020 | 64 | ORAL ORDER Setting Teleconference: A Telephone Conference is set for 3/6/2020 at 10:00 AM before Judge Maryellen Noreika regarding the pending motions (D.I. 52 , 54 ). Any party wishing to join the call shall do so by *individually* dialing into 302-573-4545. ORDERED by Judge Maryellen Noreika on 2/24/2020. (dlw) (Entered: 02/24/2020) |
| 03/03/2020 | 65 | NOTICE of Supplemental Authority for Motion to Stay by Liberty Power Corp, L.L.C. re 54 MOTION to Stay Proceedings, 63 Letter, (Attachments: # 1 Exhibit)(Rogin, Alexandra) (Entered: 03/03/2020) |
| 03/06/2020 | | Minute Entry for proceedings held before Judge Maryellen Noreika - Telephone Conference held on 3/6/2020. The pending motions ( 52 , 54 ) are DENIED. The case is STAYED pending the outcome of the U.S. Supreme Court case *Barr v. American Association of Political Consultants*. The parties shall file a joint status report within two weeks of the conclusion of the *Barr* case. CASE STAYED. (Court Reporter Dale Hawkins.) (mdb) (Entered: 03/06/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/23/2020 13:07:05 | | | |
| **PACER Login:** | cmerrick:4360201:0 | **Client Code:** | 030232-0001 |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-00712-MN Start date: 1/1/2017 End date: 3/23/2020 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |