1
2
3
4

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md02295 JAH - BGS<br><br>Member cases:<br>  All member cases<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STAY**<br>**[Doc. No. 793]** |

Defendant seeks an order staying the action pending the United States Supreme Court's decision in Facebook, Inc. v. Duguid, No. 19-511, 2020 WL 3865252 (2020) which challenges the Ninth Circuit's interpretation of "automatic telephone dialing system" ("ATDS") as found in the Telephone Consumer Protection Act ("TCPA").  Defendant maintains the Supreme Court will review "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" Motion ¶ 2 (citing "Petition for Writ of Certiorari at ii, Facebook, Inc., No. 19-511 (U.S. Oct. 17, 2019)). Defendant contends the Supreme Court's review is expected to clarify the law pertaining to TCPA claims such as Plaintiffs' claims against Defendant.   Additionally, Defendant contends the balance of interests weighs in favor of a stay because it will be limited in duration, promote judicial economy, and simplify the issues to be resolved in this action.

Plaintiff does not oppose the motion.

A court has the inherent authority to stay an action pursuant to its power to control its own docket. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55, (1936); <u>Levya v. Certified Growers, Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979). It may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." <u>Leyva</u>, 593 F.2d at 863–64. When determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Id</u>. (citing <u>Landis</u>, 299 U.S. at 254–55).

Defendant demonstrates the ruling in the Supreme Court action will simplify this matter in that it bears upon the main issue pending before this Court. Plaintiffs' non-opposition to the motion further supports the interests here weigh in favor of a stay of the proceedings.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's unopposed motion to stay (Doc. No. 793) is **GRANTED**;

2. The parties shall file a joint status report **within fourteen (14) days** of the Supreme Court's decision;

3. Defendant's previously filed motions to stay (Doc. Nos. 737, 777) are **DENIED** as moot**.**

DATED:   July 27, 2020

_____
JOHN A. HOUSTON
United States District Judge