UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION, | Case No.:  11md2295 JAH (BGS)<br><br>**ORDER REGARDING DISCOVERY** |

## I.  INTRODUCTION

On July 8, 2021, Defendant Portfolio Recovery Associates, LLC ("PRA") filed a Motion to Quash Rule 45 Subpoenas to Asimut Technology Solutions Inc. and Avaya, Inc.  (ECF 806.)  Plaintiffs filed an Opposition on July 15, 2021.  (ECF 807.)  PRA's Motion to Quash raises three issues: (1) whether the Avaya subpoena seeks discovery not authorized; (2) if the Avaya subpoena should be quashed because the parties lack a sufficient protective order for source code; and (3) if the Avaya subpoena should be quashed because the place of production under the subpoena is more than 100 miles from Avaya.[1]  The Court addresses each below and **DENIES** the Motion to Quash.

///

---

[1] PRA raised additional issues regarding the subpoena issued to Asimut.  However, because Plaintiffs have withdrawn the subpoena to Asimut, those issues are moot.

## II. DISCUSSION

### A. Whether the Avaya Subpoena Seeks Unauthorized Discovery

PRA argues the Avaya subpoena seeking source code exceeds the narrow discovery authorized by the Honorable John A. Houston when he reopened discovery. (ECF 806-1 at 3-5, 8.[2]) Relying on Plaintiffs' Motion to Reopen and Judge Houston's written Order following the hearing on it, PRA argues Judge Houston only permitted Plaintiffs "to receive *deposition* testimony 'from a representative of Avaya.'" (*Id.* at 4 (quoting ECF 802 (Judge Houston's written Order granting Plaintiffs' Motion to Reopen Discovery) (emphasis added).) PRA also relies on Plaintiffs' statements in their Motion to Reopen Discovery that they want "targeted testimony" and the statement that the testimony would come from a "representative of Avaya." (ECF 806-1 (citing 796-1 at 6 and 9).) PRA asserts that the source code sought in the subpoena exceeds the limitations on the scope of discovery and Plaintiffs' attempt to expand discovery to include production of source code from Avaya imposes an undue burden on PRA. (*Id.* at 3.)

In Opposition, Plaintiffs argue PRA's interpretation of Judge Houston's Order "attempts to add limitations to the Order that do not exist." (ECF 807 at 3.) Plaintiffs assert that Judge Houston's Order did not limit the method of discovery allowed and that if Plaintiffs only wanted to take a deposition, that is what they would have requested in seeking to reopen. (*Id.*) Plaintiffs also argue that if Judge Houston had intended to limit Plaintiffs to a deposition, the Order would have so specified, and it did not. (*Id.*)

The Court has reviewed the written Order granting Plaintiffs' Motion to Reopen discovery (ECF 802), the transcript of the hearing on the Motion to Reopen, including Judge Houston's Order on the record at the conclusion of the hearing (ECF 804) as well as Plaintiffs' Motion to Reopen that PRA relies on (ECF 796) and concludes discovery was not limited to a deposition. Judge Houston's Order does not explicitly limit

---

[2] All citations are to the CM/ECF pagination unless otherwise noted.

1  Plaintiffs to a deposition of an Avaya representative. (ECF 802.) The order on the record
2  at the conclusion of the hearing allows Plaintiffs to pursue discovery related to whether
3  the system falls within the footnote 7 narrative and indicates that the discovery will be
4  conducted alongside the discovery produced in the *Bell* case.[3] (ECF 804 at 12-13.)
5  Based on a review of the transcript of the hearing, it is clear that the discovery Plaintiffs
6  wanted included source code. Plaintiffs indicate during the hearing that they are seeking
7  source code. (*Id.* at 4 ("I hired a consulting expert to advise me on what type of source
8  code and what we should ask to try to determine whether footnote 7 will be met in this
9  case or not."). PRA, in disputing the proper scope of discovery in the *Bell* case
10 characterized the requests in that case as "very highly sensitive source code information."
11 (*Id.* at 10.) This is significant because Plaintiffs sought, and Judge Houston permitted
12 obtaining the same discovery here that was being sought in the *Bell* case. (*Id.* at 4, 13
13 ("The same discovery has been permitted in the district of Texas in the *Bell* case").) As
14 discussed on the record by both parties, that discovery included source code.

   Additionally, while Plaintiffs' Motion to Reopen does reference obtaining
16 testimony from an Avaya representative there are other references that indicate they are
17 seeking more than a deposition. Plaintiffs' Motion to Reopen references "conducting
18 *discovery* from a representative" and obtaining "limited targeted *discovery*." (ECF 796-1
19 at 2, 8-9.) Plaintiffs also reference needing testimony from an Avaya representative
20 regarding "computer code" to show that it qualifies under footnote 7 of the *Facebook*

---

[3] Plaintiffs' Motion to Reopen and the parties' arguments during the hearing address Plaintiffs seeking similar discovery in *Bell v. Portfolio Recovery Associates, LLC*, Case No. 5:18-CV-00243-OLG. (ECF 796-1 at 2; ECF 804 at 3-4, 9-10.) The docket in that case reflects it has since settled and the Plaintiff's Opposed Motion for Discovery from Avaya has been withdrawn. *Bell*, Case No. 5:18-CV-00243-OLG, (W.D. Tex. June 10, 2021) (Notice of Settlement) (ECF 59); *Bell*, Case No. 5:18-CV-00243-OLG, (W.D. Tex. June 10, 2021) (Withdrawal of Motion) (ECF 60).

3

11md2295 JAH (BGS)

decision. (*Id.* at 6.) It seems highly unlikely that Plaintiffs would have intended to depose an Avaya representative about source code without ever having seen it.

In conclusion, the Court finds the subpoena seeking source code from Avaya does not exceed the scope of limited discovery authorized by Judge Houston's Order (ECF 802, 804) and denies PRA's request to quash the subpoena on that basis.[4]

### B. Lack of Sufficient Protective Order for Source Code

PRA asks the Court to modify or quash the subpoena issued to Avaya "because the current protective order neither contemplates nor adequately safeguards highly sensitive material such as the requested source code." (ECF 806-1 at 8.) PRA claims the source code "requires heighted protections to ensure the security of PRA's commercial and competitive interests and . . . necessitates the entry of a source code-specific protective order." (*Id.*) PRA also relies on the highly competitive nature of its industry and its investment in "developing proprietary commercial information, procedures, and practices to give it a competitive edge." (*Id.* at 10.) PRA asserts that its commercial and competitive interests would be harmed by unauthorized disclosure of the source code sought in the subpoena. (*Id.*) Plaintiffs do not dispute that the source code could be highly sensitive, proprietary and constitute trade secrets and indicate they are "certainly willing to enter into reasonable and appropriate agreements to protect PRA's proprietary information." (ECF 807 at 2.)

Judge Houston also already directed the parties to enter into a protective order to address PRA's confidentiality concerns. (ECF 804 at 13 ("[T]he parties shall produce discovery pursuant to this order *through a protective order* as appropriate.")(emphasis added).) During the hearing, PRA characterized the discovery being sought in the *Bell*

---

[4] Because the Court finds the subpoena does not seek discovery beyond that already authorized, there is no undue burden on PRA based on an expansion of discovery. (ECF 806-1 at 3 (PRA claims subpoena imposes an undue burden because it attempts to expand discovery beyond limits set).)

case, the same discovery being sought here, as "seeking very highly sensitive source code information without appropriate protection." (*Id.* at 9-10.) It is reasonable to conclude that Judge Houston was attempting to address that confidentiality concern by ordering the parties to produce the discovery subject to a protective order with appropriate protections.

The issue then is not whether source code-specific protections are warranted, but what those terms should be and the parties adding them to their existing protective order. Since Judge Houston issued his order more than eight weeks ago, the parties appear to have made no progress toward amending their existing protective order to add appropriate source code-specific terms. Before this Motion was even filed, Plaintiffs had contacted PRA's counsel and requested PRA advise on the measures PRA wanted in place to alleviate its confidentiality concerns. (ECF 807 at 2 (explaining Plaintiffs' counsel contacted PRA on July 2, 2021).) However, PRA had not responded with any specifics. (*Id.*) In their Opposition, Plaintiffs propose that the source code be provided only to counsel for Plaintiffs, Plaintiffs' consulting expert, and any additional experts retained by Plaintiffs. (*Id.*) PRA did not propose what protective order terms would be appropriate to address their concerns regarding unauthorized disclosure, stating only that without necessary source code-specific protections that "have not yet been implemented" the source code is vulnerable to unauthorized disclosure. (ECF 806-1 at 10.)

Given Judge Houston's order for the parties to proceed under a protective order, Plaintiffs' acknowledgement that the source code is entitled to protections, Plaintiffs' agreement to reasonable and appropriate protections, and that the lack of appropriate protections being implemented appears to be at least partially PRA's own fault, the Court denies PRA's request to quash the subpoena on this basis.

The Court will, however, order the parties to add source code-specific protections to their stipulated protective order prior to production of the source code. While part of Plaintiffs' proposal (that the disclosure be limited to Plaintiffs' counsel and Plaintiffs expert) seems reasonable, the Court does not have the benefit of PRA's position on that proposal. As PRA is in a better position to address their own confidentiality concerns,

the Court orders the parties to meet and confer regarding the terms and file an amended stipulated protective order that includes source code-specific terms no later than **August 2, 2021**.

### C. 100-Mile Limitation

PRA seeks to quash the subpoena issued to Avaya because it requires Avaya to produce documents in San Diego, more than 100 miles from where Avaya resides in Los Angeles. (ECF 806-1 at 10-11.) PRA argues this violates Rule 45(c)(2)(A) and the subpoena should be quashed under Rule 45(d)(3)(A)(2). (*Id.*) Rule 45(c)(2)(A) indicates "[a] subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(d)(3)(A)(ii) indicates "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)."

Plaintiff argues the 100-mile limit does not apply because Avaya is not required to appear in person in San Diego to produce the responsive documents. (ECF 807 at 4 (citing *Walker v. Ctr. for Food Safety*, 667 F. Sup. 2d 133, 138 (D. D.C. 2009) and *Kremen v. Cohen*, No. 12CV1145 JLS (DHB), 2012 WL 1669358, at *2 (S.D. Cal. May 11, 2012).

PRA does not address its standing to challenge the subpoena issued to *Avaya* based on the 100-mile limit.[5] "Under Rule 45(c)(3), a party lacks standing to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13cv1395-GPC (BLM), 2014 WL 3573400, at * 3 (S.D. Cal. July 18, 2014) (citing *In re REMEC, Inc. Sec. Litig.*, Civil No. 04cv1498 JLS (AJB), 2008 WL 2282647,

---

[5] Avaya has not challenged the subpoena, but based on the parties Joint Status Report, it does not appear they have responded to the subpoena yet. (ECF 809 ¶ 5.)

at *1 (S.D. Cal. May 30, 2008) and *Malibu Media, LLC v. Does 1-25*, Civil No. 12-cv-0362 LAB (DHB), 2012 WL 2367555, at *2 (S.D. Cal. June 21, 2012)); *see also Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); *see also Littlefield v. NutriBullet, LLC*, 2018 WL 5264148, *4 (C.D. Cal. Jan. 22, 2018) (collecting cases).

     Neither party addresses whether PRA has a personal right or interest in the discovery sought sufficient to give PRA standing. However, even if the Court assumes PRA has standing based on an interest in the source code, it would not extend to a procedural challenge like the geographic limit. *Ireh v. Nassau Univ. Med. Ctr.*, Civil No. 1:08-CV-0470-GET-JFK, 2008 WL 11322922, at *2 (N.D. Ga. March 4, 2008) (Plaintiff's standing to challenge the subpoena is limited to issues involving his personal or privacy rights regarding disclosure and does not extend to procedural or technical matters relating to the form of the subpoena or its service); *see also Deployment Med. Consultants, Inc. v. Pipes*, Civil No. 08cv1959 JAH (BGS), 2011 WL 811579, at *2 (S.D. Cal. March 2, 2011) ("[D]eclin[ing] to quash subpoena based on [party's] procedural objections because [the party] does not have standing to challenge the subpoena"); *see also Littlefield*, 2018 WL 5264148, at *4 (collecting cases and finding party lacked "standing to challenge the subpoenas . . . on technical/procedural grounds").

     PRA's assumed standing would "extend[] only so far as to assert [its] own interests, not those of the subpoenaed party." *Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *8 (D. Ariz. June 20, 2014) (explaining that production beyond the 100-mile limit would not affect the party any differently if the production was within 100 miles); *see also Oyenik v. Corizon Health Inc.*, No. CV-13-01597 PHX-SPL (BSB), 2014 WL 12787872, at *2 n.3 (D. Ariz. Nov. 21, 2014) (Finding Defendant had no standing to challenge a subpoena based on the

7

11md2295 JAH (BGS)

geographical limitations because Defendant's "assumed standing extends only so far as to assert its own interests, not those of the subpoenaed non-party.")

The Court declines to quash the subpoena based on PRA's challenge to the geographic limit because PRA lacks standing to challenge the subpoena on this basis.[6]

## III.   CONCLUSION

The Motion to Quash is **DENIED**.  Parties shall file an amended stipulated protective order adding appropriate source code-specific protections no later than **August 2, 2021**.

**IT IS SO ORDERED.**

Dated:  July 22, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[6] The Court notes there is disagreement among the courts as to whether the 100-mile geographic limit is violated based on a production location beyond 100 miles when the production does not require anyone to travel or appear in person. *Kreman*, 2012 WL 1669358, at *1-2 (S.D. Cal. May 11, 2012); *Wahoo Int'l*, 2014 WL 3573400, at *4; *Walker*, 667 F. Supp. 2d at 138; *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, 2020 WL 5846603, at *1-2 (D. Ariz. Oct. 1, 2020) (collecting cases); *but see Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018); *Anderson v. Old Nat'l Bancorp*, No. 5:02-CV-00324-R, 2011 WL 4543194, at *5 (W.D. Ky. Sept. 28, 2011).