Chris R. Miltenberger (TX Bar # 14171200)
chris@crmlawpractice.com
**Law Office of Chris R. Miltenberger, PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
Phone: (817) 416-5060
Fax: (817) 416-5062

Co-Lead Counsel for the Plaintiffs with Member Cases

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Co-Lead Counsel for the Plaintiffs with Member Cases

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>**This Document Relates to All Member Cases** | Case No. 3:11-md-02295-JAH-BGS<br><br>PLAINTIFFS' RENEWED APPLICATION FOR LEAVE TO CONDUCT DISCOVERY<br><br>HON. JOHN A. HOUSTON |

Plaintiffs with Member Cases in this MDL ("**Plaintiffs**") request leave of Court to continue the discovery period and allow discovery from Portfolio Recovery Associates, LLC. ("PRA").

Plaintiffs first filed this application on July 15, 2021. It was denied without prejudice (Doc. 811) pending the ruling by the Honorable Bernard G. Skomal, United States Magistrate Judge on PRA's motion to quash discovery sent to Avaya. Judge Skomal denied PRA's motion to quash (Doc. 812) and is overseeing the discovery with regard to Avaya. Thus, it is now appropriate to renew this motion with regard to PRA.

This Court approved an earlier request to reopen discovery in this case. (Doc. 802). Plaintiffs served PRA with a request for the production of source code. A copy of the request and PRA's responses are attached as Exhibit 1.

PRA objects to the discovery sent to PRA as outside the scope of the Court's previous Order, essentially objecting that the Court only allowed additional discovery with regard to Avaya and not PRA. Because PRA objects to the discovery sent to it, Plaintiffs file this Application specifically requesting approval to conduct discovery with regard to PRA.

## I.   Good Cause Exists to Allow Discovery From PRA

The issue in this MDL is whether PRA used an ATDS in calling the Plaintiffs. The Supreme Court in *Facebook* held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." The parties are now arguing about what qualifies as a "device."

Plaintiffs contend, and have always contended that, the PRANet, the Avaya software/dialer and the Asimut Technologies software combine to make an ATDS. After Plaintiff's previous motion to reopen discovery was filed, Plaintiffs hired a consulting expert who advised them on the ways PRA's dialing system may use a random or sequential generator. The discovery Plaintiffs sent to PRA and Avaya targeted those areas and ways.

Defendant is opposing the discovery sent to it and is attempting to separate the components of its calling system and have the Court analyze them separately.[1]

**1. PRA has been on notice that Plaintiffs consider the PRA's dialing system to consist of all of the components in its calling system.**

---

[1] The Federal Communications Commission emphasized that it is the capability of the overall dialing system that must be analyzed to determine if a particular dialing system is an ATDS and not just the capabilities of the individual components of the dialing system. See, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (2015 Declaratory Ruling), 30 FCC Rcd. 7961, ¶ 24 (2015)

PRA's ATDS is properly defined as all of the components in the "calling system." This is not a new position taken by the Plaintiff in the current case.

In Plaintiffs' motion for summary judgment, the Plaintiffs argued that all of the components constituted the calling system. (Doc No 674-1, pages 31-37) This position is not a surprise to PRA. To the contrary, in the diagram used in discovery in this MDL the entire calling system is outlined. The Avaya software is connected to Defendant's PRANet database and receives telephone numbers from that database. That connection is part of the calling system. It is this connection and data transfer about which Plaintiff seeks discovery from PRA.

**2. The discovery in the *Bell* case included a request for production of source code from PRA.**

As Judge Skomal noted in his order, the order on the record at the conclusion of this Court's hearing on the initial motion to reopen discovery noted that the discovery will be conducted alongside the discovery produced in the *Bell* case.[2] (Doc. 804 at 12-13.) In the *Bell* case discovery was sent to PRA for its source code. A copy of PRA's responses to that is attached as Exhibit 2. The same discovery that was sent in the *Bell* case to PRA was also sent in the current case.[3]

**3. The source code from PRA is necessary to make a complete evaluation of PRA's dialing system.**

The well-qualified consultant engaged by Plaintiffs explains why it is necessary to review PRA's source code to determine whether the dialing system, including the PRANet database, contains the necessary functions of an automatic telephone dialing system. Exhibit 3, Declaration of Hollaar, ¶¶ 10-11. Thus, the discovery from PRA is necessary and Plaintiffs have no other means to obtain the source code other than the discovery propounded on PRA.

---

[2] *Bell v. Portfolio Recovery Associates, LLC,* Case No. 5:18-CV-00243-OLG (W.D. Tex. 2021)
[3] The discovery in Bell requested the same source code but for different dates.

## II. Relief Requested

Plaintiffs request the following relief:

- An order allowing additional discovery from PRA, beginning with the written discovery attached as Exhibit 1 requiring PRA to produce certain source code;
- An order allowing Plaintiffs to depose a representative of PRA after PRA has responded to the written discovery;
- An order allowing the parties to retain additional expert witnesses, if necessary;
- An order allowing at least 120 days to complete discovery (PRA and Avaya); and
- Continued abatement of the motions for summary judgment with such motions to be renewed at an appropriate time.

Dated July 26, 2021

Law Office of Chris R. Miltenberger, PLLC

By:   s/ Chris R. Miltenberger
Co-Lead Counsel for Plaintiffs with Member Cases

Lester & Associates

By:   s/ Patric A. Lester
Patric A. Lester
pl@lesterlaw.com

Co-Lead Counsel for Plaintiffs with Member Cases

Re: In Re Portfolio Recovery Associates, LLC, TCPA Litigation
Case No. 3:11-md-02295-JAH-BGS
United States District Court, Southern District of California

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below, I electronically filed with the Court through its CM/ECF program and served through the same program the following:

**PLAINTIFFS' RENEWED APPLICATION FOR LEAVE TO CONDUCT DISCOVERY**

on the interested parties in said case, and upon non-registered parties, as follows:

☒ BY MAIL, by placing a copy thereof in a separate envelope for each addressee named below with the postage thereon fully prepaid, deposited each in the United States mail at St. Louis, Missouri in accordance with our business' practice.

Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

Ross A. Miller
P.O. Box 12433
Richmond, VA 23241

Jarrett R. Jenkins
334 Locust Street, Apt-1
West Hempstead, NY 11552-3044

Lee Arthur Momient
P.O. Box 608082
Chicago, IL 60660

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated July 26, 2021

Lester & Associates

By: *Mary Belford Smith*
Mary Belford Smith
Paralegal for Patric A. Lester
Attorney for Plaintiffs with Member Cases