UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION, | Case No.:  11md2295 JAH (BGS)<br><br>**ORDER:**<br>**(1) GRANTING NON-PARTY AVAYA'S MOTION TO QUASH**<br>**(2) DENYING AS MOOT MOTIONS TO AMEND THE PROTECTIVE ORDER**<br><br>[ECF 816, 817, 818] |

## I.   INTRODUCTION

Non-Party Avaya Inc. has filed a Motion to Quash a Subpoena issued by Plaintiffs. (ECF 816.) Plaintiffs have filed an Opposition and Avaya a Reply. (ECF 823 (Opposition); ECF 832 (Reply).)  Also pending before the Court are separate motions from Plaintiff and Defendant Portfolio Recovery Associates, LLC ("PRA") for entry of different amendments to their Protective Order.  (ECF 817, 818.)

For the reasons set forth below, non-party Avaya's Motion to Quash is **GRANTED** and the Motions for amendment of the Protective Order are **DENIED as moot**.

## II. PROCEDURAL HISTORY

The Court briefly summarizes the relevant procedural history since the stay was lifted.[1]

### A. Limited Additional Discovery

The Honorable John A. Houston lifted the stay of this case on May 24, 2021, and on May 26, 2021 held a hearing on Plaintiffs' motion for a limited reopening of discovery. (ECF 799 (lifting stay); 803 (hearing).) Plaintiffs' motion was granted and Plaintiffs were permitted to conduct limited discovery from non-party Avaya. (ECF 802-804 (granting leave to reopen discovery for limited purpose).)

### B. PRA's Motion to Quash Subpoena to Non-Party Avaya

On June 17, 2021, Plaintiffs served a Rule 45 subpoena on non-party Avaya. (ECF 809 at ¶ 4; ECF 832 at 2 n. 2.[2]) On July 1, 2021, PRA contacted the undersigned's chambers to request a hearing date for a motion to quash third-party subpoenas, and the Court set a briefing schedule. (ECF 805.) *PRA's* motion to quash subpoenas issued to Avaya and Asiumt[3] raised three issues: (1) whether the discovery authorized by Judge Houston was limited to a deposition of Avaya and precluded any other discovery from Avaya; (2) if the Avaya subpoena should be quashed because the parties' lacked sufficient protective order provisions to address *PRA's* confidentiality concerns for Avaya's source code; and (3) if the Avaya subpoena should be quashed because the place of production under the subpoena was more than 100 miles from Avaya. (ECF 806-07.)

On July 22, 2021, the Court denied PRA's motion to quash. (ECF 812.) After consideration of Judge Houston's orders, the Court concluded that the scope of discovery permitted by Judge Houston was not limited to a deposition of Avaya. (ECF 812 at 2-4.)

---

[1] The case had been stayed pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). (ECF 794 (staying); ECF 795 (parties' notice of decision).)
[2] All citations are to the CM/ECF electronic pagination unless otherwise noted.
[3] The subpoena issued to Asimut was withdrawn by Plaintiffs.

1  Noting the parties had already been directed to enter into an appropriate protective order
2  to address PRA's confidentiality concerns, the Court ordered the parties to meet and
3  confer regarding an appropriate protective order amendment[4] as to the source code.
4  (ECF 812 at 4-6.)  The parties failed to agree on appropriate protective order provisions
5  and instead filed competing motions for entry of their preferred protective order
6  amendments.  (ECF 817 and 818.)  As to the 100-mile rule, the Court found *PRA* lacked
7  standing to assert a procedural challenge under Rule 45(d)(3)(A)(ii) based on *Avaya*
8  being required to produce documents more than 100 miles from where *Avaya* conducts
9  business.  (ECF 812 at 6-8.)

      C.      **Requests for Additional Discovery**

11  While PRA's motion to quash the subpoena to Avaya was pending, Plaintiffs filed
12  an application requesting approval to conduct further discovery as to PRA and Avaya.
13  (ECF 808.)  The application noted the parties' dispute as to the scope of discovery
14  permitted from Avaya (one of the issues raised in PRA's motion to quash the subpoena to
15  Avaya) and that PRA had objected to discovery Plaintiffs issued to PRA as being beyond
16  the scope of the limited discovery permitted, *i.e.* beyond discovery from Avaya.  (ECF
17  808 at 1-2.)  Noting the overlap with issues raised in the motion to quash, Judge Houston
18  denied that motion on July 19, 2021 without prejudice to filing it after a ruling on PRA's
19  motion to quash the subpoena issued to Avaya.  (ECF 810.)

20  On July 26, 2021, after the ruling on PRA's motion to quash, Plaintiffs filed a
21  renewed application seeking leave to conduct discovery as to PRA, including written
22  discovery and a deposition.  (ECF 813 at 4.)  Plaintiffs also sought leave for the parties to
23  retain additional experts if necessary and an additional 120 days to complete discovery as

---

[4] As noted in the Court's July 22, 2021 Order, at the time the Court was ruling on PRA's motion to quash, Avaya had not yet responded to the subpoena. (ECF 812 at 6 n.5.)  In this respect, the order to meet and confer regarding appropriate protective order provisions was primarily intended to address PRA's confidentiality concerns with disclosure of Avaya's source code.

to Avaya and PRA. (*Id.*) In opposing that motion, in addition to other arguments, PRA argued that the additional discovery requested should be denied as futile. (ECF 830 at 9-19.) As discussed more below, PRA argued that Plaintiffs' theory of liability based on footnote 7 of the *Facebook* decision, the basis for additional discovery from Avaya and PRA, had been rejected by numerous district courts. (ECF 830 at 16.) Plaintiffs' Reply followed, along with notices of supplemental authority from PRA supporting its position and Plaintiffs' responses to those notices. (ECF 834-39, 841.) PRA was providing notice of district court decisions, issued after its Opposition was filed, that it argued had rejected Plaintiffs' footnote seven theory. (ECF 835 (*Borden*), 837 (*Franco*), 838 (*Tehrani*), 841 (*Wilson* and *Gross*).)[5] Plaintiffs' responses to the notices attempt to distinguish them from this case. (ECF 836 (*Borden*), 839 (*Franco* and *Tehrani*)).) Judge Houston denied the request for additional discovery in a detailed Order in which he found additional discovery in support of a rejected theory of liability was futile. (ECF 843 at 7.)

### D. Non-Party Avaya's Motion to Quash

While Plaintiffs' renewed application for discovery was being briefed, non-party Avaya filed the current Motion to Quash Plaintiffs' subpoena. (ECF 816.) This is the same subpoena PRA sought to quash. However, other than the 100-mile rule challenge more appropriately raised by Avaya, the reasons Avaya seeks to quash are largely different.[6] There is, however, overlap in issues between Avaya's Motion to Quash and

---

[5] *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2021 WL 3602479 (W.D. Wash. Aug. 13, 2021); *Franco v. Alorica, Inc.*, Case No. 2:20-CV-05035-DOC-(KESx), 2021 WL 3812872 (C.D. Cal. July 27, 2021); *Tehrani v. Joie De Vivre Hospitality, LLC*, Case No. 19-cv-08168-EMC, 2021 WL 3886043 (N.D. Cal. Aug. 31, 2021); *Wilson v. Rater8, LLC*, Case No. 20-cv-1515-DMS-LL, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021); *Gross v. GG Homes, Inc.*, Case No. 3:21-cv-00271-DMS-BGS, 2021 WL 4804464 (S.D. Cal. Oct. 14, 2021).

[6] Given Avaya's Motion to Quash was filed almost a month after PRA sought to quash the same subpoena, in setting the briefing schedule on Avaya's Motion to Quash, the Court required Plaintiffs and Avaya to address service of the subpoena and the timeliness of the Motion to Quash. (ECF 819.) Avaya has addressed the issue in detail with

Plaintiffs' renewed application for additional discovery that was recently denied. As discussed more below, relying on some of the same cases relied on by PRA in opposing additional discovery based on futility, Avaya also argues the discovery sought by Plaintiffs from Avaya is futile. (*Id.* at 8, 13-15.)

Plaintiffs and Avaya both requested the Court delay ruling on Avaya's Motion to Quash until Plaintiffs reviewed PRA's source code because review of it might have eliminated the need to review Avaya's source code. (ECF 823 at 1-2, 6-8; ECF 832 at 5.) This request was based on Plaintiffs' expectation that they would be granted leave to obtain additional discovery from PRA. As noted above and below, they did not because of the futility of it. (ECF 843.)

## III.   DISCUSSION

The Court first addresses Avaya's challenge under the 100-mile Rule. Although this is itself sufficient to grant the Motion to Quash, the Court also briefly addresses Avaya's additional arguments.

### A.   100-Mile Rule

Avaya argues Plaintiffs' subpoena is facially noncompliant with Rule 45(c)(2)'s 100-mile rule and must be quashed under Rule 45(d)(3). (ECF 816 at 16.) Avaya explains that the subpoena "demands production in San Diego, nearly 500 miles from where Avaya transacts business in Santa Clara, California." (ECF 816 at 16.)

Plaintiffs argue the 100-mile limitation is inapplicable because no travel is required for a personal appearance under Rule 45(d)(2)(A). (ECF 823 at 6.)[7] Plaintiffs assert that

---

declarations in support that demonstrate its efforts to receive notice of the subpoena and the errors that led to delay in receiving notice and the filing of this Motion. (ECF 832 at 5-9; ECF 832-1 (Suppl. Decl. of Neely K. Feivelson); ECF 832-2 (Decl. of Megan Mastracchio).) Based on that showing, the Court will not deny the Motion to Quash as untimely. The Court also notes that Plaintiffs' and Avaya's consent to delay enforcement of this subpoena indicates that any untimeliness was not prejudicial.

[7] Rule 45(d)(2)(A) indicates "a person commanded to produce . . . electronically stored information . . . need not appear in person at the place of production or inspection unless

"[t]he 100-mile limit applies to travel by a subpoenaed person" and "[t]he subpoena at issue has not demanded the witness 'to appear for a deposition, hearing, or trial.'" (ECF 823 at 6 (citing *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D. D.C. 2009) and *Kremen v. Cohen*, No. 12CV1145 JLS (DHB), 2012 WL 1669358, at *2 (S.D. Cal. May 11, 2012) (citing *Walker*, 667 F. Supp. 2d at 138).)  Plaintiffs argue the 100-mile limit is "inapplicable" because the production of electronically stored information (Avaya's source code) does not require a personal appearance. (*Id.*)  In short, Plaintiffs are essentially arguing that one section of Rule 45(d), Rule 45(d)(2), negates another, Rule 45(d)(3)(A), at least when travel over 100 miles is not required for a personal appearance.

The Court disagrees with Plaintiff's contention.  Rule 45(c)(2)(A) addresses the "Place of Compliance" for the production of documents and electronically stored information.  Fed. R. Civ. P. 45(c) (emphasis added).  On the other hand, Rule 45(d)(2) concerns when the personal appearance of one commanded to produce documents, electronically stored information, or tangible things is not required.  Section (d)(2) does not address the location of the documents to be produced.  In fact, the only crossover between Rule 45(c) and (d) is found under Rule 45(d)(3)(A)(ii), which addresses a motion to quash a subpoena.  Specifically, a subpoena must be quashed when it requires a person to comply beyond the geographical limits specified in Rule 45(c).  The only geographical limits regarding production of documents are under Rule 45(c)(2).  *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018)

---

also commanded to appear for a deposition, hearing, or trial." Under Rule 45(d)(3), the Court "must quash or modify a subpoena that . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Rule 45(c)(2) in turn provides that "[a] subpoena may command (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2)

1  (Rejecting reliance on *Walker* and finding "the current version of Rule 45 clearly requires
2  that the 'production of documents or electronically stored information' must be 'at a
3  place within 100 miles of where the person resides, is employed, or regularly transacts
4  business in person.'") (quoting Rule 45(c)(2)).  Section (c)(1)(A) concerns a subpoena
5  commanding a person to attend a trial, hearing or disposition, which is not the situation
6  presented.

7  Therefore, looking then to the language of Rule 45(d)(3)(A)(ii) and Rule 45(c)(2),
8  the subpoena must be quashed under Rule 45(d)(3)(A)(ii) because it requires compliance
9  "beyond the geographical limits specified in Rule 45(c)."   Specifically, it does not
10 comply with Rule 45(c)(2)(A), applicable to productions of electronically stored
11 information, because it requires production at a place that is not "within 100 miles of
12 where the person . . . regularly transacts business."  *See Black v. Wrigley*, No. 18-CV-
13 2367 GPC-BGS, 2019 WL 1877070, at *5 (S.D. Cal. Apr. 26, 2019) ("[T]he subpoena
14 was served upon Dain in San Diego, where he resides and works, and commanded
15 production in Milwaukee, more than 100 miles away.  Since Milwaukee is 'beyond the
16 geographical limits specified in Rule 45(c),' the subpoena must be quashed.") (quoting
17 Fed. R. Civ. P. 45(d)(3)(A)(ii)).

18 Additionally, anticipating Plaintiffs' argument that no person would be required to
19 travel to appear in person for the production, Avaya explains in its Motion that its source
20 code, the subject of the subpoena, is not located in San Diego or Santa Clara "and the
21 production of it would require Avaya representatives (whose locations are not yet known)
22 to appear in person and oversee any review."  (ECF 816 at 17.)  Avaya argues this makes
23 it highly likely that more than 100 miles of travel would be required.  (*Id.*)  As Avaya
24 notes in its Reply, Plaintiffs do not address this argument in their Opposition.  (ECF 832
25 at 13.)

26 Even if the Court accepted Plaintiffs' interpretation that Rule 45(d)(2) negates or
27 alters Rule 45(d)(3)'s requirement that the Court quash a subpoena that does not comply
28 with Rule 45(c)(2)'s 100-mile limit, that interpretation would not apply here.  Avaya

explicitly indicated in its Motion that a personal appearance is required and travel of more than 100 miles is highly likely. Plaintiffs did not dispute this or even address it in Opposition. In this respect, even if Plaintiffs' interpretation of Rule 45 was correct,[8] that interpretation would not apply here because Plaintiffs have not addressed Avaya's undisputed assertion that a personal appearance is required.

### B. Futility of Production of Non-party Avaya's Source Code

Avaya argues Plaintiffs' subpoena of Avaya's source code should be quashed because the production of the source code would be an exercise in futility. (ECF 816 at 2, 13-15; ECF 832 at 9-11.) Avaya relies primarily on the *Facebook* decision and three district court decisions following that decision that concluded that a dialer calling numbers from a pre-existing list cannot be a prohibited auto dialer. (ECF 816 at 13-15 and ECF 832 at 9-11 (citing *Barnett v. Bank of Am.*, 3:20-cv-272-RJC-DSC, 2021 WL 2187950, at *1-3 (W.D. N.C. May 28, 2021); *Hufnus v. DoNotPay, Inc.*, No. 20-CV-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021); *Timms v. USAA Fed. Sav. Bank*, No. 3:18-CV-01495-SAL, 2021 WL 2354931, at *7 (D.S.C. June 9, 2021).) Relying on *Barnett v. Bank of America*, Avaya argues its software, the software at issue here, has been found to not constitute a prohibited auto-dialer under the TCPA following the *Facebook* decision. (ECF 816 at 13-14 and ECF 832 at 11 (citing *Barnett*, 2021 WL

---

[8] Although the Court need not reach the issue further because Plaintiffs have not addressed Avaya's indication that this production would require a personal appearance and travel, the Court notes that before the 2013 Amendments to Rule 45, courts were required to quash a subpoena that "require[d] a person who is neither a party nor a party's officer *to travel more than 100 miles* from where that person resides, is employed, or regularly transacts business in person. Rule 45(c)(3)(ii) (Westlaw 2009) (emphasis added). This is likely why the two decisions Plaintiffs cite, both issued before the 2013 Amendments, focused on the lack of any need for travel for these productions. The current version does not address travel, instead stating that the subpoena may only "command . . . production of . . . electronically stored information . . . at a place within 100 miles of where the person . . . regularly transacts business in person." Rule 45(c)(2)(A).

2187950, at *1-3).)  Avaya also argues that under the holdings in *Timms* and *Hufnus*, when "the 'preproduced list' is itself not a product of a random or sequential number generator, there is no violation of the TCPA."  (ECF 832 at 10 (citing *Hufnus*, 2021 WL 2585488, at * 1 and *Timms*, 2021 WL 2354931).)  PRA raised almost identical challenges to Plaintiffs' request for additional discovery, including reliance on these two cases, among others.  (ECF 830 at 16-19; *see also* ECF 835, 837, and 841 (notices of supplemental authority).)

   Plaintiffs argue here, as they did before Judge Houston in their briefing on additional discovery from PRA, that the discovery sought is not futile because it would address whether the system *stores* telephone numbers using a random or sequential generator.  (ECF 823 at 3-5 (Plaintiffs' Opposition to Avaya's Motion to Quash ("Plaintiffs are investigating whether PRA's computerized calling system (featuring software components from PRANet, Avaya, and Asimut Technology) stores telephone numbers using a sequential number generator, and does it then dial those numbers."); ECF 834 at 1-4; ECF 834 at 1-4 (Plaintiffs' Reply in support of Renewed Application for Discovery); ECF 843 at 3-4 (Judge Houston's Order on Renewed Application for Discovery.)  Here, Plaintiffs do not cite any contrary cases to those relied on by Avaya, but, as they did before Judge Houston, attempt to distinguish *Barnett* as being based on evidence limitations specific to that case.  (ECF 823 at 3-4 (arguing decision was based on lack of motion to compel).)  Plaintiffs do not address *Timms* or *Hufnus* in Opposition, but emphasize the ability to "use[] a random or sequential number generator to *store* or produce telephone numbers," with the ability to store being an important distinction.  (ECF 823 at 4.)

   Here, the Court need not address this issue at any length because Judge Houston has addressed it in detail in concluding that Plaintiffs' theory under footnote 7 of the *Facebook* decision has been rejected and discovery based on that theory would be futile.  (ECF 843 at 7 ("The request to conduct discovery to support a rejected theory is futile.").)  Judge Houston's Order acknowledged Plaintiffs' basis for seeking discovery –

to "uncover whether Defendant's calling system *stores* telephone numbers using a random or sequential generator." (ECF 843 at 4 (emphasis added).) In denying Plaintiffs' request for additional discovery from PRA based on arguments almost identical to those raised by Plaintiffs and Avaya here, Judge Houston analyzed not only *Timms* and *Hufnus*, relied on by Avaya, but numerous additional district court decisions. (ECF 843 at 3-6 (discussing *Barry v. Ally Fin., Inc.*, 2021 WL 2936636 (E.D. Mich. July 13, 2021), *Borden*, 2021 WL 3602479, *Wilson*, 2021 WL 4865930, *Gross*, 2021 WL 4804464.) Judge Houston discussed those plaintiffs' reliance on similar footnote seven theories and those courts' rejection of them. (ECF 843 at 3-6.) The decision also noted Plaintiffs' allegation that their telephone numbers were obtained through skip tracing. (*Id.* at 7.) The decision finds discovery on this topic is futile because this and similar theories based on footnote seven have been rejected by numerous district courts. (*Id.*)

There is no reason before the Court to reach a different conclusion regarding discovery from non-party Avaya. If anything, the futility of the discovery sought weighs even more heavily against requiring production as to Avaya given they are a non-party and it is their proprietary source code that would be disclosed based on a rejected theory of liability. Plaintiffs seek discovery here on the same theory Judge Houston thoroughly analyzed and found had been soundly rejected. The discovery sought from Avaya would be futile for the same reasons and requiring production of futile discovery would impose and undue burden on non-party Avaya.

C. **Undue Burden and Alternative to Source Code**

Avaya argues the subpoena should also be quashed because Avaya has offered Plaintiffs alternative discovery to investigate how its calling system works, including an updated version of the manual and screenshots showing how it imports and stores calling lists. (ECF 816 at 15-16; ECF 832 at 11-12.) Avaya also points to the availability of the commercially available product itself and its object code that Plaintiffs could obtain themselves, or from PRA, that would allow them to investigate the functionality of the product. (ECF 816 at 15; ECF 832 at 12.) Relying on Rule 26(b)(2)(C)(i) and numerous

cases, Avaya argues it should not have to endure the burden of risking exposure of its valuable proprietary information (its source code), when Plaintiffs have these other ways to obtain the information sought.

Plaintiffs acknowledge the manuals and object code "may explain portions of what the software does, *e.g.* it imports lists from PRANet to the Avaya database, but [they argue] the object code and manuals do not explain 'how' the PRANet and Avaya software accomplish that task." (ECF 823 at 5.) Plaintiffs argues the manuals, screenshots, and object code from the product will not explain "'how' the software accomplishes the tasks shown in the manuals. (*Id.*)

Rule 26(b)(2)(C)(i) requires:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

Given the Court's conclusions above, the Court need not reach this issue because Rule 26(b)(2)(C) only applies to "discovery otherwise allowed." As discussed above, the discovery sought is not otherwise allowed because it violates Rule 45(c)(2) and is futile.

## IV. PROTECTIVE ORDER

The Court finds the parties' motions as to the appropriate source-code specific amendment to their existing Protective Order are **DENIED as moot**. (ECF 817 and 818.) Judge Houston has denied additional discovery for the production of PRA's source code. And, Plaintiffs' subpoena for Avaya's source code has been quashed. Accordingly, there is no need to amend the existing Protective Order to specifically address source code because no source code is being produced.

///
///
///

## V. CONCLUSION

Avaya's Motion to Quash is **GRANTED**. The parties' motions for amendment of the Protective Order are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: December 15, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge