UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md02295 JAH-BGS<br><br>Member cases:<br>    All member cases<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY [Doc. No. 858]** |

Plaintiffs seek a stay of this action pending the resolution of *Brickman v. Facebook, Inc.*, currently before the Ninth Circuit Court of Appeals. They contend the Ninth Circuit will resolve the issue of whether the definition of an automatic dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA") includes a system that stores numbers to be called using a random or sequential number generator. Plaintiffs disagree with this Court's interpretation of the Supreme Court's holding in *Facebook, Inc. v. Duguid*, 141 S.C.t 1163 (2021) that an ATDS must randomly generate the telephone numbers to be called. Plaintiffs maintain a stay will promote judicial economy, can avoid the Court rendering a decision on Defendant's motion summary judgment that may need to be revisited and will avoid substantial hardship to Plaintiffs in the form of inconsistent rulings and costly, potentially unnecessary litigation because Brickman's challenges to the

1

definition of an ATDS go to the heart of Plaintiffs' claims in this case. They contend they are able to show that the systems used by Defendant use a random or sequential number generator to store numbers and thus qualify as an ATDS, if the Ninth Circuit agrees with Brickman's arguments that an ATDS does not have to randomly generate the telephone numbers dialed. Additionally, Plaintiffs argue Defendant will suffer no harm from a stay given the class action was filed in 2010 and that the MDL was created in 2011 and the stay would be a short delay.

Defendant argues Plaintiffs' request is inefficient and untimely because it was filed just three (3) business days before their response to the motion for summary judgment was due, three (3) weeks after the motion was filed and two (2) weeks after the Court's order setting the briefing schedule on the motion and the briefing in the *Brickman* matter was completed on June 1, 2022. Defendant further argues the equities do not favor another stay of the action given the length of the lawsuit, the precedential effect of *Duguid* and the uncertain nature of the delay imposed by a stay based on *Brickman*. Defendant suggests this Court has the discretion, following the hearing on the motion for summary judgment, to take the matter under advisement and order supplemental briefing after *Brickman* if the Court finds Defendants' cited authority insufficiently persuasive. Additionally, Defendant argues the definition of an ATDS is settled, and *Brickman* will not provide guidance that this Court needs because it is highly unlikely to change the outcome of the summary judgment motion here.

A court has the inherent authority to stay an action pursuant to its power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936); *Levya v. Certified Growers, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). It may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863-64. When determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible

damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citing *Landis*, 299 U.S. at 254–55).

In its order denying Plaintiffs' application to reopen discovery, this Court rejected Plaintiffs' theory that the Supreme Court in *Duguid* determined a dialing system qualifies as an ATDS if it uses a random or sequential number generator to either store numbers or store the numbers in a list and call them, upon finding "[t]he definition of an autodialer does not concern systems that randomly or sequentially store and dial numbers from a list that is generated in a non-random and non-sequential way". Order at 6-7 (Doc. No. 843). Defendant's pending motion for summary judgment argues Plaintiffs' TCPA claims fail because Defendant's dialing systems do not have the capacity to randomly or sequentially generate phone numbers to call. In *Brickman*, the plaintiff argues the district court erred in dismissing his TCPA action which alleged the dialing system at issue uses a random or sequential number generator to store numbers in a sequential or random order and send a text in the sequential or random order determined by the number generator. Appellant's Opening Brief (Pla's Exh. 1). Similar to Plaintiffs here, Brickman does not allege the telephone numbers called are created by the defendant's equipment but are from a preproduced list. *See id*. As such, the *Brickman* action pending before the Ninth Circuit will address an issue currently before this Court.

The Court finds a stay of the action pending the Ninth Circuit's decision in *Brickman* will not result in undue prejudice to Defendant and will promote the orderly course of justice by simplifying issues. To avoid any unnecessary hardship to Defendant, the Court will not require Defendant to refile its pending motion for summary judgment which is fully briefed. The motion will be withdrawn without prejudice to permit Defendant to re-notice the motion with a new hearing date once the stay is lifted.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' motion to stay is **GRANTED**;

1      2. The action is stayed pending the Ninth Circuit's decision in *Brickman v. Facebook*;

3.     The parties shall notify the Court of the decision in *Brickman* **no later than two (2) weeks after the Ninth Circuit issues its decision**;

4.     Defendant's motion for summary judgment is **WITHDRAWN without prejudice**.

5.     The hearing set for Defendant's motion for summary judgment is **VACATED** to be rescheduled at a later date.

DATED:   August 8, 2022

                                            JOHN A. HOUSTON
                                            United States District Judge